No. 23-35518

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, ET AL.,

*Plaintiffs-Appellees,*

*v.*

RAÚL LABRADOR, ET AL.,

*Defendant-Appellant,*

On Appeal from the United States District Court
for the District of Idaho

No. 1:23-cv-00142-BLW
The Honorable B. Lynn Winmill

## EXCERPTS OF RECORD
### Volume 3 of 4

RAÚL R. LABRADOR
  *Attorney General*

Idaho Office of the Attorney General
700 W. Jefferson St.
Suite 210
Boise, ID 83720
(208) 334-2400
josh.turner@ag.idaho.gov
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov

THEODORE J. WOLD
  *Solicitor General*
LINCOLN DAVIS WILSON
  *Chief, Civil Litigation and
  Constitutional Defense*
JOSHUA N. TURNER
  *Deputy Solicitor General*
BRIAN V. CHURCH
  *Deputy Attorney General*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREATER NORTHWEST, on behalf of itself, its staff, physicians, and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendant Attorney General Raúl Labrador's emergency motion to stay pending appeal (Dkt. 155). Having thoroughly considered the parties briefing and the relevant record, the Court finds oral argument unnecessary.

**MEMORANDUM DECISION AND ORDER - 1**

For the reasons below, the Court will grant in part and deny in part Attorney General Labrador's motion to stay.

## BACKGROUND

On July 31, 2023, the Court partially granted the Plaintiffs' motion for a preliminary injunction and issued an order enjoining Attorney General Labrador, in his official capacity, from prosecuting medical providers for referring patients to legal out-of-state abortion services under Idaho's criminal abortion statute, Idaho Code § 18-622.[1] *See MDO*, Dkt. 153.  Per the parties' joint motion to continue (Dkt. 149), the Court also ordered the parties to submit litigation and discovery plans within 14 days. *See Id.*

The day after the issuance of the preliminary injunction, Attorney General Labrador appealed the Court's decision. *See Notice of Appeal*, Dkt. 154. The following day, the Attorney General filed this emergency motion to stay pending appeal and a motion to expedite his emergency motion. *See* Dkts. 155 and 156. Through his motion, the Attorney General requests that this Court stay "all proceedings and all other motions in this case pending appeal of the district court's July 31, 2023, Memorandum Decision and Order[.]" *See Def.'s Mtn.* at 2, Dkt. 155.

_____

[1] The plaintiffs in this case are Planned Parenthood Greater Northwest, Caitlin Gustafson, M.D., and Darin L. Weyhrich, M.D. (collectively the "Medical Providers").

The Medical Providers do not object to staying further proceedings in this case, including discovery, pending appeal. *See Plf.s' Resp.* at 3, Dkt 163. However, the Medical Providers condition their non-opposition on the premise that the preliminary injunction will remain in place during the stay and that the Court maintain the ability to rule on the pending motion to dismiss. *Id.*

## ANALYSIS

As a threshold matter, it is necessary to determine the scope of Attorney General Labrador's request for a stay pending appeal. In his motion, Attorney General Labrador requested a stay of "all proceedings and all other motions in this case pending appeal" *Def.'s Mtn.* at 2., Dkt. 155. Then, in his supporting memorandum, Attorney General Labrador states that he "now moves on an emergency basis to stay all proceedings pending appeal, including the Court's order to submit a litigation and discovery plan." *Def.'s Br.* at 1, Dkt. 155-1. Finally, in his reply, "the Attorney General maintains, for the reasons set forth in his motion to stay, that all proceedings—including the Court's preliminary injunction and further decisions on the pending motions to dismiss—should be stayed pending appeal." *Def.'s Reply* at 2, Dkt. 164. Although it is not entirely clear what exactly Attorney General Labrador seeks to stay – the enforcement of the preliminary injunction or just a stay of future proceedings (including discovery)

**MEMORANDUM DECISION AND ORDER - 3**

– the Court will address both requests.

### A.   Stay of the Preliminary Injunction.

Granting a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, (2009). In exercising its discretion, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). But "if the petition has not made a certain threshold showing regarding irreparable harm then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Doe v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (cleaned up) (internal citation omitted). The moving party bears the burden of showing that the circumstances justify an exercise of the court's discretion. *Nken*, 556 U.S. at 434.

The Attorney General first contends that he will suffer irreparable harm if a stay is not issued through the loss of his Eleventh Amendment Immunity. *See Def.'s Br.* at 2-3, Dkt. 155-1. That argument is unpersuasive.

While the Attorney General's cited authority—almost all of which is non-

binding—may offer some support to an argument that *proceedings* should be stayed where the issue on appeal relates to a party's potential sovereign immunity, it offers no such support for staying an *injunction order*. A review of the cited authority shows that those cases are primarily concerned with the harm caused by allowing discovery to continue while the issue of sovereign immunity is resolved on appeal. Importantly, none of those cases involve staying a preliminary injunction order or judgment.[2] Thus, Attorney General Labrador's proffered irreparable injury relates only to a stay of proceedings— in particular, discovery— not the enforcement of the preliminary injunction pending appeal.

More importantly, the harm caused to the Medical Providers by issuing a stay would outweigh any potential harm the Attorney General might face. The

---

[2] *See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) (The Court addressed whether "States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity[,]" and did not discuss a stay.); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1250 (11th Cir. 2004) (the issue was "[w]hether a party is entitled to a stay of all proceedings in the district court until resolution of an appeal from a denial of arbitration[.]"); *Goshtasby v. Bd. of Trustees of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) (No injunctive relief was granted and the stay the university was only seeking "to postpone discovery and other proceedings while the case was on appeal."); *Christian v. Commonwealth of the N. Mariana Islands*, No. 1:14-CV-00010, 2016 WL 406340, at *1 (D. N. Mar. I. Feb. 2, 2016) ("the defendants named in their official capacities [only sought] a stay of (1) all discovery with respect to the Commonwealth as to Causes of Action IV through XII of the Second Amended Complaint, and (2) all remaining proceedings in this case once non-expert discovery has been completed for the other parties.").

MEMORANDUM DECISION AND ORDER - 5

Court has already determined that the Medical Providers are likely to suffer irreparable harm in the absence of preliminary relief. *See MDO*, Dkt. 153. Staying that relief would, in turn, place the Medical Providers in the exact same position they were in before that determination, subjecting them to the same likelihood of harm. *See, e.g., Theorem, Inc. v. Citrusbyte, LLC*, No. CV 21-4660-GW-AGRX, 2022 WL 1314041, at *2 (C.D. Cal. Jan. 18, 2022)

In short, the Attorney General has neither suggested nor established that he will suffer irreparable harm absent a stay of the preliminary injunction order. *See Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (without a stay applicant's threshold show of irreparable harm, "a stay may not issue, regardless of the petitioner's proof regarding the other stay factors."). Accordingly, to the extent that Attorney General Labrador seeks to stay the preliminary injunction, the Court will deny his motion.

## 1.  Stay of Proceedings

Next, the Court must determine the appropriate scope of a stay that should be applied in this case.[3] Again, because the Medical Providers do not generally

---

[3] As discussed, the second condition of the Medical Providers' non-opposition was that this Court be allowed to issue a decision on the pending motion to dismiss while the proceedings are stayed.

MEMORANDUM DECISION AND ORDER - 6

oppose a stay pending appeal, including discovery, the only question before the Court is whether the stay should apply to "all other motions in this case," including the pending motion to dismiss. It shall.

Here, efficiency and judicial economy warrant a stay of all proceedings. As the Attorney General correctly noted, although there are unique issues regarding each defendant in this case, many of the jurisdictional questions overlap or are intertwined. As the Supreme Court has explained, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936).[4] Moreover, since most of the issues on appeal involve jurisdictional challenges, the Ninth Circuit's ruling will not only provide guidance on the legal issues in this case but may even be dispositive. Thus, the Court finds that the most efficient path forward is to stay all

---

[4] The Court recognizes that the *Landis* test is distinct from the *Nken* test. However, although neither party raised the issue, many district courts in this circuit have found the slightly broader *Landis* test applicable to a stay of proceedings where *Nken* should be applied to a request to stay an order or judgment, such as a preliminary injunction. *See Kuang v. United States Dept of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) ("a review of the case law suggests that district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs. Those courts have reasoned that the *Nken* test is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case, while *Landis* applies to the decision to stay *proceedings*, regardless of whether the stay is based on a direct appeal or an independent case.") (internal quotations and multiple citations omitted) (emphasis original).

MEMORANDUM DECISION AND ORDER - 7

proceedings, including any pending motions.

The Court recognizes that resolving the pending motion might offer the Medical Providers additional assurance that they will not be prosecuted for referring patients to legal out-of-state abortion services while the appeal is pending; however, the preliminary injunction issued against any effort by Attorney General Labrador to enforce his interpretation of Idaho Code § 18-622 should be sufficient to prevent such enforcement by a county prosecuting attorney during the appeals process. But, of course, there may be unique circumstances of which the Court is unaware which belie that assumption. For that reason, the Medical Providers may, at any point during the appeal, ask the Court to reconsider this aspect of its decision.

Accordingly, to the extent Attorney General Labrador seeks a stay of all proceedings, including discovery and the resolution of any pending matters, the Court will grant his motion.

## ORDER

**IT IS ORDERED that:**

1.    Defendant's Emergency Motion for Stay Pending Appeal (Dkt. 155) is **DENIED** as it relates to a request to stay the Court's preliminary injunction against Attorney General Labrador issued July 31, 2023 (Dkt. 153).

2.   Defendant's Emergency Motion for Stay Pending Appeal (Dkt. 155) is **GRANTED** as it pertains to all proceedings, including discovery and all other motions in this case, pending appeal.

DATED: August 15, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador
and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**EMERGENCY MOTION TO STAY PENDING APPEAL** |

Defendant Raúl Labrador, by and through undersigned counsel, hereby moves the Court for an Order staying all proceedings and all other motions in this case pending appeal of the district court's July 31, 2023, Memorandum Decision and Order, Dkt. 153, granting Plaintiff's motion for preliminary injunction against him.

DATED:  August 2, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:    /s/ Lincoln Davis Wilson
          LINCOLN DAVIS WILSON
          Chief, Civil Litigation and
          Constitutional Defense
          BRIAN V. CHURCH
          TIMOTHY LONGFIELD
          Deputy Attorneys General

*Attorneys for Defendant-Appellant Attorney General Raúl Labrador*

EMERGENCY MOTION TO STAY PENDING APPEAL – 1

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

 /s/ Lincoln Davis Wilson 
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY PENDING APPEAL** |

## INTRODUCTION

Two days ago, the Court granted a preliminary injunction against the Attorney General and ordered the parties to submit a litigation and discovery plan within 14 days. Dkt. 153. Yesterday, the Attorney General appealed this Court's order. Dkt. 154. So in light of the imminent deadlines set by the Court, the Attorney General now moves on an emergency basis to stay all proceedings pending appeal, including the Court's order to submit a litigation and discovery plan.

*First*, the Attorney General will experience irreparable harm absent a stay. Subjecting the Attorney General to discovery and further litigation will irretrievably strip away his sovereign interest in being free from such proceedings. This interest is so important that courts have held that it alone requires a stay.

*Second*, the Attorney General is likely to succeed on the merits of his appeal challenging the Court's jurisdiction to enter an injunction. The Attorney General continues to maintain for the reasons stated in prior briefing that no justiciable controversy exists. Although the Court has ruled otherwise, the fact that it has deferred ruling as to the County Prosecutors shows clearly the serious questions regarding jurisdiction in this case. Those questions, among others, warrant a stay.

*Third*, the balance of the harms and public interest favor a stay. Because the Attorney General has disclaimed the prosecutorial authority that the Court has enjoined, *see* Formal AG Opinion 23-1 (Dkt. 106-1), Plaintiffs will not be harmed by a stay. And it is in the public interest that federal courts not issue advisory opinions.

The Court should therefore grant a stay of proceedings pending appeal.

ARGUMENT

## I. A stay is required to prevent irreparable harm.

Without a stay, the Attorney General would suffer irreparable harm through the loss of his Eleventh Amendment immunity.  This is so because "[t]he defense of sovereign … immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); *Goshtasby v. Bd. of Tr. of Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997).  Yet "the value to the States of their Eleventh Amendment immunity … is for the most part lost as litigation proceeds past motion practice." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 145 (1993).  That is why federal practice provides state officials "with swift access to appellate review" to avoid "the costs and general consequences of subjecting public officials to the risks of discovery and trial." *Summit Med. Assocs. v. James*, 998 F. Supp. 1339 (M.D. Ala. 1998).  But if the Court were to require the Attorney General "to continue discovery," he "would irretrievably lose the benefit of [his] immunity." *Christian v. Commonwealth of the N. Mariana Islands*, No. 1:14-CV-00010, 2016 WL 406340, at *2 (D. N. Mar. I. 2016).

This irreparable harm to the Attorney General requires a stay here.  In fact, the right to "immediately appeal any order denying such immunity" is so important that asserting it "'divests the district court of jurisdiction to proceed with trial.'" *Id.* (quoting *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).  The Attorney General has important arguments to raise here concerning his Eleventh Amendment

immunity and the Court's attendant lack of jurisdiction.  As he has explained in prior briefing, *see* Dkt. 106 at 2; Dkt. 107 at 6; Dkt. 127-1 at 6; Dkt. 128 at 6; Dkt. 147 at 3, he has issued an official opinion that he lacks any authority to enforce Idaho Code § 18-622 "unless a county prosecutor specifically so requests and an appointment is made by the district court under Idaho Code § 31-2603."  Dkt. 106-1 at 4.  Since no such request or appointment has occurred, the Attorney General lacks prosecutorial authority and is not a proper defendant under *Ex parte Young*.  *See* Dkt. 42 at 8; Dkt. 85 at 2–3.

These serious and evolving questions of the Attorney General's enforcement authority have direct bearing on his sovereign immunity.  Notably, the legislature's recent decision to not give the Attorney General enforcement authority over the statute at issue here "reinforce[s] the inapplicability of *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004)."  Dkt. 85 at 3.  Among other things, *Wasden* concerned a challenge to the law itself—not, as here, a challenge to a rescinded interpretation by the Attorney General.  And even if *Wasden* did apply, courts have held a stay warranted in light of the possibility that "the Ninth Circuit should reconsider its precedent" and hold the Attorney General "possesses sovereign immunity," which would mean he would "immediately be dismissed from this suit."  *Christian*, 2016 WL 406340, at *2.  The Attorney General's right to protect that immunity on appeal demands a stay.

## II.  The Attorney General is likely to succeed on his appeal.

The Attorney General is likely to prevail on his contention that the Court lacks Article III jurisdiction over this matter.  As the Court is aware, the Attorney General did not defend the Crane Letter on the merits, having rescinded it, and instead defended the action entirely on jurisdictional grounds.  The appeal will thus turn solely on the question of jurisdiction, and the Attorney General's arguments are likely to be dispositive on appeal.  The Attorney General addresses only a few of them here.

*First*, the Attorney General is likely to prevail on his arguments that Plaintiffs lack Article III standing.  Critically, under Idaho law, criminal prosecutorial authority—including for section 18-622—begins with county prosecutors and may only then be referred out to the Attorney General through a court appointment.  *See* Dkt. 106-1 at 4; *State v. Summer,* 139 Idaho 219, 224, 76 P.3d 963, 968 (2003); *Newman v. Lance*, 129 Idaho 98, 922 P.2d 395 (1996).  Thus, any attempt to show standing as to the Attorney General over the Crane Letter would require the Court to connect that letter to the county prosecutors.  *See* Dkt. 42 at 16–18.  Plaintiffs made no attempt to show that connection, and the county prosecutors' declarations in their motion to dismiss conclusively refute any such link.  Yet the Court decided to defer consideration of the jurisdictional problems raised by those papers and to proceed with deciding the merits.  Dkt. 153 at 17.  The Attorney General has strong arguments that putting those jurisdictional questions aside to rule on the merits is inconsistent with the Court's "independent obligation to determine whether subject-matter jurisdiction exists[.]"  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted).

*Second*, the Attorney General is likely to prevail on his arguments that the Court misapplied the Ninth Circuit's "disavowal" jurisprudence. Those cases do not apply here because they concern situations where operative state law prohibits the plaintiff's conduct, such that "the government's failure to disavow enforcement" weighs in favor of standing. *Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022); *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021). They do not apply here, where Plaintiffs contend that the law as written allows their conduct. *See* Dkt. 1 ¶ 40; Dkt. 2-1 at 4–5. Nor does the law hold that a disavowal for reasons that are "procedural—not substantive" is insufficient. Dkt. 153 at 38. The disavowal cases require disavowal of enforcement, not a disavowal of the law itself. *Tingley*, 47 F.4th at 1068. If the defendant has no position on a question, then there is no case or controversy—nothing requires the defendant to go further and to take the same position as the plaintiff.

*Third*, even accepting the Court's analysis, there is no jurisdiction under the standard the Court announced for itself at the end of its order:

> [I]t would not have been particularly difficult for the State to definitively establish that no case or controversy exists. That is, all it would have taken is for Attorney General Labrador to … make an affirmative statement that he, or his office, will not enforce Idaho's criminal abortion statute in such a manner.

Dkt. 153 at 54–55. The Attorney General did exactly that, repeatedly. He rescinded the Crane Letter, *see* Withdrawal Letter (Dkt. 42-4), and stated directly to the Court that this "opinion that does not state the attorney General's opinion on any question of Idaho law and is void and withdrawn … ***is not an opinion that is being enforced***." Tr. at 45–46 (Apr. 24, 2023) (emphasis added). He emphasized that he

"neither holds nor defends" the interpretation of the Crane Letter.  Dkt. 107 at 1; Dkt. 85 at 10.  The Attorney General has made clear that he has not enforced the interpretation of the Crane letter, is not enforcing it, and will not enforce it.

The Attorney General went even further than these statements of intent by disclaiming that he *can* enforce the interpretation of the Crane Letter.  He explained in a formal legal opinion that he has no enforcement authority over this statute "unless a county prosecutor specifically so requests and an appointment is made by the district court under Idaho Code § 31-2603."  Dkt. 106-1 at 4.  Plaintiffs do not allege that either of those things has happened here, so by his own admission, the Attorney General has no enforcement authority.  Nor does the Attorney General have "formal power to refer *anything* to county prosecutors, who are elected officials with different constituencies that do not answer to the Attorney General."  Dkt. 107 at 6.  And while having no enforcement authority necessarily means having no intent to enforce, even if a case were referred to him by a county prosecutor, the Attorney General does not defend the theory of the Crane Letter and it is not being enforced.  Tr. at 45–46 (Apr. 24, 2023); Dkt. 107 at 1; Dkt. 85 at 10.  Put simply, the Attorney General has shown that he does not intend to bring any prosecution consistent with the theory of the Crane Letter.

Thus, even if the Ninth Circuit were to accept this Court's interpretation of the law, the Attorney General would have "definitively establish[ed]" that "no case or controversy exists."  Dkt. 153 at 54–55.  He is likely to prevail.

### III.  The balance of harms and the public interest favor a stay.

Finally, the Court should find that the balance of harms and public interest also support a stay.  For the reasons above, there is no prejudice to Plaintiffs from a stay, since the Attorney General has made clear that the Crane Letter "is not an opinion that is being enforced," Tr. at 45–46, that he "neither holds nor defends" its interpretation, Dkt. 107 at 1, and that he lacks authority to enforce the statute at issue. Dkt. 106-1 at 4.  They suffer no harm from a withdrawn interpretation that is not and cannot be enforced.  Plaintiffs plainly do not feel threatened by the Crane Letter—even before the Court's order, Planned Parenthood started a campaign through six billboards around the Treasure Valley referring people to other states where they can obtain an abortion.[1]

In addition, it is in the public interest to ensure that federal courts do not issue advisory opinions.  Rather, federal jurisdiction is limited to cases where the defendant takes and defends a position opposing the plaintiff.  The absence of any such controversy here shows that a stay of such a proceeding pending appeal is warranted.

---

[1] *See* Andrew Baertlein, *Planned Parenthood billboards will direct Idahoans to out-of-state abortion care*, KTVB7 (July 25, 2023, 7:47 PM MDT), https://ti-nyurl.com/mmn97ta7.

## CONCLUSION

The Court should stay all proceedings pending appeal.

DATED:  August 2, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   <u>    /s/ Lincoln Davis Wilson    </u>
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendant-Appellant Attorney
General Raúl Labrador*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

<u>  /s/ Lincoln Davis Wilson  </u>
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador
and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANTS' SEVENTH NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** |

The undersigned Defendants submit the attached declarations of county prosecutors in connection with the Court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ex parte McCardle*, 7 Wall. 506, 514 (1868). These declarations further show, consistent with the arguments in Defendants' briefing,[1] that this action does not present a justiciable Article III controversy.

These declarations have been executed by the following county prosecutor: Stanley T. Mortensen, Kootenai County. The undersigned Defendants anticipate submitting further supplemental declarations under separate cover as they become available.

//

//

---

[1] *See, e.g.*, Dkt. 42 at 4 ("[T]he Crane Letter was not law enforcement guidance sent out publicly to local prosecutors … nor was it ever published by the Office of the Attorney General.") (quotation omitted); Dkt. 42 at 18 ("Plaintiffs do not allege that the Attorney General sent the letter to anyone else, much less to the county prosecutors or the state licensing boards, each of which act independent of the Attorney General."); Dkt. 85 at 5 ("They do not contend that any of the 44 county prosecutors they sued have threatened them or anyone else under the Crane Letter theory."); Dkt. 107 at 1 ("[T]he officials who *have* prosecutorial authority have said and done nothing."); *id.* at 6 ("[N]o county prosecutor or state licensing board has taken any action or expressed any position about the theory of prosecution in the Crane Letter. Nor do Plaintiffs allege otherwise."); *id.* at 8 & n.4 ("Plaintiffs have not shown any relevant action by county prosecutors anywhere, but it is even more troubling for prosecutors in the 41 other c§ounties" where Plaintiffs have no facilities).

DATED:  June 2, 2023.

STATE OF IDAHO<br>OFFICE OF THE ATTORNEY GENERAL

By*:*    */s/ Lincoln Davis Wilson*

LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendants Attorney General
Raúl Labrador and Certain County Prosecut-
ing Attorneys*[2]

---

[2] Jan Bennetts, Ada County; Chris Boyd, Adams County; Stephen Herzog, Bannock County; Adam McKenzie, Bear Lake County; Mariah Dunham, Benewah County; Matt Fredback, Blaine County; Paul Rogers, Bingham County; Matt Fredback, Blaine County Prosecutor; Alex Gross, Boise County; Louis Marshall, Bonner County; Randy Neal, Bonneville County; Andrakay Pluid, Boundary County; Steve Stephens, Butte County; Jim Thomas, Camas County; Bryan Taylor, Canyon County; S. Douglas Wood, Caribou County; McCord Larsen, Cassia County; Janna Birch, Clark County; E. Clayne, Clearwater County; Vic Pearson, Franklin County; Lindsay Blake, Fremont County; Erick Thomson, Gem County; Trevor Misseldine, Gooding County; Kirk MacGregor, Idaho County; Mark Taylor, Jefferson County; Brad Calbo, Jerome County; Stanley Mortensen, Kootenai County; Bill Thompson, Latah County; Bruce Withers, Lemhi County; Zachary Pall, Lewis County; Rob Wood, Madison County; Lance Stevenson, Minidoka County; Justin Coleman, Nez Perce; Cody Brower, Oneida County; Chris Topmiller, Owyhee County; Mike Duke, Payette County; Benjamin Allen, Shoshone County; Bailey Smith, Teton Valley County; Grant Loebs, Twin Falls County; Brian Naugle, Valley County; and Delton Walker, Washington County.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

<u>      */s/ Lincoln Davis Wilson*      </u>
LINCOLN DAVIS WILSON
Chief, Civil Litigation and Constitu-
tional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>                    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>                    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF STANLEY T. MORTENSEN** |

I, Stanley T. Mortensen, hereby declare and state as follows:

1.     I am the prosecuting attorney for Kootenai County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, to my knowledge, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 2, 2023

_____
Stanley T. Mortensen

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador;
and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00142-BLW <br><br> **BUTTE COUNTY PROSECUTOR DEFENDANT'S JOINDER IN MOTION TO DISMISS (Dkt. 127)** |

Defendant, County Prosecuting Attorney Steve Stephens, Butte County, hereby joins in the motion to dismiss by certain county prosecutors under Rule 12(b)(1) and Rule 12(b)(6). Dkt. 127.

DATED:  May 25, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:   /s/ *Lincoln Davis Wilson*
               LINCOLN DAVIS WILSON
               Chief, Civil Litigation and
               Constitutional Defense
               BRIAN V. CHURCH
               TIMOTHY LONGFIELD
               Deputy Attorneys General

               *Attorneys for Defendants Attorney General Raúl Labrador and Certain County Prosecuting Attorneys*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

  /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANTS' SIXTH NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** |

The undersigned Defendants submit the attached declarations of county prosecutors in connection with the Court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ex parte McCardle*, 7 Wall. 506, 514 (1868). These declarations further show, consistent with the arguments in Defendants' briefing,[1] that this action does not present a justiciable Article III controversy.

These declarations have been executed by the following county prosecutors: S. Douglas Wood, Caribou County; Zachary Pall, Lewis County; and Delton Walker, Washington County. The undersigned Defendants anticipate submitting further supplemental declarations under separate cover as they become available.

//

//

---

[1] *See, e.g.*, Dkt. 42 at 4 ("[T]he Crane Letter was not law enforcement guidance sent out publicly to local prosecutors … nor was it ever published by the Office of the Attorney General.") (quotation omitted); Dkt. 42 at 18 ("Plaintiffs do not allege that the Attorney General sent the letter to anyone else, much less to the county prosecutors or the state licensing boards, each of which act independent of the Attorney General."); Dkt. 85 at 5 ("They do not contend that any of the 44 county prosecutors they sued have threatened them or anyone else under the Crane Letter theory."); Dkt. 107 at 1 ("[T]he officials who *have* prosecutorial authority have said and done nothing."); *id.* at 6 ("[N]o county prosecutor or state licensing board has taken any action or expressed any position about the theory of prosecution in the Crane Letter. Nor do Plaintiffs allege otherwise."); *id.* at 8 & n.4 ("Plaintiffs have not shown any relevant action by county prosecutors anywhere, but it is even more troubling for prosecutors in the 41 other c§ounties" where Plaintiffs have no facilities).

DATED:  May 12, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By*:*   */s/ Lincoln Davis Wilson*
    LINCOLN DAVIS WILSON
    Chief, Civil Litigation and
    Constitutional Defense
    BRIAN V. CHURCH
    TIMOTHY LONGFIELD
    Deputy Attorneys General

    *Attorneys for Defendants Attorney General*
    *Raúl Labrador and Certain County Prosecut-*
    *ing Attorneys[2]*

---

[2] Jan Bennetts, Ada County; Chris Boyd, Adams County; Stephen Herzog, Bannock County; Adam McKenzie, Bear Lake County; Mariah Dunham, Benewah County; Matt Fredback, Blaine County; Paul Rogers, Bingham County; Matt Fredback, Blaine County Prosecutor; Alex Gross, Boise County; Louis Marshall, Bonner County; Randy Neal, Bonneville County; Andrakay Pluid, Boundary County; Jim Thomas, Camas County; Bryan Taylor, Canyon County; S. Douglas Wood, Caribou County; McCord Larsen, Cassia County; Janna Birch, Clark County; E. Clayne, Clearwater County; Vic Pearson, Franklin County; Lindsay Blake, Fremont County; Erick Thomson, Gem County; Trevor Misseldine, Gooding County; Kirk MacGregor, Idaho County; Mark Taylor, Jefferson County; Brad Calbo, Jerome County; Stanley Mortensen, Kootenai County; Bill Thompson, Latah County; Bruce Withers, Lemhi County; Zachary Pall, Lewis County; Rob Wood, Madison County; Lance Stevenson, Minidoka County; Justin Coleman, Nez Perce; Cody Brower, Oneida County; Chris Topmiller, Owyhee County; Mike Duke, Payette County; Benjamin Allen, Shoshone County; Bailey Smith, Teton Valley County; Grant Loebs, Twin Falls County; Brian Naugle, Valley County; and Delton Walker, Washington County.

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.


          */s/ Lincoln Davis Wilson*
          LINCOLN DAVIS WILSON
          Chief, Civil Litigation and Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW **DECLARATION OF ZACHARY PALL** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, ZACHARY PALL, hereby declare and state as follows:

1.     I am the Prosecuting Attorney for Lewis County, Idaho, and am named as a Defendant in this action.

2.     I never received, directly or indirectly, the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter") at any point prior to this litigation.

3.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

4.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

5.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

6.     This is equally true with respect to any prosecution under Idaho Code § 18-622.

7.     The Attorney General has no supervisory authority over my work as a prosecutor nor the power to direct me to initiate any prosecution.

8.     There has been no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

9.     None of the Plaintiffs in this action have facilities in my county.

Zachary Pall Declaration – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023

Zachary Pall

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>     Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>     Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF S. DOUGLAS WOOD** |

I, S. Douglas Wood, hereby declare and state as follows:

1.      I am the prosecuting attorney for Caribou County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter"), and I have never read the letter.

3.      I received that letter only in connection with this litigation, but have not read the letter.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     Caribou County is a small, rural area, and I do not believe the Plaintiffs in this action have facilities in my county.

S. Douglas Wood Declaration – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 11, 2023

_____
S. Douglas Wood

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>      Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>      Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF DELTON WALKER** |

I, DELTON WALKER, hereby declare and state as follows:

1.      I am the prosecuting attorney for WASHINGTON County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.      In fact, none of the Plaintiffs in this action have facilities in my county.

Declaration of Delton Walker – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 11, 2023.

_____

DELTON WALKER

Declaration of Delton Walker – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT
## COURT DISTRICT OF IDAHO

|  |  |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**MOTION TO DISMISS BY DEFENDANT JASON MACKRILL** |

Defendant Jason Mackrill, Power County Prosecuting Attorney, hereby moves the Court to dismiss Plaintiffs' Complaint, Dkt. 1, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In support of this motion, Mr. Mackrill hereby incorporates by reference the prior briefing submitted by Defendants in this matter, *see* Dkts. 42, 85, 107, 127, and proffers the attached Declaration.

DATED:  May 9, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By*:*   */s/ Lincoln Davis Wilson*
        LINCOLN DAVIS WILSON
        Chief, Civil Litigation and
        Constitutional Defense
        BRIAN V. CHURCH
        TIMOTHY LONGFIELD
        Deputy Attorneys General

*Attorneys for Defendant Jason Mackrill*

MOTION TO DISMISS – 2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record.

<u>/s/ *Lincoln Davis Wilson*</u>
LINCOLN DAVIS WILSON
Chief, Civil Litigation and Constitutional Defense

MOTION TO DISMISS – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physi-cians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, <br><br> Plaintiffs, <br><br> v. <br><br> RAÚL LABRADOR, in his capacity as the At-torney General of the State of Idaho; MEM-BERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, <br><br> Defendants. | Case No. 1:23-cv-00142-BLW <br><br> **DECLARATION OF JASON E. MACKRILL** |

I, JASON E. MACKRILL, hereby declare and state as follows:

1.     I am the Prosecuting Attorney for Power County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023

_____
JASON E. MACKRILL

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador
and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>   Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANTS' FIFTH NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** |

The undersigned Defendants submit the attached declarations of county prosecutors in connection with the Court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ex parte McCardle*, 7 Wall. 506, 514 (1868).  These declarations further show, consistent with the arguments in Defendants' briefing,[1] that this action does not present a justiciable Article III controversy.

These declarations have been executed by the following county prosecutors: Jim Thomas, Camas County; Trevor Misseldine, Gooding County; Paul Rogers, Bingham County; Lindsey Blake, Fremont County; Mike Duke, Payette County; and Chris Topmiller, Owyhee County.  The undersigned Defendants anticipate submitting further supplemental declarations under separate cover as they become available.

//

//

---

[1] *See, e.g.*, Dkt. 42 at 4 ("[T]he Crane Letter was not law enforcement guidance sent out publicly to local prosecutors … nor was it ever published by the Office of the Attorney General.") (quotation omitted); Dkt. 42 at 18 ("Plaintiffs do not allege that the Attorney General sent the letter to anyone else, much less to the county prosecutors or the state licensing boards, each of which act independent of the Attorney General."); Dkt. 85 at 5 ("They do not contend that any of the 44 county prosecutors they sued have threatened them or anyone else under the Crane Letter theory."); Dkt. 107 at 1 ("[T]he officials who *have* prosecutorial authority have said and done nothing."); *id.* at 6 ("[N]o county prosecutor or state licensing board has taken any action or expressed any position about the theory of prosecution in the Crane Letter. Nor do Plaintiffs allege otherwise."); *id.* at 8 & n.4 ("Plaintiffs have not shown any relevant action by county prosecutors anywhere, but it is even more troubling for prosecutors in the 41 other c§ounties" where Plaintiffs have no facilities).

DATED: May 9, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By: /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendants Attorney General
Raúl Labrador and Certain County Prosecut-
ing Attorneys*[2]

---

[2] Jan Bennetts, Ada County; Chris Boyd, Adams County; Stephen Herzog, Bannock County; Adam McKenzie, Bear Lake County; Mariah Dunham, Benewah County; Matt Fredback, Blaine County; Paul Rogers, Bingham County; Matt Fredback, Blaine County Prosecutor; Alex Gross, Boise County; Louis Marshall, Bonner County; Randy Neal, Bonneville County; Andrakay Pluid, Boundary County; Jim Thomas, Camas County; Bryan Taylor, Canyon County; S. Douglas Wood, Caribou County; McCord Larsen, Cassia County; Janna Birch, Clark County; E. Clayne, Clearwater County; Vic Pearson, Franklin County; Lindsay Blake, Fremont County; Erick Thomson, Gem County; Trevor Misseldine, Gooding County; Kirk MacGregor, Idaho County; Mark Taylor, Jefferson County; Brad Calbo, Jerome County; Stanley Mortensen, Kootenai County; Bill Thompson, Latah County; Bruce Withers, Lemhi County; Zachary Pall, Lewis County; Rob Wood, Madison County; Lance Stevenson, Minidoka County; Justin Coleman, Nez Perce; Cody Brower, Oneida County; Chris Topmiller, Owyhee County; Mike Duke, Payette County; Benjamin Allen, Shoshone County; Bailey Smith, Teton Valley County; Grant Loebs, Twin Falls County; Brian Naugle, Valley County; and Delton Walker, Washington County.

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.


       */s/ Lincoln Davis Wilson*
       LINCOLN DAVIS WILSON
       Chief, Civil Litigation and Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW |
| | **DECLARATION OF CHRIS TOPMILLER** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, CHRIS TOPMILLER, hereby declare and state as follows:

1.     I am the prosecuting attorney for Owyhee County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.    In fact, none of the Plaintiffs in this action have facilities in my county.

Declaration of Chris Topmiller – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9th, 2023

_____

Chris Topmiller

Declaration of Chris Topmiller – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW  **DECLARATION OF MICHAEL DUKE** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, MICHAEL DUKE, hereby declare and state as follows:

1.      I am the prosecuting attorney for Payette County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

Declaration of Michael Duke – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9th, 2023

Michael Duke
Payette County Prosecutor

Declaration of Michael Duke – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF LINDSEY A. BLAKE** |

I, Lindsey A. Blake, hereby declare and state as follows:

1.      I am the prosecuting attorney for Fremont County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

Declaration of Lindsey Blake – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023

Lindsey A. Blake
Fremont County Prosecuting Attorney

Declaration of Lindsey Blake – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF PAUL ROGERS** |

I, Paul Rogers,  hereby declare and state as follows:

1.     I am the prosecuting attorney for Bingham County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     None of the Plaintiffs in this action have facilities in my county.

Declaration of Paul Rogers – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023

_____
Paul Rogers

Declaration of Paul Rogers – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF TREVOR MISSELDINE** |

I, Trevor Misseldine hereby declare and state as follows:

1.     I am the prosecuting attorney for Gooding County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Rep. Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under I.C. § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023.

Trevor Misseldine

Declaration of Trevor Misseldine – 2

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, <br><br> Plaintiffs, <br><br> v. <br><br> RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, <br><br> Defendants. | Case No. 1:23-cv-00142-BLW <br><br> **DECLARATION OF JIMMY THOMAS, ISBN 4415** |

I, Jimmy Thomas hereby declare and state as follows:

1.      I am the prosecuting attorney for Camas County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

Declaration of Jimmy Thomas – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023

_____
Jimmy Thomas, ISBN 4415

Declaration of Jimmy Thomas – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador
and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANTS' FOURTH NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** |

The undersigned Defendants submit the attached declarations of county prosecutors in connection with the Court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ex parte McCardle*, 7 Wall. 506, 514 (1868). These declarations further show, consistent with the arguments in Defendants' briefing,[1] that this action does not present a justiciable Article III controversy.

These declarations have been executed by the following county prosecutors: E. Clayne Tyler, Clearwater County; and Rob Wood, Madison County. The undersigned Defendants anticipate submitting further supplemental declarations under separate cover as they become available.

//

//

//

---

[1] *See, e.g.*, Dkt. 42 at 4 ("[T]he Crane Letter was not law enforcement guidance sent out publicly to local prosecutors … nor was it ever published by the Office of the Attorney General.") (quotation omitted); Dkt. 42 at 18 ("Plaintiffs do not allege that the Attorney General sent the letter to anyone else, much less to the county prosecutors or the state licensing boards, each of which act independent of the Attorney General."); Dkt. 85 at 5 ("They do not contend that any of the 44 county prosecutors they sued have threatened them or anyone else under the Crane Letter theory."); Dkt. 107 at 1 ("[T]he officials who *have* prosecutorial authority have said and done nothing."); *id.* at 6 ("[N]o county prosecutor or state licensing board has taken any action or expressed any position about the theory of prosecution in the Crane Letter. Nor do Plaintiffs allege otherwise."); *id.* at 8 & n.4 ("Plaintiffs have not shown any relevant action by county prosecutors anywhere, but it is even more troubling for prosecutors in the 41 other c§ounties" where Plaintiffs have no facilities).

DEFENDANTS' FOURTH NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION – 2

DATED:  May 8, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:    */s/ Lincoln Davis Wilson*
           LINCOLN DAVIS WILSON
           Chief, Civil Litigation and
           Constitutional Defense
           BRIAN V. CHURCH
           TIMOTHY LONGFIELD
           Deputy Attorneys General

           *Attorneys for Defendants Attorney General*
           *Raúl Labrador and Certain County Prosecut-*
           *ing Attorneys[2]*

---

[2] Jan Bennetts, Ada County; Chris Boyd, Adams County; Stephen Herzog, Bannock County; Adam McKenzie, Bear Lake County; Mariah Dunham, Benewah County; Matt Fredback, Blaine County; Paul Rogers, Bingham County; Matt Fredback, Blaine County Prosecutor; Alex Gross, Boise County; Louis Marshall, Bonner County; Randy Neal, Bonneville County; Andrakay Pluid, Boundary County; Jim Thomas, Camas County; Bryan Taylor, Canyon County; S. Douglas Wood, Caribou County; McCord Larsen, Cassia County; Janna Birch, Clark County; E. Clayne, Clearwater County; Vic Pearson, Franklin County; Lindsay Blake, Fremont County; Erick Thomson, Gem County; Trevor Misseldine, Gooding County; Kirk MacGregor, Idaho County; Mark Taylor, Jefferson County; Brad Calbo, Jerome County; Stanley Mortensen, Kootenai County; Bill Thompson, Latah County; Bruce Withers, Lemhi County; Zachary Pall, Lewis County; Rob Wood, Madison County; Lance Stevenson, Minidoka County; Justin Coleman, Nez Perce; Cody Brower, Oneida County; Chris Topmiller, Owyhee County; Mike Duke, Payette County; Benjamin Allen, Shoshone County; Bailey Smith, Teton Valley County; Grant Loebs, Twin Falls County; Brian Naugle, Valley County; and Delton Walker, Washington County.

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.


            */s/ Lincoln Davis Wilson*

            LINCOLN DAVIS WILSON
            Chief, Civil Litigation and Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

PLANNED PARENTHOOD GREAT NORTH-
WEST, HAWAII, ALASKA, INDIANA, KEN-
TUCKY, on behalf of itself, its staff, physi-
cians and patients, CAITLIN GUSTAFSON,
M.D., on behalf of herself and her patients,
and DARIN L. WEYHRICH, M.D., on behalf
of himself and his patients,

       Plaintiffs,

v.

RAÚL LABRADOR, in his capacity as the At-
torney General of the State of Idaho; MEM-
BERS OF THE IDAHO STATE BOARD OF
MEDICINE and IDAHO STATE BOARD OF
NURSING, in their official capacities,
COUNTY PROSECUTING ATTORNEYS, in
their official capacities,

       Defendants.

Case No. 1:23-cv-00142-BLW

**DECLARATION OF E.
CLAYNE TYLER**

I, E. Clayne Tyler, hereby declare and state as follows:

1.      I am the prosecuting attorney for Clearwater County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

Declaration of E. Clayne Tyler – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 8th, 2023

E. Clayne Tyler
Clearwater County Prosecuting Attorney

Declaration of E. Clayne Tyler – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF ROBERT WOOD** |

I, Robert Wood hereby declare and state as follows:

1.      I am the prosecuting attorney for Madison County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     None of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2023.

Declaration of Robert Wood – 2

/s/ Robert th Wood
Robert Wood

Declaration of Robert Wood – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador;*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>       Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**CERTAIN COUNTY PROSECUTOR DEFENDANTS' JOINDER IN MOTION TO DISMISS (Dkt. 127)** |

Defendants, County Prosecuting Attorneys Jan Bennetts, Ada County; Chris

Boyd, Adams County; Stephen Herzog, Bannock County; Mariah Dunham, Benewah

County; Paul Rogers, Bingham County; Alex Gross, Boise County; Louis Marshall,

Bonner County; Randy Neal, Bonneville County; Andrakay Pluid, Boundary County; Jim Thomas, Camas County; McCord Larsen, Cassia County; Janna Birch, Clark County; E. Clayne Tyler, Clearwater County; Lindsey Blake, Fremont County Prosecutor; Trevor Misseldine, Gooding County; Kirk MacGregor, Idaho County Prosecutor; Mark Taylor, Jefferson County; Brad Calbo, Jerome County Prosecutor; Stanley Mortensen, Kootenai County Prosecutor; Bill Thompson, Latah County Prosecutor; Bruce Withers, Lemhi County Prosecutor; Zachary Pall, Lewis County Prosecutor; Rob Wood, Madison County; Lance Stevenson, Minidoka County; Cody Brower, Oneida County; Chris Topmiller, Owyhee County Prosecutor; Mike Duke, Payette County Prosecutor; Benjamin Allen, Shoshone County; Grant Loebs, Twin Falls County, Brian Naugle, Valley County; and Delton Walker, Washington County Prosecutor, hereby join in the motion to dismiss by certain county prosecutors under Rule 12(b)(1) and Rule 12(b)(6). Dkt. 127.

DATED:  May 8, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:    /s/ *Lincoln Davis Wilson*
         LINCOLN DAVIS WILSON
         Chief, Civil Litigation and
         Constitutional Defense
         BRIAN V. CHURCH
         TIMOTHY LONGFIELD
         Deputy Attorneys General

         *Attorneys for Defendants Attorney General*
         *Raúl Labrador and Certain County Prosecuting Attorneys*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

 /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador;*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**CERTAIN COUNTY PROSECUTOR DEFENDANTS' JOINDER IN MOTION TO DISMISS (Dkts. 42, 85, 107)** |

Defendants, County Prosecuting Attorneys Bryan Taylor, Canyon County; and

S. Douglas Wood, Caribou County, who filed their appearance on May 5, 2023, hereby

join in the prior briefing filed by the Attorney General concerning the Court's jurisdiction. Dkts. 42, 85, 107.

DATED:  May 8, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:   /s/ *Lincoln Davis Wilson*
      LINCOLN DAVIS WILSON
      Chief, Civil Litigation and
      Constitutional Defense
      BRIAN V. CHURCH
      TIMOTHY LONGFIELD
      Deputy Attorneys General

*Attorneys for Defendants Attorney General Raúl Labrador and Certain County Prosecuting Attorneys*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice


 /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

Richard T. Roats
LINCOLN COUNTY PROSECUTING ATTORNEY
ISB #4237
P.O. Box 860
Shoshone, Idaho 83352
Telephone: (208)886-2454
Cell phone: (208) 886-0405
Email: prosecutor@lincolncounty.id.gov
Efile: efile@lincolncounty.id.gov
U.S. District Court filing: rtr@roatslaw.com/
        prosecutor@lincolncounty.id.gov

Attorney for Lincoln County, Idaho

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians, and patients, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>*Defendants*. | CASE NO.  1:23-cv-00142-BLW<br><br>**NOTICE OF DEFENDANT LINCOLN COUNTY JOINING IN DEFENDANTS' MOTION TO DISMISS** |

**COMES NOW**, Richard T. Roats, Lincoln County Prosecuting Attorney, and on behalf of the Lincoln County Prosecuting Attorney's Office joins in Defendants' Motion to Dismiss docket number 127.

        DATED: May 8, 2023

/s/ *Richard T. Roats*
Richard T. Roats
Lincoln County Prosecuting Attorney

**3-ER-204**

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>     Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**CERTAIN COUNTY PROSECUTORS' MOTION TO DISMISS** |

Defendants move the Court to dismiss Plaintiffs' Complaint, Dkt. 1, under

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   As mentioned in the

memorandum in support filed herewith, County Prosecutors: Adam McKenzie, Bear Lake County; Matt Fredback, Blaine County; Bryan Taylor, Canyon County; S. Douglas Wood, Caribou County; Vic Pearson, Franklin County, Erick Thomson, Gem County, Justin Coleman, Nez Perce County; and Bailey Smith, Teton Valley County, move to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief.  And there isn't a single fact alleged, much less supported by declaration, against the County Prosecutors, and it is unclear what factual basis Plaintiffs had to even name all 44 Idaho County Prosecutors as Defendants.  Therefore, dismissal is required and the Court should deny a preliminary injunction as to the County Prosecutors.

DATED:  May 5, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:   /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendants Adam McKenzie, Bear Lake County; Matt Fredback, Blaine County; Bryan Taylor, Canyon County; S. Douglas Wood, Caribou County; Vic Pearson, Franklin County, Erick Thomson, Gem County, Justin Coleman, Nez Perce County; and Bailey Smith, Teton Valley County.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

/s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF LINCOLN DAVIS WILSON** |

I, Lincoln Davis Wilson, declare and state as follows:

1.     I am a Deputy Attorney General and Chief of Civil Litigation and Constitutional Defense for the Idaho Attorney General.

2.     Attached hereto as Exhibit A is a true and correct copy of email correspondence between myself and counsel for Plaintiffs.

3.     Attached hereto as Exhibit B is a declaration by Bailey Smith, Prosecutor for Teton Valley County.

4.     Attached hereto as Exhibit C is a declaration by Adam J. McKenzie, Prosecutor for Bear Lake County.

5.     Attached hereto as Exhibit D is a declaration by Vic A. Pearson, Prosecutor for Franklin County.

6.     Attached hereto as Exhibit E is a declaration by Bryan Taylor, Prosecutor for Canyon County.

7.     Attached hereto as Exhibit F is a declaration by Justin Coleman, Prosecutor for Nez Perce County.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2023.

By:   _/s/ Lincoln Davis Wilson_____
              Lincoln Davis Wilson

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

_/s/ Lincoln Davis Wilson_
LINCOLN DAVIS WILSON
Chief, Civil Litigation and Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>       Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>       Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF BAILEY SMITH** |

**EXHIBIT B**

I, BAILEY SMITH, hereby declare and state as follows:

1.     I am the prosecuting attorney for Teton County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities or operations in my county.

I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF BAILEY SMITH - 2

Bailey Smith

DECLARATION OF BAILEY SMITH - 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF ADAM J. MCKENZIE BEAR LAKE COUNTY PROSECUTING ATTORNEY** |

**EXHIBIT C**

I, ADAM J. MCKENZIE, hereby declare and state as follows:

1.     I am the prosecuting attorney for Bear Lake County, Idaho, and am named as a Defendant in this action.

2.     Prior to this litigation, the Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     To my knowledge, none of the Plaintiffs in this action have facilities in my county.

Adam J. McKenzie Declaration – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2023

ADAM J. MCKENZIE

Adam J. McKenzie Declaration – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

UNITED STATE DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, <br><br> Plaintiffs, <br><br> v. <br><br> RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, <br><br> Defendants. | Case No. 1:23-CV-00142-BLW <br><br> DECLARATION OF VIC A PEARSON |

EXHIBIT
D

I, Vic A Pearson, hereby declare and state as follows:

1.     I am the prosecuting attorney for Franklin County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.    In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Vic A. Pearson Declaration – 2

Dated: May 4, 2023

Vic A Pearson,
Franklin County Prosecuting Attorney

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW |
| Plaintiffs, | **DECLARATION OF BRYAN TAYLOR, CANYON COUNTY PROSECUTING ATTORNEY** |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

**EXHIBIT**

**E**

I, Bryan Taylor, hereby declare and state as follows:

1.      I am the prosecuting attorney for Canyon County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2023

Bryan Taylor

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF JUSTIN J. COLEMAN, Prosecuting Attorney Nez Perce County** |

**EXHIBIT F**

I, JUSTIN J. COLEMAN, hereby declare and state as follows:

1.      I am the Prosecuting Attorney for Nez Perce County, Idaho; and I am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received the Crane Letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      Prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

6.      My office takes no position regarding the scope of enforcement under Idaho Code § 18-622.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am unaware of any prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     None of the Plaintiffs in this action have facilities in Nez Perce County.


I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5 2023

_J. Coleman_

JUSTIN J.COLEMAN


Declaration of Justin Coleman – 2

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANTS' THIRD NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** |

**DEFENDANTS' THIRD NOTICE OF SUPPLEMENTAL DECLARATIONS
REGARDING SUBJECT MATTER JURISDICTION** – 1

The undersigned Defendants submit the attached declarations of county pros-
ecutors in connection with the Court's "independent obligation to determine whether
subject-matter jurisdiction exists, even in the absence of a challenge from any party."
*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ex parte McCardle*, 7 Wall. 506,
514 (1868).  These declarations further show, consistent with the arguments in De-
fendants' briefing,[1] that this action does not present a justiciable Article III contro-
versy.

These declarations have been executed by the following county prosecutors:
Stephen Herzog, Bannock County; Paul Bruce Withers, Lemhi County; and William
W. Thompson, Latah County.  The undersigned Defendants anticipate submitting
further supplemental declarations under separate cover as they become available.

//

//

//

---

[1] *See, e.g.*, Dkt. 42 at 4 ("[T]he Crane Letter was not law enforcement guidance sent
out publicly to local prosecutors … nor was it ever published by the Office of the At-
torney General.") (quotation omitted); Dkt. 42 at 18 ("Plaintiffs do not allege that the
Attorney General sent the letter to anyone else, much less to the county prosecutors
or the state licensing boards, each of which act independent of the Attorney Gen-
eral."); Dkt. 85 at 5 ("They do not contend that any of the 44 county prosecutors they
sued have threatened them or anyone else under the Crane Letter theory."); Dkt. 107
at 1 ("[T]he officials who *have* prosecutorial authority have said and done nothing.");
*id.* at 6 ("[N]o county prosecutor or state licensing board has taken any action or ex-
pressed any position about the theory of prosecution in the Crane Letter. Nor do
Plaintiffs allege otherwise."); *id.* at 8 & n.4 ("Plaintiffs have not shown any relevant
action by county prosecutors anywhere, but it is even more troubling for prosecutors
in the 41 other counties" where Plaintiffs have no facilities).

**DEFENDANTS' THIRD NOTICE OF SUPPLEMENTAL DECLARATIONS
REGARDING SUBJECT MATTER JURISDICTION** – 2

DATED:  May 4, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By: _/s/ Lincoln Davis Wilson_____
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendants Attorney General Raúl Labrador and Certain County Prosecuting Attorneys²*

---

² Jan Bennetts, Ada County Prosecutor; Chris Boyd, Adams County Prosecutor; Stephen Herzog, Bannock County Prosecutor; Mariah Dunham, Benewah County Prosecutor; Paul Rogers, Bingham County Prosecutor; Matt Fredback, Blaine County Prosecutor; Alex Gross, Boise County Prosecutor; Louis Marshall, Bonner County Prosecutor; Randy Neal, Bonneville County Prosecutor; Andrakay Pluid, Boundary County Prosecutor; Jim Thomas, Camas County Prosecutor; McCord Larsen, Cassia County Prosecutor; Janna Birch, Clark County; E. Clayne, Clearwater County Prosecutor; Vic Pearson, Franklin County Prosecutor; Lindsay Blake, Fremont County Prosecutor; Erick Thomson, Gem County Prosecutor; Trevor Misseldine, Gooding County Prosecutor; Kirk MacGregor, Idaho County Prosecutor; Mark Taylor, Jefferson County Prosecutor; Brad Calbo, Jerome County Prosecutor; Stanley Mortensen, Kootenai County Prosecutor; Bill Thompson, Latah County Prosecutor; Bruce Withers, Lemhi County Prosecutor; Zachary Pall, Lewis County Prosecutor; Rob Wood, Madison County Prosecutor; Lance Stevenson, Minidoka County Prosecutor; Cody Brower, Oneida County Prosecutor; Chris Topmiller, Owyhee County Prosecutor; Mike Duke, Payette County Prosecutor; Benjamin Allen, Shoshone County Prosecutor; Bailey Smith, Teton Valley County Prosecutor; Grant Loebs, Twin Falls County Prosecutor; Brian Naugle, Valley County Prosecutor; and Delton Walker, Washington County Prosecutor.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.


          */s/ Lincoln Davis Wilson*

          LINCOLN DAVIS WILSON
          Chief, Civil Litigation and Constitutional Defense

**DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** – 4

RAÚL R. LABRADOR
ATTORNEY GENERAL

Lincoln Davis Wilson, ISB #11860
Chief of Civil and Constitutional Defense

Brian V. Church, ISB #9391
Timothy J. Longfield, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, <br><br> Plaintiffs, <br><br> v. <br><br> RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING AT-TORNEYS, in their official capacities, <br><br> Defendants. | Case No. 1:23-cv-00142-BLW <br><br> **DECLARATION OF WILLIAM W. THOMPSON, JR.** |

I, William W. Thompson, Jr., hereby declare and state as follows:

1.      I am the prosecuting attorney for Latah County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     None of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

William W. Thompson, Jr.
Latah County Prosecutor

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

# UNITED STATE DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF PAUL BRUCE WITHERS** |

I, PAUL BRUCE WITHERS, hereby declare and state as follows:

1.    I am the prosecuting attorney for Lemhi County, Idaho, and am named as a Defendant in this action.

2.    The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.    I received that letter only in connection with this litigation.

4.    I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.    My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.    My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.    This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.    The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.    I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.    In fact, none of the Plaintiffs' in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2023

PAUL BRUCE WITHERS

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW **DECLARATION OF STEPHEN HERZOG** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, STEPHEN HERZOG, hereby declare and state as follows:

1.     I am the prosecuting attorney for BANNOCK County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.    I don't know if plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2023

STEPHEN HERZOG

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>       Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** |

The undersigned Defendants submit the attached declarations of county prosecutors in connection with the Court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ex parte McCardle*, 7 Wall. 506, 514 (1868).  These declarations further show, consistent with the arguments in Defendants' briefing,[1] that this action does not present a justiciable Article III controversy.

These declarations have been executed by the following county prosecutors: Andrakay Pluid, Boundary County; Erick Thomson, Gem County; Kirk MacGregor, Idaho County; Lance Stevenson, Minidoka County; Mark Taylor, Jefferson County; Christopher Boyd, Adams County; Janna Birch, Clark County; and Randy Neal, Bonneville County.  The undersigned Defendants anticipate submitting further supplemental declarations under separate cover as they become available.

---

[1] *See, e.g.*, Dkt. 42 at 4 ("[T]he Crane Letter was not law enforcement guidance sent out publicly to local prosecutors … nor was it ever published by the Office of the Attorney General.") (quotation omitted); Dkt. 42 at 18 ("Plaintiffs do not allege that the Attorney General sent the letter to anyone else, much less to the county prosecutors or the state licensing boards, each of which act independent of the Attorney General."); Dkt. 85 at 5 ("They do not contend that any of the 44 county prosecutors they sued have threatened them or anyone else under the Crane Letter theory."); Dkt. 107 at 1 ("[T]he officials who *have* prosecutorial authority have said and done nothing."); *id.* at 6 ("[N]o county prosecutor or state licensing board has taken any action or expressed any position about the theory of prosecution in the Crane Letter. Nor do Plaintiffs allege otherwise."); *id.* at 8 & n.4 ("Plaintiffs have not shown any relevant action by county prosecutors anywhere, but it is even more troubling for prosecutors in the 41 other counties" where Plaintiffs have no facilities).

DATED:  May 4, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   /s/ Lincoln Davis Wilson
             LINCOLN DAVIS WILSON
             Chief, Civil Litigation and
             Constitutional Defense
             BRIAN V. CHURCH
             TIMOTHY LONGFIELD
             Deputy Attorneys General

             *Attorneys for Defendants Attorney General*
             *Raúl Labrador and Certain County Prosecut-*
             *ing Attorneys* [2]

---

[2] Jan Bennetts, Ada County Prosecutor; Chris Boyd, Adams County Prosecutor; Stephen Herzog, Bannock County Prosecutor; Mariah Dunham, Benewah County Prosecutor; Paul Rogers, Bingham County Prosecutor; Alex Gross, Boise County Prosecutor; Louis Marshall, Bonner County Prosecutor; Randy Neal, Bonneville County Prosecutor; Andrakay Pluid, Boundary County Prosecutor; Jim Thomas, Camas County Prosecutor; McCord Larsen, Cassia County Prosecutor; Janna Birch, Clark County; E. Clayne, Clearwater County Prosecutor; Lindsay Blake, Fremont County Prosecutor; Trevor Misseldine, Gooding County Prosecutor; Kirk MacGregor, Idaho County Prosecutor; Mark Taylor, Jefferson County Prosecutor; Brad Calbo, Jerome County Prosecutor; Stanley Mortensen, Kootenai County Prosecutor; Bill Thopson, Latah County Prosecutor; Bruce Withers, Lemhi County Prosecutor; Zachary Pall, Lewis County Prosecutor; Rob Wood, Madison County Prosecutor; Lance Stevenson, Minidoka County Prosecutor; Cody Brower, Oneida County Prosecutor; Chris Topmiller, Owyhee County Prosecutor; Mike Duke, Payette County Prosecutor; Benjamin Allen, Shoshone County Prosecutor; Grant Loebs, Twin Falls County Prosecutor; and Brian Naugle, Valley County Prosecutor; Delton Walker, Washington County Prosecutor.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

/s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL DECLARATIONS RE-
GARDING SUBJECT MATTER JURISDICTION – 4

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF ANDRAKAY PLUID** |

I, Andrakay Pluid, hereby declare and state as follows:

1.     I am the prosecuting attorney for Boundary County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

ANDRAKAY PLUID

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Peter G. Neiman*
peter.neiman@wilmerhale.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Michael J. Bartlett
michael@bartlettfrench.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

*Pro hac vice*

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF CHRISTOPHER BOYD** |

I, CHRISTOPHER BOYD, hereby declare and state as follows:

1.     I am the duly elected prosecuting attorney for Adams County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     To my knowledge, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2023

Christopher Boyd
Adams County Prosecuting Attorney

State of Idaho            )
                          )ss
County of Adams           )

I, Patricia Paulin a Notary Public, do hereby certify that on Thursday, May 4, 2023, Christopher Boyd, Adams County Prosecuting Attorney personally known to be the person whose name is subscribed to the foregoing instrument.

PATRICIA PAULIN
COMMISSION # 20191306
NOTARY PUBLIC
STATE OF IDAHO
MY COMMISSION EXPIRES 07/05/2025

Patricia Paulin
Notary for the State of Idaho
County of Adams
My Commission Expires: 07/05/2025

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

 /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Deputy Attorney General

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF ERICK THOMSON** |

I, ERICK BAYNES THOMSON, hereby declare and state as follows:

1.      I am the prosecuting attorney for Gem County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2023

ERICK BAYNES THOMSON

DECLARATION OF ERICK BAYNES THOMSON – 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATION OF ERICK BAYNES THOMSON – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF JANNA BIRCH** |

I, JANNA BIRCH, hereby declare and state as follows:

1.      I am the prosecuting attorney for Clark County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2023

  /s/ Janna Birch
Janna Birch

DECLARATION OF JANNA BIRCH – 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

  /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATION OF JANNA BIRCH – 3

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW  **DECLARATION OF KIRK A. MacGREGOR** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, KIRK A. MacGREGOR, hereby declare and state as follows:

1.    I am the prosecuting attorney for Idaho County, Idaho, and am named as a Defendant in this action.

2.    The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.    I received that letter only in connection with this litigation.

4.    I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.    My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.    My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.    This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.    The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.    I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

DECLARATION OF KIRK A. MacGREGOR – 2

10. In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

KIRK A. MacGREGOR

DECLARATION OF KIRK A. MacGREGOR – 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

    /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATION OF KIRK A. MacGREGOR – 4

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF LANCE D. STEVENSON** |

I, Lance D. Stevenson, hereby declare and state as follows:

1.      I am the prosecuting attorney for Minidoka County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2023

DECLARATION OF LANCE D. STEVENSON – 2

Lance D. Stevenson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATION OF LANCE D. STEVENSON – 4

**3-ER-262**

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW |
| Plaintiffs, | **DECLARATION OF MARK TAYLOR, IN HIS OFFICIAL CAPACITY AS PROSECUTING ATTORNEY OF JEFFERSON COUNTY, IDAHO** |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, Mark Taylor, hereby declare and state as follows:

1.      I am the prosecuting attorney for Jefferson County, Idaho, and am named as a Defendant in this action in my official capacity.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in Jefferson County.

DECLARATION OF MARK TAYLOR – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

_____
Mark Taylor
Prosecuting Attorney
Jefferson County, Idaho

DECLARATION OF MARK TAYLOR – 3

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice*

   /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATION OF MARK TAYLOR – 4

**3-ER-266**

Raúl R. Labrador
ATTORNEY GENERAL

Lincoln Davis Wilson, ISB #11860
Chief of Civil and Constitutional Defense

Brian V. Church, ISB #9391
Timothy J. Longfield, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, <br><br> Plaintiffs, <br><br> v. <br><br> RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, <br><br> Defendants. | Case No. 1:23-cv-00142-BLW <br><br> **DECLARATION OF RANDOLPH B. NEAL** |

I, **RANDOLPH B. NEAL**, hereby declare and state as follows:

1.     I am the duly elected prosecuting attorney for Bonneville County, Idaho, and am named as a Defendant in this action in my official capacity.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is no less true with respect to any prosecution pursuant to Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor nor does he have the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.    To my knowledge, none of the Plaintiffs in this action have facilities within the jurisdiction of Bonneville County.

DECLARATION OF RANDOLPH B. NEAL – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

_____
Randolph B. Neal

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice*

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATION OF RANDOLPH B. NEAL – 4
**3-ER-270**

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.,*<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANTS' FIRST NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION** |

The undersigned Defendants submit the attached declarations of county prosecutors in connection with the Court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."

DEFENDANTS' FIRST NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION – 1

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ex parte McCardle*, 7 Wall. 506, 514 (1868).  These declarations further show, consistent with the arguments in Defendants' briefing,[1] that this action does not present a justiciable Article III controversy.

These declarations have been executed by the following county prosecutors: Benjamin Allen, Shoshone County; Cody Brower, Oneida County; Mariah R. Dunham, Benewah County; and Louis Marshall, Bonner County.  The undersigned Defendants anticipate submitting further supplemental declarations under separate cover as they become available.

/ / /

/ / /

/ / /

---

[1] *See, e.g.*, Dkt. 42 at 4 ("[T]he Crane Letter was not law enforcement guidance sent out publicly to local prosecutors … nor was it ever published by the Office of the Attorney General.") (quotation omitted); Dkt. 42 at 18 ("Plaintiffs do not allege that the Attorney General sent the letter to anyone else, much less to the county prosecutors or the state licensing boards, each of which act independent of the Attorney General."); Dkt. 85 at 5 ("They do not contend that any of the 44 county prosecutors they sued have threatened them or anyone else under the Crane Letter theory."); Dkt. 107 at 1 ("[T]he officials who *have* prosecutorial authority have said and done nothing."); *id*. at 6 ("[N]o county prosecutor or state licensing board has taken any action or expressed any position about the theory of prosecution in the Crane Letter. Nor do Plaintiffs allege otherwise."); *id*. at 8 & n.4 ("Plaintiffs have not shown any relevant action by county prosecutors anywhere, but it is even more troubling for prosecutors in the 41 other counties" where Plaintiffs have no facilities).

DEFENDANTS' FIRST NOTICE OF SUPPLEMENTAL DECLARATIONS REGARDING SUBJECT MATTER JURISDICTION – 2

DATED:  May 3, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:   _/s/ Lincoln Davis Wilson_____
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendants Attorney General
Raúl Labrador and Certain County Prosecut-
ing Attorneys[2]*

---

[2] Jan Bennetts, Ada County Prosecutor; Chris Boyd, Adams County Prosecutor; Alex Gross, Boise County Prosecutor; Andrakay Pluid, Boundary County Prosecutor; Jim Thomas, Camas County Prosecutor; McCord Larsen, Cassia County Prosecutor; Trevor Misseldine, Gooding County Prosecutor; Mark Taylor, Jefferson County Prosecutor; Rob Wood, Madison County Prosecutor; Lance Stevenson, Minidoka County Prosecutor; Cody Brower, Oneida County Prosecutor; Benjamin Allen, Shoshone County Prosecutor; Grant Loebs, Twin Falls County Prosecutor; and Brian Naugle, Valley County Prosecutor.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice*

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DEFENDANTS' FIRST NOTICE OF SUPPLEMENTAL DECLARATIONS RE-
GARDING SUBJECT MATTER JURISDICTION – 4

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW  **DECLARATION OF LOUIS MARSHALL** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, Louis Marshall, hereby declare and state as follows:

1.      I am the prosecuting attorney for Bonner County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

DECLARATON OF LOUIS MARSHALL – 2

Louis Marshall

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice*

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATON OF LOUIS MARSHALL – 4

**3-ER-278**

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>      Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>      Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF MARIAH R. DUNHAM** |

I, MARIAH R. DUNHAM, hereby declare and state as follows:

1.    I am the prosecuting attorney for Benewah County, Idaho, and am named as a Defendant in this action.

2.    The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.    I received that letter only in connection with this litigation.

4.    I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.    My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.    My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.    This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.    The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.    I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.    In fact, none of the Plaintiffs in this action have facilities in my county.

DECLARATION OF MARIAH R. DUNHAM – 2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

MARIAH R. DUNHAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice*

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>      Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>      Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF BENJAMIN ALLEN, SHOSHONE COUNTY PROSECUTING ATTORNEY** |

I, BENJAMIN ALLEN, hereby declare and state as follows:

1.     I am the prosecuting attorney for Shoshone County, Idaho, and am named as a Defendant in this action.

2.     The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.     I received that letter only in connection with this litigation.

4.     I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.     My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.     My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.     This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.     The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.     I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.    In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

BENJAMIN ALLEN

DECLARATION OF BENJAMIN ALLEN – 2

**3-ER-284**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice*

  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Deputy Attorney General

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW **DECLARATION OF CODY L. BROWER, ONEIDA COUNTY PROSECUTING ATTORNEY** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

I, Cody L. Brower, hereby declare and state as follows:

1.      I am the prosecuting attorney for Oneida County, Idaho, and am named as a Defendant in this action.

2.      The Idaho Attorney General's Office never sent me a copy of the Attorney General's March 27, 2023 letter to Representative Brent Crane (the "Crane Letter").

3.      I received that letter only in connection with this litigation.

4.      I did not, and do not, regard the Crane Letter as any type of guidance or directive to me or to my office from the Office of the Attorney General.

5.      My office has taken no position regarding the scope of enforcement under Idaho Code § 18-622.

6.      My prosecutorial decisions are based on my own independent legal duty, interpretation of the law, and discretion.

7.      This is true no less with respect to any prosecution under Idaho Code § 18-622.

8.      The Attorney General has no supervisory authority over my work as a prosecutor or the power to direct me to initiate any prosecution without my consent.

9.      I am aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs under Idaho Code § 18-622.

10.     In fact, none of the Plaintiffs in this action have facilities in my county.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

DECLARATION OF CODY L. BROWER – 2

CODY L. BROWER
Oneida County Prosecuting Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

  /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Deputy Attorney General

DECLARATION OF CODY L. BROWER – 4

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREATER NORTHWEST, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>      Plaintiffs,<br><br>  v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the Sate of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>      Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

This case involves a challenge to Attorney General Labrador's interpretation of Idaho's criminal abortion statute, Idaho Code § 18-622. Plaintiffs filed their complaint and a motion for a preliminary injunction on April 5, 2023. The next day, the Court set a status conference for April 7. Hours before the status

**MEMORANDUM DECISION AND ORDER - 1**

conference, Defendants circulated to Court and counsel a new letter from the Attorney General that withdrew the letter containing the challenged legal interpretation. Dkt. 41-4. At the status conference, the Court and the parties discussed a schedule for litigating the preliminary injunction given the new letter. The Court ultimately set an expedited briefing schedule for both the Plaintiffs' preliminary injunction and Defendants' motion to dismiss. Dkt. 41. On April 24, the Court held a hearing on the motions, which are now under advisement.

Now, three days after the hearing, the Attorney General has asked for supplemental briefing. He has now issued another letter, this one a policy opinion, that interprets his authority to prosecute violations of the criminal abortion statute. He would like to relitigate the preliminary injunction and motion to dismiss in light of this letter. Moreover, he apparently regrets his choice to litigate the case "solely on the ground that no Article III controversy exists." Dkt. 106 at 3. Now, he asks for "the opportunity to brief the extent to which Plaintiffs' intended conduct here—counseling and referrals for out-of-state abortions—constitutes protected speech under the First Amendment." *Id.* at 3.

The Court will deny the motion for supplemental briefing. The Attorney General could have issued the new opinion or made the protected speech argument on the original briefing schedule. Plaintiffs have waited several weeks for urgent

MEMORANDUM DECISION AND ORDER - 2

relief—due in part to the Court's calendar—and the Court will not impose further delay for matters that could and should have been brought sooner. The Court will resolve the motion for a preliminary injunction and the motion to dismiss on the briefs that the parties timely filed.

## ORDER

**IT IS ORDERED that:**

1.      Defendants Motion for Supplemental Briefing (Dkt. 106) is **DENIED**.

DATED: May 2, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador;*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DEFENDANT CLARK COUNTY PROSECUTOR'S JOINDER IN MOTION TO DISMISS (Dkt. 41)** |

Defendant Clark County Prosecuting Attorney, Janna Birch, by and through

her attorneys of record, hereby joins in Defendants Attorney General Raúl Labrador

and certain County Prosecuting Attorneys' Motion to Dismiss filed April 14, 2023

(Dkt. 41).

DATED:  May 2, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   /s/ *Lincoln Davis Wilson*
         LINCOLN DAVIS WILSON
         Chief, Civil Litigation and
         Constitutional Defense
         BRIAN V. CHURCH
         TIMOTHY LONGFIELD
         Deputy Attorneys General

         *Attorneys for Defendants Attorney General*
         *Raúl Labrador and Certain County*
         *Prosecuting Attorneys*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice


 /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador;*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**CERTAIN COUNTY PROSECUTOR DEFENDANTS' JOINDER IN MOTION TO DISMISS (Dkt. 41)** |

Defendants, County Prosecuting Attorneys Stephen Herzog, Bannock County

Prosecutor; Mariah Dunham, Benewah County Prosecutor; Paul Rogers, Bingham

County Prosecutor; Louis Marshall, Bonner County Prosecutor;  Randy Neal, Bonne-ville County Prosecutor; E. Clayne Tyler, Clearwater County Prosecutor; Shondi Lott, Elmore County Prosecutor; Lindsey Blake, Fremont County Prosecutor; Kirk Mac-Gregor, Idaho County Prosecutor; Brad Calbo, Jerome County Prosecutor; Stanley Mortensen, Kootenai County Prosecutor; Bill Thompson, Latah County Prosecutor; Bruce Withers, Lemhi County Prosecutor; Zachary Pall, Lewis County Prosecutor; Chris Topmiller, Owyhee County Prosecutor; Mike Duke, Payette County Prosecutor; and Delton Walker, Washington County Prosecutor, by and through their attorneys of record, hereby join in Defendants Attorney General Raúl Labrador and certain County Prosecuting Attorneys' Motion to Dismiss filed April 14, 2023 (Dkt. 41).

DATED:  April 27, 2023.

> STATE OF IDAHO
> OFFICE OF THE ATTORNEY GENERAL
>
> By:   /s/ Lincoln Davis Wilson
> LINCOLN DAVIS WILSON
> Chief, Civil Litigation and
> Constitutional Defense
> BRIAN V. CHURCH
> TIMOTHY LONGFIELD
> Deputy Attorneys General
>
> *Attorneys for Defendants Attorney General Raúl Labrador and Certain County Prosecuting Attorneys*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Peter G. Neiman*
peter.neiman@wilmerhale.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Michael J. Bartlett
michael@bartlettfrench.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

*Pro hac vice*

  /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW **RESPONSE TO BRIEFS OF AMICI CURIAE** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

## INTRODUCTION

The dispositive question in this case is one of jurisdiction.  Is there an actionable pre-enforcement controversy if:

- an official who *lacks* prosecutorial authority expresses a legal opinion in private correspondence,

- the officials who *have* prosecutorial authority have said and done nothing,

- and the original correspondence has been affirmatively voided and withdrawn by the supposedly threatening official?

The answer is plainly no.  That is why the official who wrote the withdrawn correspondence—the Idaho Attorney General—has not said anything in this case about the merits of the prosecutorial theory.  He has no position on the matter, let alone one that threatens Plaintiffs.  An injunction against him over a view he does not hold, cannot enforce, and has not defended would be an advisory opinion of the highest order.  And an injunction against the county prosecutors and state licensing officials equally offends the Constitution's bedrock limitation of the federal judicial power to actual cases and controversies.

Still, Plaintiffs insist there's a case and controversy here, and so now Amici have lined up behind them to help manufacture one where none exists.  Attempting to shore up the lack of a cognizable injury, St. Luke's has submitted an amicus brief that alleges that the Attorney General's withdrawn letter has various purported harms to non-parties.  And to bolster Plaintiffs' challenge to the position in that letter that the Attorney General neither holds nor defends, fourteen states and the District of Columbia present additional argument against that position that the Attorney

General has already withdrawn.  But regardless of the commentary these Amici have on the position in the Attorney General's withdrawn letter, what matters is the jurisdiction of this Court.  And on this, Amici's muted response is telling.

Since the Attorney General has no position on this question, Amici seek to create a straw man policy for him.  They believe that will in turn provide a genuine and imminent threat of enforcement to prompt this Court to issue an order that does not address any enforcement policy that actually exists, but will give providers some additional feeling of certainty.  If that sounds like an improper advisory opinion, that's because it is.  Because as much as Plaintiffs have urged the Court to provide clarity now that "the genie is out of the bottle," they cannot claim a legal injury from the fact that a once-expressed opinion is being discussed in public discourse with *zero* enforcement action being taken or threatened—none, zip, zilch.  That is not a "chilled speech" theory of injury, it is itself an effort to chill speech about the law.[1]  The Amici briefs cannot create a justiciable Article III controversy, and this Court should therefore dismiss this action for lack of jurisdiction.

---

[1] This is an irony that should not be lost.  Plaintiffs argue that if the attorney-client advice the Attorney General gave in the Crane Letter were correct, it would illegally restrain their speech if it were enforced against them.  Yet in this suit they seek to have the Court restrain an attorney's speech to his client—even though such advice is withdrawn and void and there has been no threat of enforcement against Plaintiffs—because they disagree with the position it once espoused.  If the Court entertained such a suit, the chilling effect on any elected official who provides or receives such attorney-client advice could be profound.

ARGUMENT

## I.   Amici do not show that the Court has jurisdiction.

Defendants have raised multiple threshold issues going to this Court's jurisdiction, any one of which is sufficient "for denying audience to a case on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).   For one, the Eleventh Amendment bars jurisdiction over the Attorney General because he cannot and did not threaten prosecution of anyone under the theory espoused by the Crane Letter.   Dkt. 106-1.   And for similar and related reasons, Plaintiffs lack standing because their challenge to the position in the Crane Letter is not based on a credible threat of enforcement, especially now that it has been withdrawn.   Dkt. 41-1 at 11–14 (citing *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010); *Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1210 (9th Cir. 2022)).   That the letter has been withdrawn is especially problematic because the Complaint alleged harm solely from the Crane Letter, which plainly can pose no threat of future injury after it has been voided.   *Id.* at 14.   And without a final position from the Attorney General, "prudential considerations here factor even more heavily in favor of dismissal for lack of ripeness."   Dkt. 41-1 at 14–15 (citing *Ammex, Inc. v. Cox*, 351 F.3d 697 (6th Cir. 2003)).[2]   The ripeness

---

[2] Plaintiffs stated at the hearing that the Attorney General did not raise and therefore waived prudential ripeness.   This is factually and legally false.   As the above quote from the Attorney General's briefing quite plainly shows, even if "magic words" were required to preserve an issue, the Attorney General raised prudential ripeness directly and by name.   Dkt. 41-1 at 14–15.   And, in any event, waiver is inapplicable to prudential ripeness: "[e]ven when a ripeness question in a particular case is prudential," the court may raise it *sua sponte* "and cannot be bound by the wishes of the

doctrine exists to stop "'courts from becoming entangled in abstract disagreements'" such as this one "that would prevent government actors from refining their policies when confronted with a specific problem." *Id.* (citations omitted). And for the same reasons, any case that may have existed is moot because of the withdrawal of the Crane Letter. *Id.* (citing *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002)).

At this point, Plaintiffs' theory would mean that any citizen could sue an elected official for allegedly *believing* something contrary to the First Amendment. Article III does not require an accused official to publicly agree with the suing citizen's position in order to avoid First Amendment suit. And a citizen's self-censorship cannot create federal jurisdiction; otherwise, plaintiffs could rewrite Article III's limitations through self-inflicted injuries. This case is even weaker because the apparently offending instrument has been unequivocally voided and withdrawn: "It does not represent the views of the Attorney General on any question of Idaho law." Dkt. 42-4 at 2.

Plaintiffs' lack of injury is underscored by their admission that Idaho law does not actually proscribe the conduct they wish to engage in. Plaintiffs cannot bring a First Amendment claim when no state law or state action threatens them in any way. *See United States v. Rowlee*, 899 F.2d 1275, 1280 (2d Cir. 1990) (noting that if a party did not violate state statute, then "the restrictions imposed by that statute did not

---

parties." *Reno v. Catholic Soc. Servs., Inc.*, 509 US 43, 57 n.18 (1993) (citation omitted).

violate their First Amendment rights"). The doctrine of constitutional avoidance but-tresses this point: "federal courts should not decide federal constitutional issues when alternative grounds yielding the same relief are available." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 856 (9th Cir. 2004). This is particularly true where alleged First Amendment claims can be equally remedied under state law. *See Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1078 (9th Cir. 2012). Plaintiffs have no injury and no meritorious First Amendment or Due Process claim.

The Amici do nothing to address these defects. To the contrary, the brief sub-mitted by Washington, other states, and the District of Columbia acknowledges they are addressing the substance of the Crane Letter itself, even while they recognize, as they put it, that such advice has been "retracted." Dkt. 95 at 1 n.1. These other States thus focus entirely on a question as to which the Attorney General takes no position. Their brief is simply irrelevant to jurisdiction, the threshold and dispositive question at issue in this case.

While St. Luke's purports to address the issue of legal harm, it fares no better in showing it. St. Luke's acknowledges that it, too, is basing its concern on the now-withdrawn position in the Crane Letter. Dkt. 92-1 at 1. But St. Luke's, like Plaintiffs, also ignores that the Crane Letter has been formally withdrawn, admitting only that the Attorney General "purports" to have done so. *Id.* at 10. St. Luke's cannot gin up an Article III controversy by failing to acknowledge the Attorney General's official, public actions.

St. Luke's also refuses to accept that there is no genuine threat of enforcement of the letter.  But St. Luke's gives away the weakness of its position when it says it worries about the impacts on patient care "*if* the … legal interpretation [in the Crane letter] *is implemented*."  *Id.* at 3 (emphasis added).  That is because no such interpretation has been implemented by anyone, least of all the Attorney General.  And St. Luke's refuses to acknowledge that no county prosecutor or state licensing board has taken any action or expressed any position about the theory of prosecution in the Crane Letter.  Nor do Plaintiffs allege otherwise.

Tacitly conceding the lack of any relevant action by the *actual* enforcement authorities, St. Luke's baldly asserts that the Attorney General's views "are highly likely to carry weight with the county prosecutors charged with enforcing this law and with the Idaho Division of Occupational and Professional Licenses."  *Id.* at 1–2. Not only is that the very definition of speculative, it also again misapprehends state law.  As the Attorney General has described in Formal Attorney General Opinion 23-1, he has no formal power to refer *anything* to county prosecutors, who are elected officials with different constituencies that do not answer to the Attorney General. [Dkt. 106-1][3]  Likewise, while St. Luke's says that the Division of Occupational and Professional Licensing "relies on the Attorney General and his deputies for interpretation of Idaho law," Dkt. 92-1 at 2, that is a matter of discretion that the Division

---

[3] The Attorney General has separately moved for leave to submit supplemental briefing regarding the significance of Official Attorney General Opinion 23-1, which bears decisively on both the question of Article III standing and on the Attorney General's sovereign immunity.

has chosen not to exercise.  Instead, the Division has to date hired its own attorneys "to advise them and represent them" in this matter.  Idaho Code § 67-1406(2); *see also* Idaho Code § 67-2601(2)(h).  St. Luke's theory of harm is nothing more than the speculative fear that officials with actual enforcement authority may choose to follow a withdrawn letter written by an official who has no authority over them.  Quite simply, that is not an injury.

What St. Luke's and Plaintiffs are asking for is an advisory opinion from this Court.  Such an opinion would have to put words in the mouth of the Attorney General and define an official interpretation that he has renounced.   It would then have to impute that theory to prosecutors and licensing officials who have said nothing about the matter to try to create a genuine and imminent threat of enforcement targeted at the Plaintiffs, to whom none of the Defendants have said anything.  Neither the law nor the record will sustain that elaborate construct.  The Court should refuse to sponsor it and should dismiss for lack of jurisdiction.

## II.   Hearsay and unsourced assertions in amicus briefs are not evidence.

St. Luke's also attempts to use its amicus brief to broaden the scope of this non-class proceeding to assert injuries for other physicians around the state.  But hearsay assertions in an amicus brief do not expand the scope of a controversy or the Court's jurisdiction.  *See* FED. R. EVID. 801(c), 802.  Sometimes the speaker is identified, but at other times the speaker is unnamed.  Sometimes those statements appear in newspaper or other news outlet articles, and other times there is simply a summary of what an unnamed physician told someone.  They do not suffice to reinforce

Plaintiffs' unsuccessful effort to generate a controversy here.  St. Luke's states in a footnote that "[t]hese stories come to *amicus* directly from Idaho physicians."  Dkt. 92-1 at 5 n.3.  But that doesn't turn unsworn non-party statements, many of them anonymous, into sworn party testimony, much less provide an opportunity for the Attorney General to cross-examine them in any way.  *See id.* at 5–10.  Those statements are irrelevant to Plaintiffs' standing to sue and they are not admissible evidence.

Because none of those assertions are admissible, they are no help to St. Luke's in trying to expand this case into a statewide controversy.  This action concerns just three Plaintiffs who together operate in just three counties: Ada, Twin Falls, and Valley Counties.  It is bad enough that Plaintiffs have not shown any relevant action by county prosecutors *anywhere*, but it is even more troubling for prosecutors in the 41 other counties,[4] since Plaintiffs have failed to show how they are possibly threatened by prosecution in counties where they do not treat patients.  Plaintiffs' theory against the county prosecutors remains hopelessly attenuated, broken, and speculative.

Neither are the assertions in St. Luke's brief relevant to a purported "chilling effect" on speech.  The Ninth Circuit has been clear that naked assertions of chilled

---

[4] Those 41 other counties to which Plaintiffs have not attempted to establish any connection are Adams, Bannock, Bear Lake, Benewah, Bingham, Blaine, Boise, Bonner, Bonneville, Boundary, Butte, Camas, Canyon, Caribou, Cassia, Clark, Clearwater, Custer, Elmore, Franklin, Fremont, Gem, Gooding, Idaho, Jefferson, Jerome, Kootenai, Latah, Lemhi, Lewis, Lincoln, Madison, Minidoka, Nez Perce, Oneida, Owyhee, Payette, Power, Shoshone, Teton Valley, and Washington.

speech are inadequate to confer standing or show ripeness.  *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173–75 (9th Cir. 2022).  Thus, even when an attorney general served a corporation with a civil investigative demand, because that demand did not threaten adversary proceedings, any corresponding decrease in speech by the corporation was voluntary and self-inflicted—not an Article III injury.  *Id.* at 1176.   So here too, Plaintiffs' assertions of chilled speech—and by extension, the assertions of St. Luke's—are of no avail in establishing standing when the Attorney General cannot prosecute, has not threatened to do so, and has not made any communications to Plaintiffs whatsoever.  There has been no specific threat to Plaintiffs' speech, and there is therefore no standing.

St. Luke's gets no further by expressing its desire for "clarity."  It asserts that physicians generally are confused by "constantly changing interpretations and representations" and says it can speak for "Idaho's OB-GYN departments."  Dkt. 92-1 at 2.  It also claims that as a result of the Attorney General's attorney-client advice, "physicians now understand they risk legal liability and suspension of their medical licenses for simply having frank conversations with their patients."  *Id.*  And so St. Luke's wants the position articulated by the Attorney General in the now withdrawn letter enjoined.  *Id.* at 3.  But the desire of an amicus curiae for "clarity" for physicians, writ broadly, does not create a justiciable controversy and cannot justify issuing an advisory opinion, much less an advisory injunction.

St. Luke's shows its real disagreement is with the policy the Legislature has adopted.  *Id.* at 9 ("Idaho's stringent ban on abortions, and the lack of clarity

surrounding when termination of a pregnancy is permissible to save the life of the mother, itself creates grave uncertainty for physicians attempting to provide the gold standard of medical care when it matters most."). *Id.* But the appropriate channel for St. Luke's to raise its policy concerns is through the Idaho Legislature, where it can provide information to the policymaking body of the State. Those policy concerns cannot be shoehorned into federal litigation over a letter the Attorney General has taken great pains to unequivocally withdraw.

## CONCLUSION

The Amici briefs in this case do nothing to show that this Court has jurisdiction over this suit, which does not present a justiciable Article III controversy. The Court should dismiss it for lack of jurisdiction.

DATED: April 27, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By*:*   */s/ Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendants Attorney General Raúl Labrador and Certain County Prosecuting Attorneys[5]*

---

[5] Jan Bennetts, Ada County Prosecutor; Chris Boyd, Adams County Prosecutor; Stephen Herzog, Bannock County Prosecutor; Mariah Dunham, Benewah County Prosecutor; Paul Rogers, Bingham County Prosecutor; Alex Gross, Boise County Prosecutor; Louis Marshall, Bonner County Prosecutor; Randy Neal, Bonneville County

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.


       */s/ Lincoln Davis Wilson*
       LINCOLN DAVIS WILSON
       Chief, Civil Litigation and Constitutional Defense

---

Prosecutor; Andrakay Pluid, Boundary County Prosecutor; Jim Thomas, Camas County Prosecutor; McCord Larsen, Cassia County Prosecutor; E. Clayne, Clearwater County Prosecutor; Lindsay Blake, Fremont County Prosecutor; Trevor Misseldine, Gooding County Prosecutor; Kirk MacGregor, Idaho County Prosecutor; Mark Taylor, Jefferson County Prosecutor; Brad Calbo, Jerome County Prosecutor; Stanley Mortensen, Kootenai County Prosecutor; Bill Thopson, Latah County Prosecutor; Bruce Withers, Lemhi County Prosecutor; Zachary Pall, Lewis County Prosecutor; Rob Wood, Madison County Prosecutor; Lance Stevenson, Minidoka County Prosecutor; Cody Brower, Oneida County Prosecutor; Chris Topmiller, Owyhee County Prosecutor; Mike Duke, Payette County Prosecutor; Benjamin Allen, Shoshone County Prosecutor; Grant Loebs, Twin Falls County Prosecutor; and Brian Naugle, Valley County Prosecutor; Delton Walker, Washington County Prosecutor.

RESPONSE TO BRIEFS OF AMICI CURIAE – 11

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**MOTION FOR SUPPLEMENTAL BRIEFING** |

MOTION FOR SUPPLEMENTAL BRIEFING - 1

Defendants Attorney General Raúl Labrador and the county prosecuting at-torneys listed below hereby move for leave to submit supplemental briefing to address two additional matters in this litigation before the Court rules on the pending motion to dismiss and motion for preliminary injunction. These Defendants respectfully re-quest that the Court order the parties to submit simultaneous briefs of no more than ten pages each to address the two following issues.

*First*, earlier today, the Attorney General issued the attached published, Offi-cial Attorney General Opinion under Level 3 of his opinion policy addressing his au-thority to prosecute violations of Idaho Code § 18-622. That opinion concludes "that the Idaho Attorney General may not bring or assist in a prosecution under Idaho Code § 18-622 unless a county prosecutor specifically so requests and an appointment is made by the district court under Idaho Code § 31-2603." AG Opinion 23-1 at 4. This is problematic for Plaintiffs' case because they do not even allege, much less attempt to show, that any county prosecutor has taken any position whatsoever about prose-cutions under Idaho Code § 18-622, let alone threatened to do so under the theory of the Crane Letter. Thus, the Attorney General's formal and official denial that he has any authority to bring or assist in any such prosecution without the advance approval and request of a county prosecutor renders Plaintiffs' deficient and already-specula-tive theory of standing, ripeness, and irreparable harm hopelessly attenuated. Sup-plemental briefing is therefore warranted to address the effect of AG Opinion 23-1 on the existence of a justiciable Article III controversy in this matter.

*Second*, the undersigned Defendants are grateful for the Court's remarks at the hearing that it would not deem any defense on the merits of this case to have been waived because Defendants have defended this action solely on the ground that no Article III controversy exists.  Although it is not possible for the Attorney General to address the merits of the legal interpretation proffered in the Crane Letter because it "does not represent the views of the Attorney General on any question of Idaho law," Withdrawal Letter at 1-2, the undersigned Defendants do wish to address one issue of the merits that closely overlaps with the question of standing.  Specifically, Defendants seek the opportunity to brief the extent to which Plaintiffs' intended conduct here—counseling and referrals for out-of-state abortions—constitutes protected speech under the First Amendment.  Defendants appreciate the latitude the Court has granted to other parties in seeking leave to submit briefing on an expedited schedule that may aid in the Court's consideration of the questions in this complex matter and respectfully request its indulgence for their efforts to do so here.

The undersigned Defendants therefore respectfully request that the Court order the parties to complete simultaneous supplemental briefing on the above questions, not to exceed 10 pages per side.

/ / /

/ / /

/ / /

DATED:  April 27, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:    */s/ Lincoln Davis Wilson* 

                LINCOLN DAVIS WILSON
                Chief, Civil Litigation and
                Constitutional Defense
                BRIAN V. CHURCH
                TIMOTHY LONGFIELD
                Deputy Attorneys General

                *Attorneys for Defendants Attorney General*
                *Raúl Labrador and Certain County Prosecut-*
                *ing Attorneys[1]*

---

[1] Jan Bennetts, Ada County Prosecutor; Chris Boyd, Adams County Prosecutor; Adam McKenzie, Bear Lake County Prosecutor; Stephen Herzog, Bannock County Prosecutor; Mariah Dunham, Benewah County Prosecutor; Paul Rogers, Bingham County Prosecutor; Matt Fredback, Blaine County Prosecutor; Alex Gross, Boise County Prosecutor; Louis Marshall, Bonner County Prosecutor; Randy Neal, Bonneville County Prosecutor; Andrakay Pluid, Boundary County Prosecutor; Jim Thomas, Camas County Prosecutor; McCord Larsen, Cassia County Prosecutor; Tyler, E. Clayne, Clearwater County Prosecutor; Shondi Lott, Elmore County Prosecutor; Lindsey Blake, Fremont County Prosecutor; Trevor Misseldine, Gooding County Prosecutor; Kirk MacGregor, Idaho County Prosecutor; Mark Taylor, Jefferson County Prosecutor; Brad Calbo, Jerome County Prosecutor; Stanley Mortensen, Kootenai County Prosecutor; Bill Thompson, Latah County Prosecutor; Bruce Withers, Lemhi County Prosecutor; Zachary Pall, Lewis County Prosecutor; Rob Wood, Madison County Prosecutor; Lance Stevenson, Minidoka County Prosecutor; Cody Brower, Oneida County Prosecutor; Chris Topmiller, Owyhee County Prosecutor; Mike Duke, Payette County Prosecutor; Benjamin Allen, Shoshone County Prosecutor; Grant Loebs, Twin Falls County Prosecutor; Brian Naugle, Valley County Prosecutor; and Delton Walker, Washington County Prosecutor.

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.


                                     */s/ Lincoln Davis Wilson*
                                     LINCOLN DAVIS WILSON
                                     Chief, Civil Litigation and Constitutional Defense

MOTION FOR SUPPLEMENTAL BRIEFING - 4

# ATTACHMENT
# Attorney General Opinion No. 23-1



## STATE OF IDAHO
### OFFICE OF THE ATTORNEY GENERAL
## RAÚL R. LABRADOR

### ATTORNEY GENERAL OPINION NO. 23-1

TO:   The Honorable Bruce Skaug
      Idaho House of Representatives
      P.O. Box 83720
      Boise, Idaho 83720-0038

You have requested an opinion from the Attorney General on the Attorney General's authority to prosecute violations of Idaho Code § 18-622. Your request raises important questions of Idaho law in the public interest and therefore this opinion is published as an official opinion of the Idaho Office of the Attorney General.

### QUESTION PRESENTED

What authority does the Idaho Attorney General have to bring prosecutions for criminal abortion under Idaho Code § 18-622?

### ANSWER

The Idaho Attorney General's criminal prosecutorial authority exists only where specifically conferred by statute or upon referral or request by county prosecutors. The Legislature has not granted the Attorney General any authority to prosecute violations of Idaho Code § 18-622. Thus, the Idaho Attorney General may bring or assist in a prosecution under Idaho Code § 18-622 only if specifically requested by a county prosecutor pursuant to an appointment made by a district court under Idaho Code § 31-2603.

EXECUTIVE OFFICE
P.O. BOX 83720, BOISE, IDAHO 83720-0010
TELEPHONE: (208) 334-2400 FAX: (208) 854-8071
LOCATED AT 700 W. JEFFERSON STREET, SUITE 210

3-ER-317

Representative Bruce Skaug
April 27, 2023
Page 2

## ANALYSIS

The Attorney General is Idaho's "chief legal officer," but not its chief law enforcement officer. *Newman v. Lance*, 129 Idaho 98, 102, 922 P.2d 395, 399 (1996). Rather, Idaho Code dictates that it is "the policy of the state of Idaho that the primary duty of enforcing all the penal provisions of any and all statutes of this state, in any court, is vested in the sheriff and prosecuting attorney of each of the several counties." Idaho Code § 31-2227. Those elected county prosecutors have plenary criminal enforcement authority to prosecute crimes that occur in their respective jurisdictions and do not answer to the Attorney General. Idaho Code § 31-2604. In fact, while Idaho law previously allowed the Attorney General to "exercise supervisory powers over prosecuting attorneys in all matters pertaining to their duties," *Newman,* 129 Idaho at 102, 922 P.2d at 399, the Legislature struck that provision in 1998, limiting the Attorney General's criminal enforcement authority to the ability to "assist the prosecuting attorney" in each respective county. *State v. Summer*, 139 Idaho 219, 224, 76 P.3d 963, 968 (2003). Even the Governor's authority in the matter is limited to "requir[ing] the attorney general to aid any prosecuting attorney in the discharge of his duties." Idaho Code § 67-802(7). The Governor may not require the Attorney General to assume those duties himself.

The Attorney General's ability to prosecute criminal cases as referrals from county prosecutors comes in two forms. First, when a county prosecutor cannot perform his or her duties, the county prosecutor may refer a case to the Attorney General and move for a court order appointing him as special prosecutor to assume "all the powers of the prosecuting attorney." Idaho Code § 31-2603(a). Second, a county prosecutor who wants to utilize the resources of the Attorney General's Office may seek the appointment of a special assistant Attorney General to prosecute or assist in prosecuting a criminal case. Idaho Code § 31-2603(b). Thus, under Idaho law, the Attorney General has prosecutorial authority only if specifically conferred by the Legislature or if requested by county prosecutors and approved by a state district judge.

## I.   The Legislature Has Not Given the Attorney General Independent Authority to Prosecute Violations of Idaho Code § 18-622.

The Legislature has conferred prosecutorial authority on the Attorney General to prosecute specific crimes in specific circumstances. For example, the Legislature has granted the Attorney General authority to prosecute violations of criminal law by county elected officials acting in their official capacity. Idaho Code § 31-2002. In addition, the Legislature recently enacted a new law to take effect May 5, 2023 that would give the Attorney General discretion to prosecute violations of Idaho Code § 18-623, but only "if the prosecuting attorney … refuses to prosecute violations." H.B.

242, § 18-623(4).  The Legislature has not granted the Attorney General any such authority to prosecute violations of Idaho Code § 18-622.[1]  Thus, the Attorney General has no power to bring independent prosecutions under that statute.

## II.     The Attorney General May Prosecute Violations of Idaho Code § 18-622 Only Upon Request by a County Prosecutor.

In the absence of a specific grant of prosecutorial authority, the Attorney General has that power only where his assistance is requested by a county prosecutor. That power is set forth in Idaho statutory law, which gives the Attorney General the "duty," "[w]hen required by the public service, to repair to any county in the state and assist the prosecuting attorney thereof in the discharge of duties."  Idaho Code § 67-1401(7).  As construed by the Idaho Supreme Court, the Attorney General's authority under this statute is entirely derivative: it exists only if the county prosecutor specifically requests the assistance of the Attorney General via an appointment by the district court under Idaho Code § 31-2603.

The Idaho Supreme Court construed these principles in *Newman*, where it rejected the Attorney General's attempt "to appear in a criminal case and assume control and direction of the case on behalf of the state."  129 Idaho at 99, 922 P.2d at 396.  At the time the *Newman* case was decided, Idaho statutory law still gave the Attorney General supervisory authority over county prosecutors.  *See id.* Nevertheless, the Idaho Supreme Court relied on the fact that "[t]he legislature has made it the primary obligation of the Prosecutor to enforce the state penal laws" by making it "the policy of the state of Idaho that the primary duty of enforcing all the penal provisions of any and all statutes of this state, in any court, is vested in the sheriff and prosecuting attorney of each of the several counties."  129 Idaho at 103, 922 P.2d at 400.  Thus, the Idaho Supreme Court granted a writ "prohibiting the Attorney General from asserting dominion and control over the cases" absent a request by the county prosecutor.  129 Idaho at 104, 922 P.2d at 401.

The Idaho Supreme Court further explained these principles in *Summer*. There, the Court observed that "in 1998 the Legislature deleted the provision allowing the Attorney General to exercise supervisory powers over prosecuting attorneys," which it said "apparently reduc[ed] the authority of the Attorney General in relation to county prosecuting attorneys."  139 Idaho at 224, 76 P.3d at 968.  And, in any event, "[e]ven prior to the 1998 amendment ..., *Newman* made it clear that the prosecuting attorney has primary responsibility for the enforcement of state penal

---

[1] The original version of this bill would have given the Attorney General discretion to prosecute violations of Idaho Code § 18-622 as well.  *See* H.B. 242, original bill text Feb. 28, 2023.  However, those references were removed in subsequent amendments to the bill, which were ultimately passed by the Legislature and signed by the Governor.

laws." *See id.* The Idaho Supreme Court thus reaffirmed that, absent a specific statutory grant of prosecutorial authority, the Attorney General has independent authority to prosecute only upon motion by the county prosecuting attorney under Idaho Code § 31-2603.[2]

Finally, the foregoing limitations on the Attorney General's authority also mean he has no separate referral power. While county prosecutors have statutory power to refer a matter to the Attorney General for prosecution by requesting his assistance and appointment by the district court, *see* Idaho Code §§ 67-1401(7), 31-2603, Idaho law does not grant a reciprocal right to the Attorney General to refer a matter to county prosecutors. In those circumstances, the Attorney General stands in the same shoes as any citizen: he has the right to apprise a county prosecutor of facts that they believe constitute a prosecutable crime that the prosecutor may or may not decide to pursue. So whether it is the Attorney General or any other private citizen who apprises the prosecutor of those matters, it remains within the county prosecutor's discretion to bring charges absent an express referral to the Attorney General and an appointment by the district court. Idaho Code § 31-2603.

## CONCLUSION

For the reasons above, I conclude that the Idaho Attorney General may not bring or assist in a prosecution under Idaho Code § 18-622 unless a county prosecutor specifically so requests and an appointment is made by the district court under Idaho Code § 31-2603.

## AUTHORITIES CONSIDERED

1.   **Idaho Code:**

     H.B. 242, 2023 Legislative Session
     Idaho Code § 18-622
     Idaho Code § 18-623
     Idaho Code § 31-2002
     Idaho Code § 31-2227
     Idaho Code § 31-2603
     Idaho Code § 31-2604
     Idaho Code § 67-802
     Idaho Code § 67-1401

---

[2] The Ninth Circuit's decision in *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004), is immaterial to this analysis, since a federal court's ruling on sovereign immunity under *Ex parte Young*, correct or not, cannot create state-law powers that do not exist under operative state law.

Representative Bruce Skaug
April 27, 2023
Page 5


2.   **Idaho Cases:**

> *Newman v. Lance*, 129 Idaho 98, 922 P.2d 395 (1996).
> *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004).
> *State v. Summer*, 139 Idaho 219, 76 P.3d 963 (2003).


\* \* \* \*


Dated this 27th day of April, 2023.


RAÚL R. LABRADOR
Attorney General


**Analysis by:**

JEFF NYE
Deputy Attorney General

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador and
Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW |
| | **REPLY IN SUPPORT OF STATE OF IDAHO'S MOTION TO DISMISS** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

## INTRODUCTION

Plaintiffs attempt to move forward in this case based on a view of the law and the facts that just isn't accurate. They say their case is about the "Labrador Interpretation," not just the now-withdrawn Crane Letter, but they don't cite anything other than the Crane Letter that evinces that purported interpretation (because there is none). They say that this letter, addressed only to Rep. Crane, was necessarily directed to the public too, but the Attorney General publishes only some of the legislative opinions he gives, and then only if the client waives privilege. They say the Crane Letter threatened prosecution, but the Attorney General has no authority to bring such prosecutions and the Crane Letter does not say or do otherwise. And they claim to fear that the ghost of the Crane Letter still lingers because the Attorney General has not "disavowed" it, even though he expressly stated that it was "withdrawn," "void in its entirety," and "does not represent the views of the Attorney General on any question of Idaho law." Withdrawal Letter at 1–2.

Plaintiffs complain about harm from a letter the Attorney General didn't send them, about powers the law doesn't give him, that he hasn't threatened to exercise against anyone, regarding an opinion he doesn't have. That is not an injury, and this case is not a real controversy. The Court should dismiss it for lack of jurisdiction.[1]

---

[1] The undersigned Defendants omit here the arguments for dismissal that certain county prosecutors have based on lack of service and lack of personal jurisdiction, since this motion concerns only subject matter jurisdiction. For present purposes, it suffices to say that despite Plaintiffs' claims to have served 46 of 47 Defendants, service was not completed in accordance with Fed. R. Civ. P. 4 for several Defendants.

ARGUMENT

## I.    The Attorney General is immune from suit.

Plaintiffs say that the Attorney General is a proper defendant under *Ex parte Young*, 209 U.S. 123 (1908), for their challenge to criminal enforcement of the now-rescinded private advisory opinion in the Crane Letter.  But that would be true only if the Attorney General can make such prosecutions and he threatened to do so here. *Ex parte Young*, 209 U.S. at 155–56.  Plaintiffs can show neither.

Plaintiffs say they are threatened by prosecuting power the Attorney General denies he has.  As the Idaho Supreme Court has recognized, statutory changes have "reduc[ed] the authority of the Attorney General in relation to county prosecuting attorneys." *See State v. Summer,* 76 P.3d 963, 968 (2003).  Those statutes provide that, except for special circumstances not applicable here, the Attorney General may only "assist the prosecuting attorney" in those matters, Idaho Code § 67-1401(7), not initiate them himself.  Idaho Attorney General, Explanation of Duties and Responsibilities, *available at* https://tinyurl.com/2u8eeds8; *Newman v. Lance*, 129 Idaho 98 (1996).  So the Attorney General might be a proper defendant if a prosecutor brought charges and requested his assistance.  But not over a letter he withdrew, never sent to prosecutors, and that no prosecutor has threatened to bring charges under.

At first, Plaintiffs argued that the recently enacted House Bill 242 gave the Attorney General "influence over decisions of local prosecutors" with respect to Idaho Code § 18-622, the criminal statute at issue here.  Dkt. 81 at 7.  But they betrayed that argument's weakness when they withdrew it 29 hours after their filing deadline

under a purported "notice of errata."  That is because H.B. 242 does not give the Attorney General ***any*** authority over prosecutions under section 622.  That is no accident: while the original version of the bill would have granted the Attorney General power to prosecute violations of section 622,[2] the version the legislature passed and the Governor signed limited that power to prosecutions under section 623, which is not at issue here.  *See* H.B. 242, § 18-623(4).  Not only that, but by granting the Attorney General prosecuting power only "if the prosecuting attorney … refuses to prosecute violations," H.B. 242 underscores that the county prosecutors have plenary authority while the Attorney General's powers exist only on referral or where specifically granted by statute.  H.B. 242, § 18-623(4).

These legislative changes also reinforce the inapplicability of *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004), which held that the Attorney General was a proper defendant to a pre-*Dobbs* facial challenge to Idaho's abortion statutes.  In so holding, the Ninth Circuit dismissed as dicta the Idaho Supreme Court's recognition in *Summer* that legislative changes had "reduc[ed] the authority of the Attorney General in relation to county prosecuting attorneys."  *See Summer,* 76 P.3d at 968; *Wasden*, 376 F.3d at 919-20 nn.7–8.  But that was before both *Dobbs*, which limited the scope of facial challenges to abortion statutes, and H.B. 242, which has made clear that the Attorney General lacks both general prosecutorial power and special power over prosecutions under section 622.

---

[2] *See* H.B. 242, original bill text Feb. 28, 2023, https://legislature.idaho.gov/wp-content/uploads/sessioninfo/2023/legislation/H0242.pdf.

Nor is this case controlled by *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999). There, the Nevada attorney general expressly threatened the plaintiff that it would either enforce the statute or refer the matter to a local prosecutor and "defend[ed] her authority and power to do so during much of the proceedings before the district court." *Culinary Workers*, 200 F.3d at 619. The opposite is true here: the Attorney General never sent the Crane Letter to Plaintiffs, never threatened Plaintiffs, never referred the matter to any local prosecutor, and has disclaimed any authority to bring such a prosecution. Dkt. 41-1 at 8.

Much more analogous is *McBurney v. Cuccinelli*, 616 F.3d 393 (4th Cir. 2010). There, the plaintiffs named the Virginia attorney general in their challenge to the enforcement of state law because he had "issued 'hundreds' of advisory opinions on similar facts." *Id.* at 401 n.5. The Fourth Circuit rejected this as a "special relation" under *Ex parte Young* because simply issuing advisory opinions—as the Attorney General did here with the Crane Letter—is insufficient. *Id.* Plus, the Fourth Circuit also said it would not apply the *Ex parte Young* exception "because the Attorney General has not acted or threatened to act." *Id.* at 402. The same is true here.

Finally, while the limitations of the Attorney General's prosecutorial authority are clear from the authorities above, to the extent the Court has any doubts, the Attorney General requests that this Court certify this dispositive question of sovereign immunity controlled by state law to the Idaho Supreme Court under Idaho Appellate Rule 12.3. *See Davis v. Blast Props., Inc.*, No. 1:21-cv-00218-BLW, 2023 WL 1767311, at *6 (D. Idaho 2023).

**II.    Plaintiffs have shown no credible threat.**

As Plaintiffs acknowledge, they must prove "they face a credible threat of pros-ecution" both to show standing to sue, Reply at 12 (internal quotation marks and citation omitted), and to overcome the Attorney General's Eleventh Amendment im-munity in federal court.  They fail to do so.  They do not contend that any of the 44 county prosecutors they sued have threatened them or anyone else under the Crane Letter theory.  And they do not claim the Attorney General made any specific threat to them or anyone else.  Instead, they contend only that the Crane Letter is a "general warning of enforcement" that, "coupled with [plaintiffs'] self-censorship in the face of the law," gives them standing.  Reply at 13 (citation omitted).  This is wrong.

First, the Crane Letter, as a private, privileged communication to a legislator, did not threaten enforcement against *anyone*, either in general or in specific.  The letter lacked the capacity to do so because, as explained above, the Attorney General cannot bring prosecutions under Idaho's abortion law.  Nor was the letter addressed to any purported threat recipient—it was a privileged communication directed solely to Rep. Crane that became public only because he forwarded it to a constituent who posted it online.  Plaintiffs insist the letter cannot have been private because Idaho law demands that Attorney General opinions be "made available for public consump-tion."  Reply at 15 (quoting Idaho Code § 67-1401(6)).  To the contrary, the Attorney General's opinion policy dictates that only "Official Attorney General Opinions" are published, while those "rendered in the form of an email or letter" are kept private.

*See* Ex. 4, OAG Feb. 24, 2023 Opinion Policy at 1. That was true in the last administration just as it is in this one.

Second, Plaintiffs cannot transform the Crane Letter's private opinion into a public threat by charging that the Attorney General has failed to adequately disavow it. The Ninth Circuit's "disavowal" cases concern situations where operative state law prohibits the plaintiff's conduct, such that "the government's failure to disavow enforcement" weighs in favor of standing. *Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022); *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021). That principle has little application here, since Plaintiffs do not contend that the law as written prohibits their conduct (in fact, they contend the opposite). *See* Dkt. 1 ¶ 40; Dkt. 2-1 at 4–5. And to the extent the "disavowal" cases do apply, they refute standing, because the thing Plaintiffs complain about—a private letter by the Attorney General—is not operative, having been "withdrawn" and rendered "void in its entirety." Withdrawal Letter at 1–2. Plaintiffs itch for more, complaining that the Attorney General's withdrawal of the Crane Letter neglected "to renounce its contents." Reply at 18. But disavowal does not require repudiation, and Article III does not demand every case proceed unless the defendant agrees to take the plaintiff's side.

Third, against all of this, Plaintiffs' "naked assertion" that their speech is still being chilled by the specter of the Crane Letter is not an injury. *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1175 (9th Cir. 2022). "Chilling speech" implies, at minimum, (1) that an official has directed a communication to the speaker (2) that threatens consequences the official can impose. Neither of those are true here. While a concrete

injury need not be tangible, it "must actually exist," and if Plaintiffs have self-censored in the face of a non-existent threat, "those injuries are self-inflicted." *Twitter, Inc.*, 56 F.4th at 1175–77.

## III.   The Attorney General has no opinion and Plaintiffs have no case.

Even apart from the matter of standing, Plaintiffs' case is infected with serious ripeness issues, as they invite the Court to decide abstract and theoretical questions of law and fact.  The ripeness doctrine exists to turn away suits like this one by "prevent[ing] courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Twitter, Inc.*, 56 F.4th 1170, 1173 (9th Cir. 2022).  Unsurprisingly, Plaintiffs steer clear of the ripeness analysis the Ninth Circuit requires.  *See, e.g., id.*; *Tingley*, 47 F.4th 1055, 1070 (9th Cir. 2022).  That is because they cannot satisfy its prudential requirements: (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." *Tingley*, 47 F.4th at 1070.

Plaintiffs cannot meet the fitness prong, which requires them to show that "the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *Id.*  That test requires courts to "consider whether the action 'has a direct and immediate effect on the complaining parties; whether the action has the status of law; and whether the action requires immediate compliance with its terms.'" *Id.* (citation omitted).  Each of these points weighs against Plaintiffs.

First, the Crane Letter is not "final"—it is void and has been withdrawn.  The Crane Letter is not "a definitive statement of [the Attorney General's] position," and

so any claimed injury is conjectural and hypothetical. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1126 (9th Cir. 2009). The Court can stop there because finality is essential to ripeness. *Id.*; *Tingley*, 47 F.4th at 1070. Plaintiffs are tilting at windmills.

Second, as a private advisory opinion sent to a single legislator, the Crane Letter never had the status of law. It carried no legal force or prosecutorial relevance and did not "require" Plaintiffs to comply in any way. *See Tingley*, 47 F.4th at 1070.

Third, the issues Plaintiffs raise are *not* primarily legal and *will* require further factual development. *Id.* This is especially true now that the Crane Letter is void and Plaintiffs pivot to a hypothetical "Labrador Interpretation" that they suspect the Attorney General of privately holding. Among other things, deciding Plaintiffs' claims would require complex factual judgments about what aspects of a physician's abortion referral are protected speech and an individualized accounting of the policies of all 44 county prosecutors (before they have all been served, and before any of them has taken any position on the question). This is why "[a] concrete factual situation is necessary to delineate the boundaries of what conduct the government may or may not regulate" lest the Court decide First Amendment "questions in a vacuum." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 2000).

Neither can Plaintiffs meet the hardship prong of the ripeness analysis, which "dovetails, in part, with the constitutional consideration of injury." *Id.* at 1142. For the reasons already explained, Plaintiffs do not face any actual or imminent, as opposed to conjectural or hypothetical, injury. *See Twitter, Inc.*, 56 F.4th at 1173. There hasn't been a hint of "real" or "imminent" enforcement against any physician,

*Thomas*, 220 F.3d at 1142, and self-censorship and subjective chill aren't enough. *Twitter, Inc.*, 56 F.4th at 1174.  On the other hand, "by being forced to defend" Plaintiffs' challenge now without "any particular victims"—let alone without an actual opinion—the Attorney General "would suffer hardship." *Thomas*, 220 F.3d at 1142.

Plaintiffs' invocation of this Court's jurisdiction is also foreclosed by the doctrine of mootness.  As this Court has recognized, "[t]he repeal of a specific law challenged by a plaintiff usually moots a case" about the law. *McCormack v. Hiedeman*, 900 F. Supp. 2d 1128, 1138 (D. Idaho 2013) (Winmill, J.), *aff'd*, 788 F.3d 1017 (9th Cir. 2015).  So here too, the voidance of the Crane Letter moots a case about the letter. Plaintiffs say the voluntary cessation doctrine keeps their case alive.  But that doctrine applies when a government official has initiated enforcement of a law and later ceases enforcement. *See, e.g., Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018) (enforcement of No Fly List regulations); *McCormack v. Herzog*, 788 F.3d 1017, 1025 (9th Cir. 2015), *abrogated by Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022) (enforcement of Idaho Code § 18-606).  It is inapplicable to a First Amendment pre-enforcement challenge that it is not directed at a law, but an opinion letter that was withdrawn before "any enforcement action against Plaintiff." *S. Mountain Creamery, LLC v. U.S. FDA*, 438 F. Supp. 3d 236, 243 n.8 (M.D. Pa. 2020).

Plaintiffs dismiss the Attorney General's standing arguments as "litigation-inspired tactical moves, obfuscation, and inapplicable procedural defenses" so he can avoid having "to defend the constitutionality of his own interpretation of Idaho law." Reply at 1.  But the rules of standing are fundamental to the Court's jurisdiction, not

just tactics.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  And the Attorney General has no interpretation he can defend because, as he has made painstakingly clear, the Crane Letter "does not represent the views of the Attorney General on any question of Idaho law."  Withdrawal Letter at 1–2.[3]

To grant Plaintiffs' request to decide questions of law adverse to the Attorney General over views he does not have would invite just the sort of collusive proceeding that Article III forbids.  It is difficult to even envision what meaningful relief to Plaintiffs would be—an injunction that no prosecutor bring charges on a theory that no prosecutor has sponsored?  That is not a justiciable controversy, it is a plea for this Court to render an advisory opinion adverse to the one the Attorney General has already withdrawn.

## CONCLUSION

The Court should dismiss this action for lack of jurisdiction.

---

[3] Plaintiffs say the Attorney General "made clear" to them that he withdrew the Crane Letter on "procedural grounds and that Plaintiffs should draw no substantive inferences about the Labrador Interpretation of the Total Abortion Ban from its withdrawal."  Reply at 4–5 (citation omitted).  The Attorney General disputes that characterization.  He did not state that the letter was withdrawn on procedural grounds and did not sponsor the existence of a "Labrador Interpretation."  Second Wilson Decl. ¶ 5.  Rather, he explained that, given the withdrawal of the Crane Letter, he has no opinion and so it is impossible to draw any inferences one way or another about what any such opinion might be.  *Id.* ¶ 8.

DATED:  April 20, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:    /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendants Attorney General*
*Raúl Labrador and Certain County Prosecut-*
*ing Attorneys[4]*

---

[4] Jan Bennetts, Ada County Prosecutor; Chris Boyd, Adams County Prosecutor; Alex Gross, Boise County Prosecutor; Andrakay Pluid, Boundary County Prosecutor; Jim Thomas, Camas County Prosecutor; McCord Larsen, Cassia County Prosecutor; Trevor Misseldine, Gooding County Prosecutor; Mark Taylor, Jefferson County Prosecutor; Rob Wood, Madison County Prosecutor; Lance Stevenson, Minidoka County Prosecutor; Cody Brower, Oneida County Prosecutor; Benjamin Allen, Shoshone County Prosecutor; Grant Loebs, Twin Falls County Prosecutor; and Brian Naugle, Valley County Prosecutor.

## CERTIFICATE OF SERVICE

I Hereby Certify that on April 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Peter G. Neiman*
peter.neiman@wilmerhale.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Michael J. Bartlett
michael@bartlettfrench.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

*Pro hac vice

  /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador and*
*Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**SECOND DECLARATION OF LINCOLN DAVIS WILSON** |

I, LINCOLN DAVIS WILSON, declare and state as follows:

1.      I am a Deputy Attorney General and Chief of Civil Litigation and Constitutional Defense for the Idaho Attorney General.

2.      Attached hereto as Exhibit 4 is a true and correct copy of the Opinion Policy of the Idaho Office of the Attorney General, effective February 24, 2023.

3.      In briefing and declarations submitted in this matter, Plaintiffs have made representations about statements I made on a telephone call on April 10, 2023.

4.      I have reviewed my contemporaneous notes of that telephone call and have determined that Plaintiffs have mischaracterized my statements.

5.      During that telephone call, I did not, as Plaintiffs have said, state that the Crane Letter was withdrawn on "procedural grounds" or sponsor in any way the existence of a "Labrador Interpretation" of Idaho's abortion laws on these matters.

6.      To the contrary, I explained repeatedly that the Attorney General's office has no position on the matters addressed in the Crane Letter because that letter has been withdrawn and nothing has been presented that would require the Attorney General to formulate a position or policy on the matter.

7.      Plaintiffs asked about whether one could infer from the withdrawal of the Crane Letter that the Attorney General had ruled out that interpretation of Idaho law.

8.      I responded and clarified that it is not possible to make any inferences about what the Attorney General's opinion might or might not be or whether the Attorney General had ruled in or ruled out any interpretation of Idaho law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2023.

By: _____/s/ Lincoln Davis Wilson_____
LINCOLN DAVIS WILSON

## OPINIONS POLICY – OFFICE OF IDAHO ATTORNEY GENERAL

### I. Basis for Opinions.

The relevant duties of the Idaho Attorney General are enumerated, *inter alia*, in Idaho Code § 67-1401(6) and include:

> To give an opinion in writing, without fee, to the legislature or either house thereof, or any senator or representative, and to the governor, secretary of state, treasurer, state controller, and the superintendent of public instruction, when requested, upon any question of law relating to their respective offices ….

### II. Types of Opinions.

All opinions must be approved by the Attorney General, Chief Deputy, Associate Attorney General, or Solicitor General *before* being relayed back to the requestor.  The Office of Attorney General (OAG) issues three types of opinions:

   A.  **Level One – Verbal Opinions**: rendered while providing legal or strategic assistance. These opinions involve simple matters when one of the individuals enumerated in Idaho Code §67-1401(6) requests one based upon any question of law relating to their respective offices.  The vast majority of requests will be answered in this manner.
   B.  **Level Two – Informal Opinions**: rendered in the form of an email or letter. These opinions involve questions of law of some complexity where a response in writing is appropriate or expected; and
   C.  **Level Three – Official Attorney General Opinions**: issued in response to authorized questions of major importance and/or statewide interest.  Additionally, the Attorney General may issue written opinions on his own accord on questions of major importance and/or statewide interest.

### III. General Policies.

   The following policies and practices apply to requests for written opinions:
   A.  The OAG will opine in writing only in response to a specific, written request signed by an authorized requestor named in Idaho Code § 67-1401(6).
   B.  The OAG will render an opinion only if the question of law relates to the respective offices of the enumerated requestors.  *See* Idaho Code § 67-1401(6).
   C.  The OAG does not render opinions to private parties including but not limited to members of the public, lobbyists, and the media.  He is the attorney of the State of Idaho—a body corporate—and additionally provides legal services to state entities as directed by the Legislature.
   D.  The OAG does not offer written opinions on questions that are abstract, hypothetical, or moot.
   E.  The OAG does not generally express opinions on matters in litigation, matters likely to be litigated, or matters before administrative boards for hearing and decision.
   F.  The OAG does not generally opine on the constitutionality of an enacted state statute. The Attorney General has a duty and may be called upon to defend

**EXHIBIT**

**4**

state statutes against a constitutional challenge.

      G. The OAG does not decide facts. When a legal conclusion would depend upon factual predicates that are unavailable or unprovided, the OAG will be unable to provide a written legal opinion.

The general policies and practices above may be waived in certain circumstances after consultation with the Attorney General or Chief Deputy.

## IV. Processing.

    A.   <u>Receipt and Assignment.</u>  When a request for an AG opinion is received by the OAG in writing, it is to be forwarded to the executive office paralegal who will record the request in the AG correspondence log. The Chief Deputy or the Associate Attorney General (AAG) will then assign the request to a division specifying the level of opinion to be prepared and the target date for completion of the draft opinion. The executive office paralegal will log the division to whom the assignment was made and the target date.

    B.   <u>Acknowledgement.</u>  The deputy to whom the request is assigned ("lead author") will immediately acknowledge the assignment to the executive office paralegal who will note this in the correspondence log. The lead author will also acknowledge receipt of the assignment to the requestor by either email or letter and will apprise the requestor periodically of the expected response date.

    C.   <u>Submission of Draft.</u>  The Chief Deputy or the AAG is principally responsible for reviewing opinions. After a draft opinion is completed and has been reviewed by the Division Chief, it is forward to the AAG. The lead author of the opinion will keep the Division Chief, AAG, and the Chief Deputy informed as to any circumstance that might cause the draft's delay.

    D.   <u>Opinion Conferences.</u>  Occasionally, when a matter is particular sensitive or controversial, or when deputies or agencies have differing views on the issues being analyzed, the Chief Deputy may assign two deputies to draft opposing opinions.  The lead authors of these opinions will meet to discuss and if possible, reach an accord on their disparate views.   In these instances, and when otherwise appropriate, the Chief Deputy will call an opinion conference to discuss the merits of each draft opinion. All participating in the opinion conference will frankly and completely discuss the merits of each approach. However, once the Chief Deputy decides upon which approach to take, the OAG will speak with one voice and dissents will not be published or otherwise communicated.

    E.   <u>Opinion Delivery.</u>  Upon receipt of a final draft, the Chief Deputy or the AAG will make final decisions about the level of opinion, the person who will deliver that opinion, and when.
Generally,
      A. **Level One** (verbal) opinions will be delivered by the  AAG or by the lead author or both;

    B. **Level Two** (email or letter) opinions will be dispatched by the Chief Deputy, AAG, or lead author; and

    C. **Level Three** (Official) Opinions will be released under the Attorney General's signature after the Chief Deputy receives the AG's approval.

## V. Prior Opinions.

    A. When assigned a request for an opinion, the lead author will review prior OAG opinions and guidelines on the same subject or statute. If a prior opinion provides an adequate response to a request, it should be sent with a cover email, or letter to the requestor and a new opinion should not be issued. Prior opinions are not overruled unless they are clearly erroneous and the reasons for doing so are expressly stated in the response. A deputy who concludes that a prior opinion must be overruled, will bring this to the attention of the Chief Deputy or his designee.

    B. WESTLAW has all OAG opinions since 1977. Earlier opinions are catalogued in the index card file in the executive office receptionist area.

## VI. Preparation and Format.

**VI. Preparation and Format.** Level Three opinions will be signed by the Attorney General and the lead author's name will be noted. They will consist of four parts:

    A. Statement of the Question;
    B. Conclusion;
    C. Analysis of the question; and
    D. Authorities considered.

Level Two opinions will follow typical correspondence format. Each written response should conclude with:

> This response is provided to assist you. It is an informal and unofficial expression of the views of this office based upon the research of the author.

\* \* \* \*

Raúl R. Labrador
ATTORNEY GENERAL

Lincoln Davis Wilson, ISB #11860
Chief of Civil Litigation and Constitutional Defense

Brian V. Church, ISB #9391
Timothy J. Longfield, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**DECLARATION OF LINCOLN DAVIS WILSON** |

I, LINCOLN DAVIS WILSON, declare and state as follows:

1.      I am a Deputy Attorney General and Chief of Civil Litigation and Constitutional Defense for the Idaho Attorney General.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a letter sent by the Attorney General to Representative Brent Crane on March 27, 2023.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the Declaration of Russell Barron dated April 14, 2023.

4.      Attached here as Exhibit 3 is a true and correct copy of a letter sent by the Attorney General to Representative Brent Crane on April 7, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2023.

By:     /s/ Lincoln Davis Wilson
        LINCOLN DAVIS WILSON

DECLARATION OF LINCOLN DAVIS WILSON - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice

   /s/ Lincoln Davis Wilson
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

DECLARATION OF LINCOLN DAVIS WILSON - 3



## STATE OF IDAHO

OFFICE OF THE ATTORNEY GENERAL

### RAÚL R. LABRADOR

March 27, 2023

BY HAND DELIVERY

The Honorable Brent Crane
Idaho House of Representatives
Idaho State Capitol
700 W. Jefferson Street, Rm. EW46
Boise, Idaho 83702

      Re:    Request for AG Analysis

Dear Representative Crane:

This letter is in response to your recent inquiry regarding Idaho's criminal prohibitions on abortion. Specifically, you asked whether Idaho's abortion prohibitions preclude 1) the provision of abortion pills, 2) the promotion of abortion pills, and 3) referring women across state lines to obtain abortion services or prescribing abortion pills that will be picked up across state lines. Idaho law prohibits each of these activities.

     1)    Idaho's criminal prohibition on performing an abortion includes providing abortion pills. Idaho's criminal law defines abortion to mean "the use of *any means* to intentionally terminate the clinically diagnosable pregnancy of a woman with knowledge that the termination by those means will, with reasonable likelihood, cause the death of the unborn child." Idaho Code § 18-604(1) (emphasis added). The criminal abortion statute, to which the statutory definition of "abortion" applies, does not distinguish between an abortion carried out as a medical procedure and an abortion carried out by pills or chemicals; the use of *any means* to carry out an abortion is prohibited. *See* Idaho Code § 18-622.

     2)    Two Idaho criminal statutes prohibit promoting abortion pills to the public. Idaho Code section 18-603 prohibits the promotion of abortion pills, unless the promoter is a licensed physician: "Every person, except licensed physicians . . ., who willfully publishes any notice or advertisement of any medicine or means for

**EXHIBIT**

**1**

producing or facilitating a miscarriage or abortion . . . is guilty of a felony." Idaho Code § 18-603. Similarly, under Idaho Code section 18-607, "[a] person who . . . offers to sell, . . . advertises, or displays for sale anything specially designed to terminate a pregnancy, or held out by the actor for that purpose, commits a misdemeanor." The statute has several exceptions, but none of them apply to the promotion of abortion pills to the public.

3) Idaho law prohibits an Idaho medical provider from either referring a woman across state lines to access abortion services or prescribing abortion pills for the woman to pick up across state lines. Idaho law requires the suspension of a health care professional's license when he or she "*assists* in performing or attempting to perform an abortion." Idaho Code § 18-622(2) (emphasis added). The plain meaning of assist is to give support or aid. An Idaho health care professional who refers a woman across state lines to an abortion provider or who prescribes abortion pills for the woman across state lines has given support or aid to the woman in performing or attempting to perform an abortion and has thus violated the statute.

Please let me know if you have any additional questions.

Sincerely,

RAÚL R. LABRADOR
Attorney General

RRL:kw

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW **DECLARATION OF RUSSELL S. BARRON** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

EXHIBIT
2

DECLARATION OF RUSSELL S. BARRON - 1

I, RUSSELL S. BARRON, declare and state as follows:

1.      I am the Division Administrator with the Idaho Division of Occupational and Professional Licenses (DOPL), which oversees the Idaho State Board of Medicine and Idaho State Board of Nursing. My responsibilities include those duties set forth in Chapter 26, Title 67, Idaho Code and include administering the laws regulating the professions within DOPL.

2.      The Idaho Attorney General did not at any time furnish a copy of the March 27, 2023 Letter to Brent Crane to DOPL or its constituent boards or otherwise advise the same with regard to any of the matters referred to in that letter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 13, 2023.

By: _____

RUSSELL S. BARRON

## CERTIFICATE OF SERVICE

I Hereby Certify that on April 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Peter G. Neiman*
peter.neiman@wilmerhale.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Michael J. Bartlett
michael@bartlettfrench.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

*Pro hac vice

  /s/ Lincoln Davis Wilson  
Lincoln Davis Wilson
Chief, Civil Litigation and
Constitutional Defense



**STATE OF IDAHO**
OFFICE OF THE ATTORNEY GENERAL
**RAÚL R. LABRADOR**

April 7, 2023

Representative Brent Crane
Idaho House of Representatives
Idaho State Capitol
700 W. Jefferson Street, Rm. EW46
Boise, ID 83702
NON-PRIVILEGED COMMUNICATION

     *Re: Withdrawal of March 27 Letter*

Representative Crane:

     On March 27, 2023, I provided you with a letter analysis of several questions prepared by my Associate Attorney General. Since then, the letter analysis has been mischaracterized as law enforcement guidance sent out publicly to local prosecutors and others. It was not a guidance document, nor was it ever published by the Office of the Attorney General.

     Due to subsequent events in the legislative process and my determination that your request was not one I was required to provide under Idaho law, that analysis is now void. Accordingly, I hereby withdraw it.

     First, the March 27 analysis is now moot because it relates to a law that has been significantly altered by intervening legislation. The day after I issued the analysis, the Legislature introduced HB374 to amend Idaho's laws concerning the legal definition and proscription of abortion that my analysis summarily addressed. That legislation passed on March 31, 2023, and was enacted upon the Governor's signature on April 6, 2023. The amendment of the existing statute by HB374 vitiates the "question of law" upon which you asked me to opine, rendering the letter void. Idaho Code § 67-1401(6).

     Second and troublingly, further examination of your request suggests it was not an authorized request for an Attorney General's Opinion as contemplated by Idaho Code § 67-1401(6). You were not asking for an opinion related to your duties as a legislator but were merely acting as a pass-through "requestor." State law

EXECUTIVE OFFICE
P.O. BOX 83720, BOISE, IDAHO 83720-0010
TELEPHONE: (208) 334-2400 FAX: (208) 854-8071
LOCATED AT 700 W. JEFFERSON STREET, SUITE 210

3-ER-349

EXHIBIT

3

authorizes the Attorney General to render an opinion when requested by, inter alia, "any senator or representative," *id.*, on questions of law related to their respective offices. As a result, the letter is withdrawn, and the resulting analysis is void.

Indeed, the subsequent use of the analysis illustrates the problems that arise when the Attorney General Opinion process is misused. Immediately after I transmitted this attorney-client letter to you, it was publicly posted by a nongovernmental third party who requested it in service of a political fundraising plea. This is precisely why I have sought to reform the opinion process and simply stick to a textualist reading of Idaho Code § 67-1401(6).

Again, for these reasons the March 27, 2023 letter is void in its entirety. It does not represent the views of the Attorney General on any question of Idaho law.

Respectfully,

RAÚL R. LABRADOR
Attorney General

# Exhibit 1

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs*
*identified on following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>              Plaintiffs,<br><br>        v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>              Defendants. | Case No.  1:23-cv-142 |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* *Admitted pro hac vice*

## <u>DECLARATION OF RACHEL E. CRAFT, ESQ.</u>

I, Rachel E. Craft, Esq., hereby declare as follows:

1.     I am over the age of eighteen.  I make this declaration based on personal knowledge of the matters stated herein.  If called to do so, I am competent to testify as to the matters contained herein.

2.     I represent Plaintiffs in the above-captioned action.  I am an attorney admitted to practice in New York and Massachusetts.  My Motion for Appearance Pro Hac Vice was granted on April 6, 2023.

3.     Idaho's Attorney General issued a letter dated March 27, 2023, interpreting Idaho Code § 18-622(2) to prohibit Idaho medical care providers from referring patients to out-of-state abortion services and to prohibit out-of-state abortions provided to Idaho residents.

4.     On April 7, 2023, the Attorney General issued a new letter, attached hereto as Exhibit A.  The April 7 letter states that the Attorney General is withdrawing the March 27 letter because there had been "intervening legislation" and because Representative Crane's request was not procedurally proper.  Ex. A at 1.

5.     On April 10, 2023, at 11:30 A.M. E.S.T., I attended a call with Lincoln Wilson and Brian Church, who are representing the Attorney General's office in this action.  I participated as counsel for Plaintiffs, along with Peter Neiman and Colleen Smith.  The purpose of the call was to discuss the April 7 letter.

6.     On the call, Lincoln Wilson made clear that the April 7 letter was withdrawn on procedural grounds and that Plaintiffs should draw no substantive inferences about the Attorney General's interpretation of Idaho Code § 18-622(2) from the withdrawal of the March 27 letter.

1

7.      During the call, Mr. Wilson was given multiple opportunities to repudiate the legal analysis in the March 27 letter.  He expressly declined to do so.  Thus, when directly asked whether, given the withdrawal of the March 27 letter, the Attorney General's office is still taking the position that a referral for out-of-state abortions violates Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

8.      When we directly asked whether, given the withdrawal of the March 27 letter, the Attorney General's office is still taking the position that abortions provided out-of-state violate Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13 2023 in New York, NY.

Rachel E. Craft, Esq.

3

**3-ER-356**

# Exhibit A



**STATE OF IDAHO**
OFFICE OF THE ATTORNEY GENERAL
**RAÚL R. LABRADOR**

April 7, 2023

Representative Brent Crane
Idaho House of Representatives
Idaho State Capitol
700 W. Jefferson Street, Rm. EW46
Boise, ID 83702
NON-PRIVILEGED COMMUNICATION

*Re: Withdrawal of March 27 Letter*

Representative Crane:

On March 27, 2023, I provided you with a letter analysis of several questions prepared by my Associate Attorney General. Since then, the letter analysis has been mischaracterized as law enforcement guidance sent out publicly to local prosecutors and others. It was not a guidance document, nor was it ever published by the Office of the Attorney General.

Due to subsequent events in the legislative process and my determination that your request was not one I was required to provide under Idaho law, that analysis is now void. Accordingly, I hereby withdraw it.

First, the March 27 analysis is now moot because it relates to a law that has been significantly altered by intervening legislation. The day after I issued the analysis, the Legislature introduced HB374 to amend Idaho's laws concerning the legal definition and proscription of abortion that my analysis summarily addressed. That legislation passed on March 31, 2023, and was enacted upon the Governor's signature on April 6, 2023. The amendment of the existing statute by HB374 vitiates the "question of law" upon which you asked me to opine, rendering the letter void. Idaho Code § 67-1401(6).

Second and troublingly, further examination of your request suggests it was not an authorized request for an Attorney General's Opinion as contemplated by Idaho Code § 67-1401(6). You were not asking for an opinion related to your duties as a legislator but were merely acting as a pass-through "requestor." State law

authorizes the Attorney General to render an opinion when requested by, inter alia, "any senator or representative," *id.,* on questions of law related to their respective offices. As a result, the letter is withdrawn, and the resulting analysis is void.

Indeed, the subsequent use of the analysis illustrates the problems that arise when the Attorney General Opinion process is misused.  Immediately after I transmitted this attorney-client letter to you, it was publicly posted by a nongovernmental third party who requested it in service of a political fundraising plea. This is precisely why I have sought to reform the opinion process and simply stick to a textualist reading of Idaho Code § 67-1401(6).

Again, for these reasons the March 27, 2023 letter is void in its entirety.  It does not represent the views of the Attorney General on any question of Idaho law.

Respectfully,

RAÚL R. LABRADOR
Attorney General

# Exhibit 2

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
  Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients, | |
| Plaintiffs, | Case No.  1:23-cv-142 |
| v. | |
| **RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities, | |
| Defendants. | |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

*\* Admitted pro hac vice*

## <u>SUPPLEMENTAL DECLARATION OF REBECCA GIBRON</u>

I, Rebecca Gibron, hereby declare as follows:

1.      I am over the age of eighteen.  I make this supplemental declaration based on personal knowledge of the matters stated herein and on information known or reasonably available to my organization.  If called to do so, I am competent to testify as to the matters contained herein.

2.      I am the CEO of Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky ("Planned Parenthood"), a not-for-profit corporation organized under the laws of the State of Washington and doing business in Idaho.  I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Injunctive Relief.

3.      In my previous declaration, I stated that "[t]he Attorney General's overbroad interpretation of Idaho Code § 18-622 [in his March 27, 2023 letter] will prevent Planned Parenthood and our dedicated team of medical professionals from fulfilling" our mission of providing "comprehensive reproductive health services."  Gibron Decl. (ECF No. 2-2) ¶¶ 15-16.  Specifically, I stated that medical personnel "will be forced to stop providing information and recommendations about abortion services because they fear criminal prosecution and losing their professional licenses" and that they fear that "provid[ing] abortions outside of Idaho . . . could result in the revocation of their Idaho licenses despite the fact that abortion is lawful in those other states."  *Id.* ¶¶ 17, 24.

4.      On April 7, 2023, I learned of and read Attorney General Labrador's second letter withdrawing his March 27 letter.  *See* Craft Decl. Ex. A.

5.      I understand that Lincoln Wilson, the Attorney General's Civil Litigation and Constitutional Defense Division Chief, has since made clear in conversations with my attorneys that the original March 27 letter was rescinded on procedural grounds.  I further understand that,

1

in response to direct questioning from my attorneys regarding whether, given the withdrawal of the letter, the Attorney General's office is still taking the position that a referral for out-of-state abortions violates Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

6. Because the Attorney General has refused to say that Idaho Code § 18-622 does not bar referrals for out-of-state abortions or extend to abortions performed outside of Idaho, I remain concerned that the Attorney General still believes that the legal reasoning in the March 27 letter was correct and that he may use that reasoning to penalize Planned Parenthood providers and staff for supplying information about or providing out-of-state abortion care.

7. The Attorney General's actions still appear to be "calculated to increase confusion about what remains legal and what does not, by construing Idaho's abortion ban to apply in some way to at least some abortions in other states." Gibron Decl. ¶ 23. Thus, the harm to Planned Parenthood, our providers, and our patients continues unabated.

8. Our medical providers are still unable to ensure care for our patients by recommending providers in other states who can provide the necessary abortion care that Idaho does not permit. Licensed providers and other staff at our Idaho health centers are still unable to provide information and recommendations about abortion services because they fear criminal prosecution and losing their professional licenses.

9. Planned Parenthood's staff continue to fear they could be subjected to attempts to bring civil or even criminal charges against them.

10. Moreover, Planned Parenthood providers are still concerned about the licensure penalties for providing referrals to patients for out-of-state abortions or otherwise giving "support or aid" to patients seeking abortions. Certain Planned Parenthood providers who are licensed in

Idaho wish to provide abortions outside of Idaho but continue to fear that doing so could result in the revocation of their Idaho licenses despite the fact that abortion is lawful in those other states. Other Planned Parenthood providers who are licensed in Idaho and another state are still considering giving up their Idaho licenses altogether to avoid the still-looming threat to their licenses.

11.     Beyond the credible fears of Planned Parenthood providers and staff, I also remain concerned about the harm to our patients.  As I explained in my prior declaration, some patients will not know how to access abortion outside of Idaho or will face delays in accessing this information and in accessing the care itself.  *Id.* ¶¶ 18-19.  This poses risks to our patients' health, particularly for our patients who are people of color or are low income or who live in rural areas. *Id.* ¶¶ 20-21.

12.     In short, the Attorney General's April 7 letter has not allayed my fears or those of Planned Parenthood staff and providers about threats of licensure penalties or even criminal charges.  This continues to pose threats to Idahoans' health.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2023 in _____, Anchorage, _____. Alaska

Rebecca Gibron

4

# Exhibit 3

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
   Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
  Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs*
*identified on following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients, <br><br>            Plaintiffs, <br><br>    v. <br><br> **RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities, <br><br>            Defendants. | Case No.  1:23-cv-142 |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* Admitted pro hac vice

## SUPPLEMENTAL DECLARATION OF CAITLIN GUSTAFSON, M.D.

I, Caitlin Gustafson, M.D., hereby declare as follows:

1.      I am over the age of eighteen.  I make this supplemental declaration based on personal knowledge of the matters stated herein and on information known or reasonably available to me.  If called to do so, I am competent to testify as to the matters contained herein.

2.      I am a plaintiff in the above captioned action.  As detailed in the first declaration I submitted in this case, *see* Gustafson Decl. (ECF No. 2-3), I am a physician licensed to practice medicine in the State of Idaho since 2004 and have been a practicing doctor in Idaho for nearly two decades.  I have been a board-certified family medicine physician with a fellowship in obstetrics since 2007.  I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Injunctive Relief.

3.      In my previous declaration, I stated that, "as a result of the Attorney General's letter"—which states that providers violate Idaho Code § 18-622(2) by referring women out of state to access abortion care—"when my patients require abortions, I am now forced to tell them that I am unable to help them and that I cannot say anything about their abortion options in other states, even though that care is lawful in those states."  Gustafson Decl. ¶ 17.

4.      I understand that on April 7, 2023, the Attorney General sent a follow-up letter to Representative Brent Crane withdrawing his original letter from March 27, 2023.  I understand that the April 7 letter states that it is withdrawing the March 27 letter because the original analysis had been altered by "intervening legislation" and that Representative Crane's request was not procedurally proper.  Craft Decl. Ex. A at 1.

5.      I understand that Lincoln Wilson, the Attorney General's Civil Litigation and Constitutional Defense Division Chief, has since made clear in conversations with my attorneys

that the original March 27 letter was rescinded on procedural grounds.  I further understand that, in response to direct questioning from my attorneys regarding whether, given the withdrawal of the letter, the Attorney General's office is still taking the position that a referral for out-of-state abortions violates Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

6.     Given that the Attorney General has refused to renounce the legal substance of his original March 27 letter, I continue to fear that, if I were to have conversations with patients concerning the availability of abortion services outside of Idaho, or if I were to recommend an out-of-state abortion provider or speak to that provider to discuss pertinent details of a patient's history or clinical status to assist the provision of safe care, my professional license could be suspended and/or revoked.

7.     I also continue to fear that I could be subject to prosecution for providing abortion services or information related to licensed abortion care outside the state of Idaho.

8.     I am still forced to tell my patients who require abortions that I am unable to help them and that I cannot say anything about their abortion options in other states, even though that care is lawful in those states.

9.     The Attorney General's refusal to renounce the legal substance of his original letter thus continues to have a very strong chilling effect on my ability to speak with, counsel, and care for my patients, which is contrary to my ethical obligation to care for my patients and to provide them with information about all appropriate medical options.  It is also contrary to the standard of care in medicine that I, and all other physicians, are taught.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2023 in _Me Call_ , _Idaho_ .

_Caitln Gustafson M D_

Caitlin Gustafson, M.D.

3