No. 23-35518

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, ET AL.,

*Plaintiffs-Appellees,*

*v.*

RAÚL LABRADOR, ET AL.,

*Defendant-Appellant,*

On Appeal from the United States District Court
for the District of Idaho

No. 1:23-cv-00142-BLW
The Honorable B. Lynn Winmill

## EXCERPTS OF RECORD
### Volume 4 of 4

RAÚL R. LABRADOR
 *Attorney General*

Idaho Office of the Attorney General
700 W. Jefferson St.
Suite 210
Boise, ID 83720
(208) 334-2400
josh.turner@ag.idaho.gov
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov

THEODORE J. WOLD
 *Solicitor General*
LINCOLN DAVIS WILSON
 *Chief, Civil Litigation and
 Constitutional Defense*
JOSHUA N. TURNER
 *Deputy Solicitor General*
BRIAN V. CHURCH
 *Deputy Attorney General*

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
    Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>Defendants. | Case No.  1:23-cv-142<br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* *Pro hac vice applications forthcoming*

## <u>MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>

Under Federal Rule of Civil Procedure 65, Plaintiffs Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky ("Planned Parenthood"), and Darin L. Weyhrich, M.D., respectfully move for a temporary restraining order and preliminary injunction against Raúl Labrador in his official capacity as Attorney General of the State of Idaho, County Prosecuting Attorneys ("County Prosecuting Attorneys") in the following Idaho counties Ada, Adams, Bannock, Bear Lake, Benewah, Bingham, Blaine, Boise, Bonner, Bonneville, Boundary, Butte, Camas, Canyon, Caribou, Cassia, Clark, Clearwater, Custer, Elmore, Franklin, Fremont, Gem, Gooding, Idaho, Jefferson, Jerome, Kootenai, Latah, Lemhi, Lewis, Lincoln, Madison, Minidoka, Nez Perce, Oneida, Owyhee, Payette, Power, Shoshone, Teton, Twin Falls, Valley, and Washington, named in their official capacities, and the members of the Idaho State Board of Medicine, and the Idaho State Board of Nursing, named in their official capacities, to prohibit enforcement of Idaho Code § 18-622(2) as interpreted by Attorney General Labrador.  Plaintiffs' arguments in support of this motion are fully set forth in the attached memorandum of law and supporting declarations.

1

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
T: 212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties
    Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

*Attorneys for Physician Plaintiffs*

Respectfully submitted,
/s/ Colleen R. Smith
Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 2006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
    Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*
*\* Pro hac vice applications forthcoming*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2023, I filed the foregoing electronically though the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Not Applicable (no defendant has yet appeared)

And I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF registered participants via U.S. first class mail, postage prepaid addressed as follows:

Raul R. Labrador
Office of the Attorney General State of Idaho
700 W. Jefferson St.
P.O. Box 83720
Boise, ID 83720-0010

Members of the Idaho State Board of Medicine
Idaho State Board of Medicine
11341 W. Chinden Blvd
Boise, ID 83714

Members of the Idaho State Board of Nursing
Idaho State Board of Nursing
11341 W. Chinden Blvd.
Boise, ID 83714

Jan M. Bennetts
Ada County Prosecuting Attorney
Adan County Prosecutor's Office
200 West Front Street, Room 3191
Boise, ID 83702

Christopher D. Boyd.
Adams County Prosecuting Attorney
P.O. Box 604
Council, ID 83612

Stephen F. Herzog
Bannock County Prosecuting Attorney
624 E Center St, Room 204
Pocatello, ID 83201

Adam McKenzie
Bear Lake County Prosecuting Attorney
Bear Lake County Courthouse 30 N Main
P.O. Box 190
Paris, ID 83261

Mariah R. Dunham
Benewah County Prosecuting Attorney
701 W College Ave., Suite 201
St. Maries, Idaho 83861

Paul Rogers
Bingham County Prosecuting Attorney
501 N Maple.
Blackfoot, Idaho

Matt Fredback
Blaine County Prosecuting Attorney
219 South 1st Avenue
Suite 201
Hailey, ID 83333

Adam Strong
Boise County Appointed Prosecuting Attorney
406 Montgomery Street
P.O. Box 186
Idaho City, Idaho 83631

Louis Marshall
Bonner County Prosecuting Attorney
1500 Highway 2
Sandpoint, ID 83864

Randy Neal
Bonneville County Prosecuting Attorney
605 N Capital Ave.
Idaho Falls, Idaho 83402

Andrakay J. Pluid
Boundary County Prosecuting Attorney
6452 Kootenai Street, Room 12
P.O. Box 1148
Bonners Ferry, ID 83805
Steve Stephens
Butte County Prosecuting Attorney

P.O. Box 736
Arco, ID 83213

Jim Thomas
Camas County Prosecuting Attorney
501 Soldier Road
P.O. Box 160
Fairfield, ID 83327

Bryan Taylor
Canyon County Prosecuting Attorney
1115 Albany St
Caldwell, ID 83605

S. Doug Wood
Caribou County Prosecuting Attorney
159 South Main
Soda Springs, ID 83276

McCord Larsen
Cassia County Prosecuting Attorney
1459 Overland Ave. 3rd Floor
P.O. Box 7
Burley, ID 83318

Craig Simpson
Clark County Prosecuting Attorney
P.O. Box 2869
Idaho Falls, ID.

E. Clayne Tyler
Clearwater County Prosecuting Attorney
106 Michigan Ave
Orofino, ID 83544

Justin Oleson
Custer County Prosecuting Attorney
521 E. Main Ave.
PO Box 630
Challis, ID  83226-0630

Shondi Lott
Elmore County Prosecuting Attorney
Elmore County Courthouse Annex
190 South 4th East
Mountain Home Idaho 83647

Vic A. Pearson
Franklin County Prosecuting Attorney
Franklin County Prosecuting Attorney's Office
39 West Oneida
Preston, ID 83263

Lindsey Blake
Fremont County Prosecuting Attorney
22 W. 1st North, St.
St. Anthony, ID 83445

Erick Thomson
Gem County Prosecuting Attorney
306 E. Main St.
Emmett, ID 83617

Trevor Misseldine
Gooding County Prosecuting Attorney
624 Main Street
Gooding, ID 83330

Kirk A MacGregor
Idaho County Prosecutor
416 West Main Street
PO Box 463
Grangeville, Idaho 83530

Mark Taylor
Jefferson County Prosecuting Attorney
Jefferson County Courthouse
210 Courthouse Way Suite 220
Rigby, ID 83442

Brad Calbo
Jerome County Prosecuting Attorney
Jerome County Judicial Annex
233 W Main St
Jerome, ID 83338

Stanley Mortensen
Kootenai County Prosecuting Attorney
501 Government Way
Coeur d'Alene, ID 83814

Bill Thompson

Latah County Prosecuting Attorney
Latah County Courthouse
522 S Adams Street
Moscow, ID 83843

Paul Withers
Lemhi County Prosecutor
1301 Main Street, Suite 6
Salmon, ID 83467

Zachary Pall
Lewis County Prosecutor
Lewis County Courthouse
510 Oak Street #2
Nezperce, ID 83543

Richard Roats
Lincoln County Prosecuting Attorney
111 West B Street
P.O. Box 860
Shoshone, ID  83352

Rob Wood
Madison County Prosecuting Attorney
Madison County Clerk's Office
134 E Main Street
Rexburg, ID 83440

Lance Stevenson
Minidoka County Prosecuting Attorney
P.O. Box 368
Rupert, ID 83350

Justin Coleman
Nez Perce County Prosecuting Attorney
1113 F Street
Lewiston, ID 83501

Cody L. Brower
Oneida County Prosecuting Attorney
10 W. Court Street
Malad, ID 83252

Christopher Topmiller
Owyhee County Prosecuting Attorney
P.O. Box 128

Murphy, ID 83650

Mike Duke
Payette County Prosecuting Attorney
1115 1st. Ave. N.
Payette, ID 83661

Jason E. "Mack" Mackrill
Power County Prosecuting Attorney
Power County Courthouse
543 Bannock Ave.
American Falls, ID 83211

Ben Allen
Shoshone County Prosecuting Attorney
Shoshone County Courthouse
700 Bank Street, Suite 200
Wallace, ID 83873

Bailey A. Smith
Teton County Prosecuting Attorney
Law Enforcement Center
230 N Main Street, Suite 125
Driggs, ID 83422

Grant P. Loebs
Twin Falls County Prosecuting Attorney
425 Shoshone St. North
Third Floor
P. O. Box 126
Twin Falls, ID 83303-0126

Brian Naugle
Valley County Prosecuting Attorney
Valley County Courthouse
219 N. Main Street
Cascade, ID 83611

Delton L. Walker
Washington County Prosecuting Attorney
Walker Law Office
232 E Main Street
Weiser, ID 83672

/s/ Colleen R. Smith
Colleen R. Smith (ISB No. 10023)

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients, | |
| Plaintiffs, | |
| v. | Case No.  1:23-cv-142 |
| **RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Defendants. | |

1

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
    Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* *Pro hac vice applications forthcoming*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 2

A.     Idaho's Criminalization of Abortion ....................................................................... 2

B.     The Attorney General's Threatened Enforcement Is Irreparably Harming
Plaintiffs and Their Patients .................................................................................... 3

LEGAL STANDARD ......................................................................................................... 6

ARGUMENT ...................................................................................................................... 7

I.      PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS ......................... 7

       A.     AG Labrador's Interpretation Is an Impermissible Content- and
Viewpoint-Based Regulation of Speech That Violates the First
Amendment ................................................................................................. 8

       B.     AG Labrador's Interpretation of The Total Abortion Ban Violates The
Due Process Clause By Penalizing Extraterritorial Conduct That Is Legal
In The State Where It Occurs .................................................................... 11

       C.     AG Labrador's Interpretation Of The Total Abortion Ban Violates The
Dormant Commerce Clause By Penalizing Extraterritorial Conduct That Is
Legal In The State Where It Occurs ......................................................... 14

II.     PLAINTIFFS WILL BE IRREPARABLY HARMED BY THE DENIAL OF THEIR
CONSTITUTIONAL RIGHTS AND THEIR INABILITY TO CARE FOR THEIR
PATIENTS ........................................................................................................... 16

III.    THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR AN INJUNCTION .................... 17

CONCLUSION ................................................................................................................. 18

# TABLE OF AUTHORITIES

## CASES

Page(s)

*American Beverage Ass'n v. City & County of San Francisco*, 916 F.3d 749
(9th Cir. 2019) .................................................................................................17

*Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*, 564 U.S. 721
(2011) .............................................................................................................10

*Bigelow v. Virginia*, 421 U.S. 809 (1975) ................................................9, 10, 11, 12, 14

*BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) ................................11, 12, 13

*Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447 (1923) ................................7

*Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002) ........................................................9

*Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614 (9th Cir. 1999) ...........7

*Diamontiney v. Borg*, 918 F.2d 793 (9th Cir. 1990) ...................................................16

*Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022) ..............1, 12

*Dominguez v. Schwarzenegger*, 596 F.3d 1087 (9th Cir. 2010) ...................................17

*Elrod v. Burns*, 427 U.S. 347 (1976) .......................................................................16

*Farris v. Seabrook*, 677 F.3d 858 (9th Cir. 2012) .....................................................16

*Gordon v. Holder*, 721 F.3d 638 (D.C. Cir. 2013) .....................................................17

*H.P. Hood & Sons, Inc. v. Du Mond*, 336 U.S. 525 (1949) .........................................14

*Healy v. Beer Institute, Inc.*, 491 U.S. 324 (1989) ..........................................14, 15, 16

*Hughes v. Oklahoma*, 441 U.S. 322 (1979) ..............................................................14

*Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660 (7th Cir. 2010) ...............................15

*National Ass'n of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018) ...........9

*Nielsen v. State of Oregon*, 212 U.S. 315 (1909) ..................................................11, 14

*Perlot v. Green*, 609 F. Supp. 3d 1106 (D. Idaho 2022) ..............................................6

*Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004) ...............7

*Puente Arizona v. Arpaio*, 821 F.3d 1098 (9th Cir. 2016).................................................6

*Recycle for Change v. City of Oakland*, 856 F.3d 666 (9th Cir. 2017)............................6

*Reed v. Town of Gilbert, Arizona*, 576 U.S. 155 (2015)....................................................8

*Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819 (1995) ....................8

*Sam Francis Foundation v. Christies*, 784 F.3d 1320 (9th Cir. 2015) ..........................15

*Sanders County Republican Central Committee v. Bullock*, 698 F.3d 741 (9th Cir. 2012) ...........7

*Short v. Brown*, 893 F.3d 671 (9th Cir. 2018) ................................................................6

*South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080 (2018) ........................................14, 15

*State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).....11, 12, 13, 14

*Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832
    (9th Cir. 2001)..........................................................................................6

*Summit Health, Ltd. v. Pinhas,* 500 U.S. 322 (1991)....................................................15

*Tingley v. Ferguson*, 47 F.4th 1055 (9th Cir. 2022) .....................................................10

*United States v. Alvarez*, 567 U.S. 709 (2012) .............................................................10

*Victory Processing, LLC v. Fox*, 937 F.3d 1218 (9th Cir. 2019)..................................10

*Western Watersheds Project v. Zinke*, 336 F. Supp. 3d 1204 (D. Idaho 2018) ............................7

*White v. Ford Motor Co.*, 312 F.3d 998 (9th Cir. 2002)................................................12

## STATUTES, RULES, AND REGULATIONS

Idaho Code
    § 18-622 ...............................................................................................2, 3, 11
    § 31-2227 ...................................................................................................7
    § 54-1814 ...................................................................................................7
    § 54-1404 ...................................................................................................7
    § 54-1718 ...................................................................................................7

### INTRODUCTION

Shortly after the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), Idaho's ban on abortion went into effect, stripping Idahoans of the longstanding right to choose to terminate a pregnancy.  On March 27, 2023, Attorney General Labrador ("Labrador") issued a letter interpreting Idaho law to prohibit health care providers from giving patients truthful and accurate information about out-of-state abortion services, including referrals for such services, or anything else deemed to "assist" the patient in obtaining an abortion out of state (the "Labrador Interpretation").  The Labrador Interpretation is an unprecedented overreach that infringes on the rights of Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky ("Planned Parenthood"), Caitlin Gustafson, M.D., and Darin L. Weyhrich, M.D. (collectively, "Plaintiffs") under the First Amendment and the Due Process and Dormant Commerce Clauses, and, if vindicated, could permit the State to prohibit abortions occurring in other states where such conduct is wholly legal.  As a result, Plaintiffs—who provide comprehensive reproductive health care consistent with Idaho law—have stopped providing critical information to their patients regarding lawful, out-of-state abortion care when desired by the patient, and are left in grave uncertainty as to what actions may expose them to penalties under the extreme and unconstitutional Labrador Interpretation.

Labrador's overreach puts state government in the exam room with the health care provider and patient, making their communications about abortions that are legal in other states fodder for a potential licensing—or even criminal—case against the provider.  Moreover, the Labrador Interpretation is inconsistent with *Dobbs*, which permitted each individual state to regulate abortion and did not "prevent the numerous states that readily allow abortion from continuing to readily allow abortion."  *Dobbs*, 142 S. Ct. at 2305 (Kavanaugh, J., concurring) (listing *amici* states supporting abortion provider-plaintiff)).

1

Absent immediate relief from this Court, the Labrador Interpretation will continue to violate Plaintiffs' constitutional rights each and every day it remains in effect, and will continue to prevent Plaintiffs from counseling their patients about all appropriate medical treatments, including about abortion in states where it is legal.  Plaintiffs seek a temporary restraining order and injunctive relief to block this unconstitutional and unprecedented application of Idaho law.

## FACTUAL BACKGROUND

### A.  Idaho's Criminalization of Abortion

For nearly fifty years, physicians provided safe and legal abortions to Idahoans.  Following the U.S. Supreme Court's ruling in *Dobbs*, Idaho laws restricting abortion, including Idaho Code § 18-622 (the "Total Abortion Ban"), were allowed to go into effect, forcing Idahoans seeking abortions to flee the state to obtain one—or to carry their pregnancies to term if they could not do so.

Idaho Code § 18-622 makes it a felony to perform or attempt to perform an abortion, carrying a penalty of two to five years in prison.  The statute also imposes professional licensing penalties for any "health care professional who performs or attempts to perform an abortion or who assists in performing or attempting to perform an abortion in violation of this subsection."  *Id.* The statute mandates that the provider's license be suspended for six months upon the first offense, and permanently revoked upon the second.  *Id.*

On March 27, 2023, Labrador responded to Representative Brent Crane's inquiry about the scope of Idaho's abortion prohibitions. In his letter, Labrador asserted that the Total Abortion Ban's professional licensing provision bars medical providers from "referring a woman across state lines to access abortion services."  Compl. Ex. 1 (March 27, 2023 Letter from Labrador to Representative Brent Crane) at 2.  Labrador also broadly interpreted the term "assist" in Idaho Code § 18-622 to mean "give support or aid."  *Id.*

2

The Labrador Interpretation thus announces two premises with respect to § 18-622(2). First, he claims that Idaho law prohibits health care providers from providing assistance to Idahoans in need of out-of-state abortion services by giving them information about and/or making referrals for abortion services in states where such services are legal. And second, the necessary conclusion of his Interpretation is that Idaho's Total Abortion Ban applies not only to abortions performed within the state, but also to abortions performed elsewhere, because he interprets an abortion performed out-of-state as an abortion that triggers the license suspension, which only applies to an abortion performed "*in violation of this subsection.*" Idaho Code § 18-622(2) (emphasis added). The only way that could be true is if an out-of-state abortion violates Idaho's Total Abortion Ban.

### B.  Labrador's Threatened Enforcement Is Irreparably Harming Plaintiffs And Their Patients

Plaintiffs provide comprehensive reproductive health care in Idaho, which included abortions before the Total Abortion Ban went into effect.[1] Weyhrich Decl. ¶¶ 3, 8, 12; Gibron Decl. ¶¶ 4, 9-10, 12-14; Gustafson Decl. ¶¶ 3, 8. Although no Plaintiff has provided an abortion in Idaho since the Total Abortion Ban took effect, all continue to see some patients who choose to seek abortion care in states where doing so is legal. This includes those for whom abortions may be medically appropriate or necessary to protect the patient's health, as well as those who choose abortion for any of a range of other personal, family, or economic reasons. Weyhrich Decl. ¶¶ 9-11; Gibron Decl. ¶ 11; Gustafson Decl. ¶¶ 9-11.

---

[1] Dr. Weyhrich and Dr. Gustafson have practiced obstetrics and gynecology in Idaho for nearly two decades. Weyhrich Decl. ¶ 2; Gustafson Dec. ¶ 2. Planned Parenthood, the largest provider of reproductive health services in Idaho, provides a broad range of reproductive and sexual health services, including, but not limited to: testing, treatment and vaccines for certain sexually transmitted infections, cervical cancer screening, mammogram referrals, fibroids evaluations, and annual wellness checks. Gibron Decl. ¶ 9. It employs licensed health professionals in Idaho and neighboring states. Gibron Decl. ¶¶ 10, 13, 14, 24.

3

Pregnant patients may require abortions for a variety of serious health reasons, including high-risk diabetes or hypertension.  Weyhrich Decl. ¶ 10.  Other pregnant patients may require abortions following placental abruption or infection or the onset of pre-eclampsia—serious health risks that can result in death if pregnant patients continue their pregnancies.  Gustafson Decl. ¶ 10.  Other pregnant patients may require abortions as a result of high-risk health conditions or treatments unrelated to pregnancy, including, for instance, cancer treatments, which could put the pregnant woman's health and even life at risk if forced to carry to term.  Other patients seek abortions because of serious fetal anomalies or because the pregnancy resulted from rape or incest.  Gibron Decl. ¶ 11; Gustafson Decl. ¶ 11; Weyhrich Decl. ¶¶ 9, 11.

After the imposition of the Total Abortion Ban, but before the Labrador Interpretation, the practice of Planned Parenthood and Dr. Gustafson was to counsel patients about their available options, including carrying the pregnancy to term or abortion.[2]  Gibron Decl. ¶ 12; Gustafson Decl. ¶ 12.  As part of this conversation, Planned Parenthood and Dr. Gustafson would provide patients with information about out-of-state abortions and provide referrals and other information that helped patients make the necessary scheduling and travel arrangements; when necessary, Dr. Gustafson would talk with out-of-state doctors to facilitate continuity of care.  Gibron Decl. ¶ 13; Gustafson Decl. ¶ 13.  Planned Parenthood staff would also help patients schedule appointments at one of its Washington health centers or give them information about health centers operated by other providers in states where abortion is legal.  Gibron Decl. ¶ 14.

As a result of the Labrador Interpretation and under threats of loss of their professional licenses and, potentially, criminal prosecution, Plaintiffs can no longer advise patients about

---

[2] Dr. Weyhrich did not treat any patients needing out-of-state recommendations for abortion providers during this time.  Weyhrich Decl. ¶ 12.

4

options for terminating their pregnancies and the availability of legal, out-of-state options, nor can they assist patients by making referrals or scheduling appointments, including in the context of medically complex pregnancies as well as for the range of other reasons that patients choose abortion.  Gibron Decl. ¶¶ 15-17; Gustafson Decl. ¶¶ 16-17; Weyhrich Decl. ¶ 14.  This has devastating consequences for Plaintiffs, who can no longer speak freely about medical treatments with their patients or help them with basic information about how to access those treatments, and who are forced to act contrary to both medical ethics and the standard of care.  Gibron Decl. ¶ 17; Gustafson Decl. ¶¶ 18, 20; Weyhrich Decl. ¶¶  15-19.

It also has devastating consequences for Plaintiffs' patients.  Gibron Decl. ¶¶ 18-21; Gustafson Decl. ¶¶ 19, 21; Weyhrich Decl. ¶ 20.  Without access to referrals or other guidance, patients will be unable to access abortions in other states or inhibited from doing so because they do not have the guidance of a trusted physician and must rely on less accurate information.  Gibron Decl. ¶ 18; Gustafson Decl. ¶¶ 21, 24; Weyhrich Decl. ¶¶ 21-22.  Such patients may be forced to carry their pregnancies to term, which can have serious medical consequences and social and economic effects on pregnant patients and their families.  Gibron Decl. ¶ 20; Gustafson Decl. ¶ 22; Weyhrich Decl. ¶ 25.  Other patients may ultimately be able to access abortions, but their care will be delayed or compromised for lack of a referral.  Gibron Decl. ¶ 19; Gustafson Decl. ¶ 21; Weyhrich Decl. ¶ 26.  Delays in care can result in dire health consequences.  Gibron Decl. ¶ 20; Gustafson Decl. ¶ 25; Weyhrich Decl. ¶¶ 26-28.

The Labrador Interpretation also leaves Plaintiffs profoundly uncertain about what conduct could expose them to civil, or even criminal, charges.  For example, some providers who are licensed in both Idaho and another state want to provide abortions outside of Idaho, but fear that doing so could result in revocation of their Idaho licenses despite the fact that abortion is lawful in

5

those other states.   Gustafson Decl. ¶ 15; Gibron Decl. ¶ 22.   This leaves Plaintiffs with the untenable choice of giving up their Idaho licensure, limiting the lawful medical services they provide in other states because of fear that Idaho will attempt to enforce its Total Abortion Ban even as to abortions that take place in other states, or attempting to guess what information or medical services will lead to such enforcement efforts.   *See* Gustafson Decl. ¶ 15; Gibron Decl. ¶ 24.

<u>**LEGAL STANDARD**</u>

In deciding whether to grant a temporary restraining order or preliminary injunction, the Court must consider four factors: (1) likelihood of success on the merits; (2) whether the plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of equities tips in the plaintiffs' favor; and (4) whether an injunction is in the public interest.   *Perlot v. Green*, 609 F. Supp. 3d 1106, 1115 (D. Idaho 2022) (citing *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018)); *see Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that the analysis for a preliminary injunction and a temporary restraining order is "substantially identical").   "[A] stronger showing of one element may offset a weaker showing of another."   *Recycle for Change v. City of Oakland*, 856 F.3d 666, 669 (9th Cir. 2017).   A preliminary injunction is thus warranted even when the plaintiff raises only "serious questions" on the merits so long as "the balance of hardships tips sharply in [the plaintiff's] favor."   *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1103 n.4 (9th Cir. 2016).   Plaintiffs readily satisfy each factor.

## ARGUMENT

Plaintiffs have demonstrated that they are entitled to injunctive relief.[3]  *First,* Plaintiffs are overwhelmingly likely to prevail on the merits of their claims that Labrador's unprecedented interpretation of Idaho law violates the First Amendment, the Dormant Commerce Clause, and the Due Process Clause.  *Second*, Plaintiffs have established that they and their patients will suffer irreparable harm, including constitutional injury and medical harm, if the Labrador Interpretation stands.  *Third*, Plaintiffs have established that the balance of equities weighs in their favor.  *Finally*, Plaintiffs have established that injunctive relief is in the public interest.

## I.      Plaintiffs Are Likely To Succeed On The Merits Of Their Claims

Plaintiffs are overwhelmingly likely to prevail on the merits.  Given that they are entitled to injunctive relief upon showing that they have "a substantial case for relief on the merits," they readily satisfy this requirement.  This does not require Plaintiffs "to show that it is more likely than not that [they] will win on the merits," *W. Watersheds Project v. Zinke*, 336 F. Supp. 3d 1204, 1218 (D. Idaho 2018) (internal quotation marks omitted), but Plaintiffs have nevertheless

---

[3] At the request of a prosecuting attorney, Labrador has the authority to "in effect deputize himself … to stand in the role of a county prosecutor, and in that role exercise the same power to enforce the statute that the prosecutor would have."  *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919-20 (9th Cir. 2004) (concluding state attorney general was proper defendant in challenge to Idaho abortion statute).  He is also in a position to influence state licensing boards to apply his interpretation of Idaho law.  *See Culinary Workers Union, Loc. 226 v. Del Papa*, 200 F.3d 614, 618-19 (9th Cir. 1999) (state attorney general is proper defendant when he can "encourage local law enforcement" to enforce a statute).  The individual members of the Idaho State Board of Medicine and the Idaho State Board of Nursing are defendants in their official capacities, and are members of professional licensing boards charged with the duty of suspending and revoking the licenses of doctors, nurses, and pharmacists in Idaho, respectively.  *See* Idaho Code §§ 54-1814(6), 54-1404(2), 54-1718(1)(d).  The County Prosecuting Attorneys are proper defendants as they bear primary responsibility for enforcing Idaho Code § 18-622(2) in their respective Idaho counties.  *See* Idaho Code § 31-2227.  Defendants are without authority to enforce Idaho Code § 18-622(2) in connection with out-of-state abortions, because doing so is unconstitutional. *See Commonwealth of Mass. v. Mellon*, 262 U.S. 447, 488 (1923); *Sanders Cnty. Republican Cent. Comm. v. Bullock*, 698 F.3d 741, 748-49 (9th Cir. 2012).

established that they *are* likely to prevail on three separate constitutional claims: violations of the First Amendment, the Dormant Commerce Clause, and the Due Process Clause.

### A. The Labrador Interpretation Is An Impermissible Content- And Viewpoint-Based Regulation Of Speech That Violates The First Amendment

By preventing Plaintiffs from providing their patients with information about essential health care that is legal where it is being provided, the Labrador Interpretation of the Total Abortion Ban violates the First Amendment's guarantee of free speech.

The government may not regulate speech because of its message, ideas, subject matter, or content, and laws that do so are presumptively unconstitutional. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). Such restrictions are subject to strict scrutiny, which requires the government to prove that the restriction is narrowly tailored to serve a compelling state interest. *Id.* Speech restrictions are even more egregious when the government targets particular views taken by speakers on a subject (rather than targeting all views on a given subject). *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). Labrador's interpretation of Idaho Code § 18-622(2) to prohibit information or referrals for out-of-state abortions is a content- and viewpoint-based speech restriction that furthers no legitimate government interest, much less a compelling one, and is not narrowly tailored.

*First*, the Total Abortion Ban as interpreted by Labrador is a content- and viewpoint-based restriction on speech that penalizes medical providers for providing any "support or aid" to a woman seeking abortion, including "refer[ring] a woman across state lines to an abortion provider." Compl. Ex. 1. Under the Labrador Interpretation, health care providers are silenced on a single topic—abortion—meaning that the speech restriction is content-based. It is, moreover, viewpoint discriminatory, because health care providers can provide information and referrals about out-of-state resources like anti-abortion counseling centers or prenatal care. Because it is a

content and viewpoint discriminatory speech restriction, the Labrador Interpretation of the Total Abortion Ban is subject to strict scrutiny.

*Second*, the Labrador Interpretation of the Total Abortion Ban furthers no legitimate state interest, much less a compelling one.  Idaho has no compelling interest in preventing its medical providers from counseling their patients about medical treatments that are legal and available in other states or referring them to providers who provide those treatments out of state.  *See Bigelow v. Virginia*, 421 U.S. 809, 827-28 (1975) (explaining that state's "asserted interest" "in shielding its citizens from information about activities outside [its] borders, activities that [its] police powers do not reach" is "entitled to little, if any weight").  Similarly, the government has no compelling interest in preventing a physician or medical professional from recommending certain treatment.  *See Conant v. Walters*, 309 F.3d 629, 637 (9th Cir. 2002) (upholding injunction of statute that imposed licensing penalties on physicians who recommended medical marijuana).  Idaho "may not, under the guise of exercising internal police powers, bar" Plaintiffs "from disseminating information about an activity that is legal" in another state.  *Bigelow*, 421 U.S. at 824-25.

*Third*, the fact that Labrador has targeted provider-patient speech does not save his overbroad interpretation of the Total Abortion Ban, as professional speech is entitled to the same scope of First Amendment protections as other speech, with narrow exceptions that do not apply here.  *National Ass'n of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2371-72 (2018) ("Speech is not unprotected merely because it is uttered by 'professionals.'"). These exceptions are for mandated disclosure of "factual, noncontroversial information in their 'commercial speech,'" *id.*, and for "regulations of professional conduct that incidentally burden speech," *id.* at 2373.  But Idaho Code § 18-622, as interpreted by Labrador, is not an incidental burden on speech, but rather a direct restriction on professionals' ability to provide medical information, opinions,

and referrals.  The Ninth Circuit recently identified that professional speech, which is subject to the full protections of the First Amendment, includes discussing a restricted treatment with patients, recommending that patients obtain a restricted treatment from out-of-state providers, and expressing their opinions about the treatment or topic more generally.  *Tingley v. Ferguson*, 47 F.4th 1055, 1073 (9th Cir. 2022).  Plaintiffs here are speaking in exactly this way: discussing abortion and recommending that patients obtain abortions "from out-of-state providers."  *Id*.

*Finally*, even if Labrador's content and viewpoint discriminatory censorship served a compelling interest (which it does not), Defendants cannot prove that it is narrowly tailored to further that interest because it sweeps in a large swath of obviously protected speech.  *See Arizona Free Enter. Club's Freedom Club PAC v. Bennett*, 564 U.S. 721, 734 (2011) (government bears burden of proof).  When a plaintiff offers a plausible, less-restrictive alternative, "it is the Government's obligation to prove that the alternative will be ineffective to achieve its goals." *Victory Processing, LLC v. Fox*, 937 F.3d 1218, 1228 (9th Cir. 2019) (internal quotation marks omitted).  Numerous less-restrictive alternatives exist.  Namely, where allegedly harmful speech is at issue, a state or individuals may attempt to engage in counterspeech to advocate their positions.  *See Bigelow*, 421 U.S. at 824 (noting that a state may "seek to disseminate information so as to enable its citizens to make better informed decisions when they leave"); *United States v. Alvarez*, 567 U.S. 709, 726 (2012) ("The Government has not shown, and cannot show, why counterspeech would not suffice to achieve its interest.").  There is no indication that Idaho or Labrador have attempted such counterspeech, nor can they show that such counterspeech would be ineffective to achieve the government's purpose.

**B. The Labrador Interpretation Of The Total Abortion Ban Violates The Due Process Clause By Penalizing Extraterritorial Conduct That Is Legal In The State Where It Occurs**

The Labrador Interpretation of the Total Abortion Ban violates fundamental tenets of due process because it is premised on the incorrect notion that Idaho law can punish conduct that occurs wholly outside its borders. *BMW of N.A., Inc. v. Gore*, 517 U.S. 559, 573 n.19 (1996). The Labrador Interpretation necessarily implies that Idaho can reach out-of-state abortions because Labrador interprets an abortion performed out-of-state as an abortion that triggers the license suspension, which only applies to an abortion performed "*in violation of this subsection.*" Idaho Code § 18-622(2) (emphasis added). In other words, according to Labrador, at least some subset of out-of-state abortions *must* violate Idaho's Total Abortion Ban.

"A basic principle of federalism is that each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders, and each State alone can determine what measure of punishment, if any, to impose on a defendant who acts within its jurisdiction." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003). Accordingly, it is long-established that a state cannot prosecute a person "for doing within the territorial limits of [another state] an act which that [separate] state had specially authorized him to do." *Nielsen v. State of Oregon*, 212 U.S. 315, 321 (1909). Acts that are "done within the territorial limits of [one state], under authority and license from that state … cannot be prosecuted and punished by … [a different] state." *Id.*

The Supreme Court has reiterated this principle time and time again and has even done so specifically in the context of abortion-related speech. In *Bigelow v. Virginia*, it held that Virginia could not criminalize the publication of an advertisement concerning the availability of abortion services in New York that were, at the time of publication and prosecution, illegal in Virginia but legal in New York. 421 U.S. at 824. The Court explained that a "State does not acquire power or

11

supervision over the internal affairs of another State merely because the welfare and health of its own citizens may be affected when they travel to that State." *Id*. To the contrary, it concluded that "[t]he Virginia Legislature could not have regulated the advertiser's activity in New York, *and obviously could not have proscribed the activity in that State*." *Id*. at 822-23 (emphasis added). Similarly, Virginia also could not "prevent its residents from traveling to New York to obtain those services or … prosecute them for going there." *Id*. at 824; *accord Dobbs*, 142 S. Ct. at 2309 (Kavanaugh, J., concurring) (state cannot "bar a resident of that State from traveling to another State to obtain an abortion"). In short, "Virginia possessed no authority to regulate the services provided in New York." *Bigelow*, 421 U.S. at 822-24 (citations and footnotes omitted).[4]

The prohibition on punishing out-of-state conduct that is legal where it occurs is based on both structural and fairness concerns. Structurally, state laws simply "have no force of themselves beyond the jurisdiction of the State" under the principles of federalism and comity. *BMW*, 517 U.S. at 571 n.16; *State Farm*, 538 U.S. at 422 (explaining that it is a "basic principle of federalism" that each state holds sole authority for "what conduct is permitted or proscribed within its borders," including the right to "determine what measure of punishment," is appropriate for that conduct); *see also White v. Ford Motor Co.*, 312 F.3d 998, 1013 (9th Cir. 2002) (under *BMW*'s due process principles, "no state can be permitted to impose its policies on other states"), *opinion amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003). And from a fairness perspective, "[t]o punish a

---

[4] Much of the Court's analysis of extraterritoriality has arisen in cases addressing punishment in the form of punitive damages for out-of-state conduct. In *BMW*, for example, the Court addressed whether an Alabama punitive damages award against BMW satisfied the requirements of due process. 517 U.S. at 572. BMW had adopted a national policy of not advising customers of predelivery damage in certain circumstances, *id.* at 562, a policy that was "consistent with the laws of roughly 25 States" but that ran afoul of Alabama's consumer protection laws, *id.* at 565. The Court held that while Alabama could punish BMW for engaging in unlawful behavior within its borders, it would violate due process to punish a defendant for engaging in out-of-state conduct that was lawful in the place where it transpired. *Id.* at 572.

person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *BMW*, 517 U.S. at 573 n.19 (quotation marks and citation omitted)). This analysis applies equally to Labrador's attempts to penalize conduct in Idaho (such as provision of information or other "assistance") that violates no Idaho law *unless* the out-of-state abortion is itself prohibited under Idaho law. And finally, although *BMW*'s analysis of these principles focused on non-criminal sanctions, its application is all the more important where the logical extension of the Labrador Interpretation could be a criminal prosecution. *See id.* ("[W]e have never held that a sentencing court could properly punish lawful conduct.") (emphasis omitted)).

These cases are controlling here and require that the attempted extraterritorial application of the Total Abortion Ban be enjoined. The Labrador Interpretation that some abortions performed outside of Idaho are nonetheless abortions "in violation of this subsection" flouts the due process limits on extraterritorial punishment, and specifically the interconnected principles of comity and fairness central to the Court's due process analysis. *First*, by reaching beyond its borders to criminalize the very conduct other states have authorized, Idaho is "infringing on the policy choices of other States." *BMW*, 517 U.S. at 572. "[E]ach State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders," yet Idaho seeks to impose its own judgment on other states in violation of "basic principle[s] of federalism." *State Farm*, 538 U.S. at 422. *Second*, Idaho's overreach is profoundly unfair to the out-of-state health care providers whose conduct it claims is prohibited and will subject them to professional sanction or even (by the same logic) criminal penalties. Planned Parenthood employs health care providers licensed to provide abortion services outside of Idaho, including in Washington, and Dr. Gustafson would like to provide abortions in Oregon in the future. Gibron Decl. ¶ 24; Gustafson Decl. ¶ 15. By providing abortion care in Washington and Oregon they are "doing an act which [Washington

and Oregon] … authorized and gave [them] … license[s] to do." *Nielsen*, 212 U.S. at 321.  The

fact that providers who perform abortions under a license in another state may *also* be licensed in-

state does not allow Idaho to "regulate the services provided" in another state by virtue of those

providers' Idaho licenses.  *Bigelow*, 421 U.S. at 824.

 The same is true for citizens of Idaho who travel to another state to receive an abortion.

*See Bigelow*, 421 U.S. at 824 (states do not acquire power over the affairs of other states simply

because its citizens travel there).  When a patient or a health care provider travels outside of Idaho

to receive or perform an abortion that occurs out of state, that conduct is beyond Idaho's

jurisdiction to regulate.  Any in-state effects of that conduct are equally irrelevant to the due

process problems created by out-of-state enforcement.  *State Farm*, 538 U.S. at 421.

### C. The Labrador Interpretation Of The Total Abortion Ban Violates The Dormant Commerce Clause By Penalizing Extraterritorial Conduct That Is Legal In The State Where It Occurs

 In addition to violating due process, the Labrador Interpretation of the Total Abortion Ban

violates the Dormant Commerce Clause by threatening to impose licensing or even criminal

sanctions on health care providers or third parties predicated on lawful conduct "wholly outside of

the State's borders."  *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989); *see also South Dakota v.

Wayfair, Inc.*, 138 S. Ct. 2080, 2090-91 (2018).

 The Supreme Court has long recognized that the Commerce Clause's "affirmative grant of

authority to Congress [to regulate commerce among the states] also encompasses an implicit or

'dormant' limitation on the authority of the States to enact legislation affecting interstate

commerce."  *Healy*, 491 U.S. at 326 n.1 (citing *Hughes v. Oklahoma*, 441 U.S. 322, 326, and n.2

(1979); *H.P. Hood & Sons, Inc. v. Du Mond*, 336 U.S. 525, 534-35 (1949)).  Under the Dormant

Commerce Clause, "a statute that directly controls commerce occurring wholly outside the

boundaries of a State exceeds the inherent limits of the enacting State's authority and is invalid

regardless of whether the statute's extraterritorial reach was intended by the legislature." *Healy*, 491 U.S. at 336; *see also Wayfair*, 138 S. Ct. at 2091 ("State laws that discriminate against interstate commerce face a virtually per se rule of invalidity.") (internal quotation marks omitted)).

These limitations on state authority apply even to out-of-state activity that has spillover effects in the regulating state. *See Healy*, 491 U.S. at 336 ("whether or not [out-of-state] commerce has effects within the State" is irrelevant to the analysis). For example, in *Sam Francis Foundation v. Christies*, 784 F.3d 1320 (9th Cir. 2015) (en banc), the Ninth Circuit "easily conclude[d]" that a law requiring the payment of royalties "to the artist after a sale of fine art whenever the seller resides in California" violated the Dormant Commerce Clause as applied to out-of-state transactions. *Id*. at 1323 (internal quotation marks omitted). Those transactions involved state citizens and could have impacted state funds, but the court nevertheless concluded that the law was unconstitutional to the extent it purported to "directly regulate[] the conduct of the seller or the seller's agent for a transaction that occurs wholly outside the State." *Id*. at 1324; *see also Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 666 (7th Cir. 2010) (Indiana cannot regulate Nevada casinos even if Indiana residents were becoming addicted to gambling "and this was leading to bankruptcies that were playing havoc with family life and the Indiana economy").

Under these principles, the Labrador Interpretation that the Total Abortion Ban criminalizes abortion services provided outside of Idaho is patently unconstitutional. The medical services at issue in this case—the provision of abortion in other states—unquestionably constitute commerce under the Dormant Commerce Clause. *See Summit Health, Ltd. v. Pinhas,* 500 U.S. 322, 329-30 (1991) (holding that surgery performed on out-of-state residents was a protected form of interstate commerce). By purporting to prohibit the provision of abortion in other states, Idaho

is attempting to "directly control[] commerce occurring wholly outside [its] boundaries," and thereby "exceed[ing] the inherent limits of the enacting State's authority." *Healy*, 491 U.S. at 336.

## II.     Plaintiffs Will Be Irreparably Harmed By The Denial Of Their Constitutional Rights And Their Inability To Care For Their Patients

Plaintiffs have shown a likelihood of irreparable harm without injunctive relief.  Injury need not "be certain to occur; a strong threat of irreparable injury before trial is an adequate basis." *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990).  A threatened violation of constitutional rights constitutes irreparable harm.  *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Farris v. Seabrook*, 677 F.3d 858, 868 (9th Cir. 2012).

In the absence of injunctive relief, Plaintiffs and their patients have been and will continue to be deprived of freedom of speech, due process, the protections of the Dormant Commerce Clause.  Indeed, from the moment it issued, the Labrador Interpretation has violated Plaintiffs' constitutional rights and will continue to do so until the Court remedies this threat.  Such constitutional violations alone show irreparable harm.  *Farris*, 677 F.3d at 868.

Moreover, Plaintiffs have shown by their factual allegations a likelihood of irreparable harm to themselves and their patients.  Absent an injunction, Plaintiffs' ability to accomplish their professional mission will be irreparably damaged, as they cannot provide information and opinions about out-of-state care that, consistent with their medical training and ethical obligations, they would otherwise recommend and provide to their patients.  Plaintiffs' patients will lose access to necessary medical information and crucial health care, suffer potentially catastrophic medical problems, including death, and lose trust in the medical system as a whole.  *See supra* at p. 5.  And Plaintiffs will be left in grave uncertainty as to what conduct in connection with out-of-state abortions may expose them to licensing or other penalties in Idaho, chilling their provision of

16

abortions and risking further isolating Idaho patients by cutting them off from critical health care in other states. *See supra* at pp. 4-6.

## III.      The Balance Of Equities And Public Interest Favor An Injunction

Finally, both the public interest and the balance of equities are strongly in Plaintiffs' favor. "[E]nforcement of an unconstitutional law is always contrary to the public interest[.]" *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013). And, in the context of First Amendment claims like Plaintiffs', a likelihood of success on the merits "compels a finding that … the balance of the hardships tips sharply in Plaintiff's favor." *American Beverage Ass'n v. City & County of San Francisco*, 916 F.3d 749, 758 (9th Cir. 2019) (internal quotation marks omitted). Similarly, the Ninth Circuit has "consistently recognized the significant public interest in upholding First Amendment principles." *Id.*

The Ninth Circuit has also "repeatedly recognized that individuals' interests in sufficient access to health care" are paramount, and that the public interest and balance of equities weigh in favor of an injunction where such access would be lost. *See, e.g.*, *Dominguez v. Schwarzenegger*, 596 F.3d 1087, 1098 (9th Cir. 2010), *vacated and remanded on other grounds by Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606 (2012). As Plaintiffs have explained, denying the injunction risks significant harm to their patients and their medical practices. *See supra* at pp. 4-6. By contrast, granting the injunction would simply allow Plaintiffs to communicate fully with patients about their options, and with providers in states where abortion is legal and allow providers to provide legal healthcare pursuant to their licenses in those states without threat of penalty by Idaho. It would not harm the State's alleged public interest, as it would not allow abortions to occur in Idaho (a prohibition that Idaho apparently believes is in the public interest) and would simply permit patients to access legal medical care in other states. As explained *supra* at pp 11-

14, Idaho does not have an interest in regulating legal activity in other states.  The equities and public interest, therefore, favor Plaintiffs.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' motion for a temporary restraining order and/or preliminary injunction should be granted.

18

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
T: 212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties
   Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

*Attorneys for Physician Plaintiffs*

Respectfully submitted,
/s/ Colleen R. Smith
Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
   Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 2006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
   Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*
*\* Pro hac vice applications forthcoming*

19

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
   Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
  Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs*
*identified on following page*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO
### SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>       Plaintiffs,<br><br>   v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>       Defendants. | Case No. 1:23-cv-142 |

1

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* Pro hac vice applications forthcoming

**<u>DECLARATION OF REBECCA GIBRON</u>**

I, Rebecca Gibron, hereby declare as follows:

1.       I am over the age of eighteen.  I make this declaration based on personal knowledge of the matters stated herein and on information known or reasonably available to my organization. If called to do so, I am competent to testify as to the matters contained herein.

**<u>Personal Background</u>**

2.       I am the CEO of Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky ("Planned Parenthood"), a not-for-profit corporation organized under the laws of the State of Washington and doing business in Idaho.  I submit this declaration in support of Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief.

3.       In that position I am responsible for Planned Parenthood's operations, including its health centers in the State of Idaho.  I have worked for Planned Parenthood or its predecessor organizations since 1997, and I have served as its CEO since December 2021.  Prior to becoming CEO, I worked for Planned Parenthood and its predecessor organizations in a variety of roles, including as the Chief Operating Officer and the CEO of Planned Parenthood of Idaho.

4.       Planned Parenthood is the largest provider of reproductive health services in Idaho, operating two health centers in the State in Ada County and Twin Falls County.  We provide a broad range of reproductive and sexual health services, including but not limited to, well person examinations, birth control, testing and treatment for sexually transmitted infections, cancer screening, and pregnancy testing.  Planned Parenthood's licensed providers provide both medication and procedural abortions in states where it is legal to do so but have not provided any abortions in Idaho since the abortion ban at issue in this case took effect last summer.

5.       I am chiefly responsible for the internal management and business operations of Planned Parenthood.  My primary goal is to ensure that all of our patients have access to quality

2

healthcare services.  As a result of my responsibilities, I am familiar with our operations, including the services we provide and the communities we serve.

6.      I understand that Idaho law makes it a felony for any person to "perform[] or attempt[] to perform an abortion."  Idaho Code § 18-622(2) (the "Total Abortion Ban").  I also understand that the law also provides for the revocation of suspension of health care professionals' licenses when licensed professional assists with an abortion that itself violates the law.

7.      I also understand that, on March 27, 2023, Idaho Attorney General Raúl Labrador issued a letter interpreting Idaho's criminal prohibitions on abortion.  I have read Attorney General Labrador's letter and understand it to interpret the statute to bar medical providers from referring patients across state lines for abortions.  Based on this interpretation, the Total Abortion Ban would put our staff at risk of ruinous penalties for providing information about abortion in states where it is lawful.  In the absence of judicial relief, we will be unable to provide Idaho patients with quality reproductive healthcare services, including the provision of information to patients in Idaho health centers.  As a result, Planned Parenthood's pregnant patients would face serious health risks because we would be unable to provide them with necessary care, as detailed below.

8.      The Attorney General's interpretation also turns on reading Idaho's abortion ban to apply in some way to at least some abortions in other states. This interpretation of Idaho law risks further isolating Idaho patients by cutting them off from critical health care in other states that is legal in those states.  I fear that Planned Parenthood, or our providers and other staff, may face attempts to impose licensing or even criminal penalties if they provide abortions to Idahoans in states where abortion is lawful.

**Planned Parenthood's Services in Idaho**

9.     Planned Parenthood operates two health centers in Idaho, located in Meridian and Twin Falls.  At these health centers, patients can receive testing, treatment and vaccines for certain sexually transmitted infections, cervical cancer screening, mammogram referrals, fibroids evaluations, and annual wellness checks, among other services.  In 2021, Planned Parenthood's Idaho health centers served 7,930 patients in 12,908 patient encounters.

10.     Until the Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), Planned Parenthood centers, including in Idaho, provided both medication and procedural abortions.  After state laws banning abortion went into effect in Idaho, Planned Parenthood stopped providing abortions in Idaho.  Our health centers provide abortion in other states where doing so is legal, including in Washington.

11.      Although Planned Parenthood is no longer able to provide abortions in Idaho, our Idaho health centers continue to see pregnant patients who would elect to have an abortion for economic, family, medical, or other personal reasons.

12.     Before Attorney General Labrador's letter, our health center staff would engage with these patients in a discussion about their pregnancy options, treatment plan and need for further care based on their decision and would provide a packet of printed information depending on what the patient needed.

13.     The packet of information would include general information about different pregnancy options, including abortion; a list of "Abortion Providers Nearest to You" that lists both health centers operated by both Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky and other providers in Washington, Montana, Nevada, Wyoming, Oregon, and Utah; a

sheet with information about funds that can help with travel and/or appointment costs; and a flier on "Abortion law in Idaho" that states that abortion is banned in Idaho.

14.     If the patient wanted to go to one of our health centers in a nearby state that is part of Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky, our staff in Idaho could schedule an appointment for them.  If the patient wanted to go to a health center that is not part of Planned Parenthood, staff would provide patients with the information about other providers so that they could call themselves.

**The Effects of the Attorney General's Interpretation of Idaho Code Section 18-622**

15.     Informing patients about and referring patients for abortion services is essential to Planned Parenthood's mission: to provide comprehensive reproductive health care services, which are vital for public health, especially for medically underserved populations—of which there are many in the State.  Portions of 39 of the State's 44 counties have been designated by the federal government as Medically Underserved Population Areas.

16.     The Attorney General's overbroad interpretation of Idaho Code § 18-622 will prevent Planned Parenthood and our dedicated team of medical professionals from fulfilling this mission.

17.     Medical providers will be unable to ensure care for their patients by recommending providers who can provide the necessary care that Idaho does not permit.  Doctors, nurses, and other staff in Idaho will be forced to stop providing information and recommendations about abortion services because they fear criminal prosecution and losing their professional licenses.

18.     Many patients will not know how to access an abortion in another state or will choose not to do so because the information did not come from a trusted medical source.  Patients may not even know that abortion remains legal in other states, or in which states it remains legal.

19.     Many patients will face delays in finding this information and accessing care. These delays and disruptions in care come with serious health, social, and socioeconomic risks.

20.     Delays in accessing abortion, or being unable to access abortion at all, pose risks to patients' health because, while abortion is a very safe procedure throughout pregnancy, the risks of abortion increase with gestational age.  Additionally, if individuals are forced to carry a pregnancy to term against their will, that can pose a risk to both their physical health, as childbirth is far riskier than abortion, as well as their mental and emotional health and the stability and wellbeing of their family, including existing children.  Some patients who are unable to access legal abortion may attempt an abortion on their own without access to accurate medical information.

21.     These harms will be widespread, but they will fall hardest on those who already face the biggest barriers to information and care—low-income individuals, patients in rural areas, and communities of color.

22.     Beyond the harms to our patients, Planned Parenthood's staff fear they could be subjected to attempts to bring civil or even criminal charges against them, based on the Attorney General's interpretation of the Total Abortion Ban.

23.     This is in part because The Attorney General's interpretation seems calculated to increase confusion about what remains legal and what does not, by construing Idaho's abortion ban to apply in some way to at least some abortions in other states.

24.     Planned Parenthood providers are also concerned about the licensure penalties for providing referrals to patients for out-of-state abortions or otherwise giving "support or aid," which the Attorney General says violates the law.  This is especially true for providers who are licensed in Idaho and another state.  Some Planned Parenthood providers who are licensed in Idaho wish to

provide abortions outside of Idaho but fear that doing so could result in the revocation of their Idaho licenses despite the fact that abortion is lawful in those other states.  Other Planned Parenthood providers who are licensed in Idaho and another state may choose to give up their Idaho licenses altogether to avoid the Attorney General's threats to their licenses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2023 in ____Boise____ ____Idaho____

_Rebecca Gibron_

Rebecca Gibron

8

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
   Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
### SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-142 |

1

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* *Pro hac vice applications forthcoming*

## DECLARATION OF CAITLIN GUSTAFSON, M.D.

I, Caitlin Gustafson, M.D., hereby declare as follows:

1.　　I am over the age of eighteen.  I make this declaration based on personal knowledge of the matters stated herein and on information known or reasonably available to my organization. If called to do so, I am competent to testify as to the matters contained herein.

**Personal Background**

2.　　I am a physician licensed to practice medicine in the State of Idaho since 2004 and have been a practicing doctor in Idaho for nearly two decades.  I have been a board-certified family medicine physician with a fellowship in obstetrics since 2007.

3.　　I practice family medicine, obstetrics, and gynecology.  Because of size and resource limitations at the rural hospital and clinic where I practice, I primarily serve lower-risk hospitalized patients and refer higher-risk patients to larger hospitals better able to offer a higher level of care.  A significant number of my patients are from rural and other underserved communities, mostly located in Northern Idaho.  In addition to my hospital practice, I previously provided care at Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, in Meridian, Idaho, and will be doing so at Planned Parenthood Columbia Willamette, in Oregon in the near future.

4.　　I submit this declaration in support of Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief.  I have read the letter from Attorney General Labrador, including his statement that "Idaho law prohibits an Idaho medical provider from . . . referring a woman across state lines to access abortion services."  Compl. Ex. 1 at 2.

2

5.      I have also read Attorney General Labrador's statement that "Idaho law requires the suspension of a health care professional's license when he or she" refers a woman for out-of-state abortion services.  *Id.*

6.      Unless and until this Court prevents Idaho authorities from implementing the Attorney General's interpretation of the law, I will be forced to violate medical ethics and basic principles of patient care by refusing to provide information and referrals to patients seeking abortion care in other states that Idaho bars me from providing.  The Attorney General is effectively compelling me to abandon my patients by silencing myself rather than communicate the information to patients and to out-of-state healthcare providers that helps to facilitate access to safe health care.  This appalling intrusion into my trusted relationships with my patients is the antithesis of good medical practice and will harm my patients and my relationship with them.

7.      The facts and opinions included here are based on my education, training, practical experience, information, and personal knowledge I have obtained as a family medicine physician and as an abortion provider; my attendance at professional conferences; review of relevant medical literature; and conversations with other medical professionals.

**My Practice Prior to the Attorney General's Actions**

8.      Prior to the point when Idaho's abortion ban took effect, I provided medication and procedural abortion care for patients seeking such services.  Once the ban took effect, I stopped providing abortions in Idaho.

9.      As the American College of Obstetricians and Gynecologists recognizes, a pregnant person has three options: carry the pregnancy to term and parent; give birth and give the

3

baby up for adoption; or pregnancy termination.[1]  Although I am no longer able to provide abortions in Idaho, I continue to see pregnant patients who decide to have an abortion for a myriad of reasons.  Among the multitude of reasons that a person may decide to have an abortion are that continuing the pregnancy imposes risks to the patient's physical or mental health; that the patient has been the victim of sexual abuse or trauma; that the patient lacks the financial stability to care for a child; fetal anomalies; and many other reasons.

10.     A myriad of health conditions may lead some patients to consider abortion.  For example, some pregnant patients may require abortions following placental abruption, an infection, or the onset of pre-eclampsia.  As a result, these patients could face serious health risks, or even death, if they continue their pregnancies.  Similarly, pregnant women with cardiomyopathy may seek abortions because they are more likely to die than women without this condition and, without an abortion, may suffer long-term health consequences that could lead to death later in the pregnancy or even long after labor and delivery.  Such risks could be avoided or mitigated through termination of the pregnancy.

11.     Some pregnant patients may require abortions as a result of high-risk health conditions unrelated to pregnancy, such as cancer treatments, which could put the pregnant woman's health and even life at risk if forced to carry to term.

12.     Before Attorney General Labrador's letter, my care for pregnant patients would include options counseling, which involves an open-ended conversation with the patient that would cover giving birth, adoption, and abortion.  If the patient said they were considering terminating the pregnancy, I would provide details about their different abortion options and discuss with them

---

[1]     *See* PREGNANCY CHOICES: RAISING THE BABY, ADOPTION, AND ABORTION, https://www.acog.org/womens-health/faqs/pregnancy-choices-raising-the-baby-adoption-and-abortion (last visited April 5, 2023).

4

which one made the most sense for their situations.  I would also explain that, under Idaho law, abortion services are unavailable in Idaho clinics and hospitals.  I would provide them with information about where abortion services remain legal and advise them on their out-of-state options for abortion care.  Depending on where patients were in their decision-making process, I might have several conversations with them over multiple days.

13.    When requested to, or when medically advisable, I would provide an out-of-state referral for an abortion provider outside of Idaho.  In some instances, this would involve speaking not only to the patient (to tell them about the care that I am unable to provide and how to access it) but also to out-of-state providers to help facilitate continuity of care and provide medically pertinent information to the receiving physician.  For instance, if a patient presented with a medically complex pregnancy—such as a severe autoimmune disorder or a heart condition— and needed abortion care, I would typically make phone calls to abortion providers out-of-state in order to communicate the patient's relevant medical history and clinical presentation.  Similarly, some patients have complex mental health or social histories, which make it necessary to communicate with providers out of state to ensure that patients receive medical care that is tailored to their specific needs.

#### Impact of the Attorney General's Letter on My Practice

14.    Having reviewed Attorney General Labrador's letter, I understand that, from now on, if I were to have conversations with patients concerning the availability of abortion services outside of Idaho, or if I were to recommend or make a referral to an out-of-state abortion provider or speak to that provider to discuss pertinent details of a patient's history or clinical status to assist the provision of safe care, my professional license could be suspended and/or revoked.

5

15.     I further fear that, due to the conclusions articulated in the Attorney General's letter, I could be subject to prosecution for providing abortion services or information related to abortion care in Oregon through my anticipated future work with Planned Parenthood Columbia Willamette, even though such care—provided pursuant to my Oregon medical license—is perfectly legal in Oregon.  In light of the disruption to my livelihood and liberty that such adverse licensure action or prosecution would entail, I am deeply concerned about my ability to provide care and information both within and outside of Idaho absent a court order blocking the enforcement of this harmful interpretation of Idaho law.

16.     I understand that being charged with a crime is not the same thing as being convicted, and being brought before the medical licensing board is not necessarily the same thing as having one's license suspended or revoked.  But I cannot afford to jeopardize my freedom or my ability to practice medicine in the face of the Attorney General's threats.  Consequently, I will not be able to provide necessary information to these patients or adhere to the standard of care in medicine that I was trained to follow (which requires physicians provide a referral when they are unable to provide the needed services) because doing so could potentially cause me to permanently lose my livelihood and prevent me from ever practicing medicine again.

17.     As a result of the Attorney General's letter, therefore, when my patients require abortions, I am now forced to tell them that I am unable to help them and that I cannot say anything about their abortion options in other states, even though that care is lawful in those states.

18.     This letter therefore has a very strong chilling effect on my ability to speak with, counsel, and care for my patients, which is contrary to my ethical obligation to care for my patients and to provide them with information about all appropriate medical options.  It is also contrary to the standard of care in medicine that I, and all other physicians, are taught.

6

**Serious Harm to Patients**

19.     This government-mandated silence about abortion will have devastating effects for my patients, who will likely suffer serious mental and physical health consequences if they cannot receive that care.  It will also negatively impact me as a provider because I am being prevented from adequately caring for my patients.

20.     As a physician, my job is to get my patients the care they need.  That may mean providing the care myself, or it may mean ensuring that the patient has access to information, resources, and referrals so they can obtain care that I am unable to provide.  But it is untenable for a physician to censor herself and refuse to provide information that a patient needs—it is a breach of my basic duties as a healthcare provider.

21.     Such state-mandated censorship will have disastrous impacts on my patients.  It will delay their access to safe care and in some cases prevent them from accessing that care altogether.

22.     Patients who are unable to obtain information on out-of-state abortion options in time will be forced to carry an unwanted pregnancy to term.  This may make it more difficult to bring themselves and their families out of poverty.[2]  Persons who wanted, but could not access, an abortion are more likely to be marginally employed, unemployed, or enrolled in public safety net programs compared to those who obtained an abortion.[3]

---

[2]     Upadhyay et al., *The Effect of Abortion on Having and Achieving Aspirational One-Year Plans*, 15 BMC Women's Health 102 (2015); Foster et al., *Effects of Carrying an Unwanted Pregnancy to Term on Women's Existing Children*, 205 J. Pediatr. 183 (2019); Foster et al., *Comparison of Health, Development, Maternal Bonding, and Poverty Among Children Born After Denial of Abortion vs After Pregnancies Subsequent to an Abortion*, 172 JAMA Pediatr. 1053 (2018).
[3]     *See* Foster et al., *Socioeconomic Outcomes of Women Who Receive and Women Who Are Denied Wanted Abortions in the United State*, 108 Am. J. of Pub. Health 407, 409-13 (2018).

7

23.    And in many cases, those who are victims of partner violence will face increased difficulty escaping that relationship because of new financial, emotional, and legal ties with that partner.[4]

24.    Stifling access to information on abortions will also disproportionately affect persons of color and indigenous individuals in Idaho who already struggle with accessing adequate health care.[5]  To take just one example, many of my patients were born in other countries and do not have lawful immigration status in the United States.  Many of them also do not speak fluent English.  For these patients, it is absolutely essential that their health care providers be able to speak openly about their options and to provide them information about and referrals to abortion providers out of state when they request that care.  I fear that, if one of these patients were unable to receive information about their options concerning abortion from their trusted medical provider, they would not have anywhere else to turn.

25.    There are also medical circumstances when a person's health or life will be placed at risk if they are unable to access timely out-of-state abortion care with the information and assistance that I provided until the Attorney General deemed it unlawful.  For example, I know that when I have patients seeking abortions who are past a certain gestational age or who have underlying medical conditions that complicate treatment, there are certain out-of-state providers who are able to provide the care they need and others who are not.  For example, until the Attorney General issued his letter, I could tell a patient who was 20 weeks pregnant and with a medically complicated pregnancy that her best out-of-state option for abortion care was in Portland or Seattle,

---

[4]       *See* Roberts et al., *Risk of Violence from the Man Involved in the Pregnancy after Receiving or Being Denied an Abortion*, 12 BMC Med. 144 (2014).

[5]       Marley, *Segregation, Reservations, and American Indian Health*, 33:2 Wicazo Sa Rev. 49, 51 (Fall 2018), https://doi.org/10.5749/wicazosareview.33.2.0049.

8

because many other hospitals and clinics cannot provide appropriate care for such patients. Moreover, I could—and did—correspond with the care team there to ensure that they were well-positioned to give the patient the care she needed.  But now that I am muzzled by the Attorney General's letter, how is my patient supposed to know hospitals are best suited to provide the care she needs?

26.     The Attorney General's censorship forces me to act in a manner that is contrary to my medical training, denies my patients access to safe care that I am trained to provide, impedes my right to speak to and counsel my patients, and will greatly harm many Idahoans.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

9

Executed on April 4, 2023, in _____ McCall _____, Idaho _____.

Caitlin Gustafson MD

Caitlin Gustafson. M.D.

9

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
### SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>Plaintiffs,<br><br>v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>Defendants. | Case No.  1:23-cv-142 |

1

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

*\* Pro hac vice applications forthcoming*

## DECLARATION OF DARIN L. WEYHRICH, M.D.

I, Darin L. Weyhrich, M.D., hereby declare as follows:

1.      I am over the age of eighteen.  I make this declaration based on personal knowledge of the matters stated herein and on information known or reasonably available to my organization. If called to do so, I am competent to testify as to the matters contained herein.

### Personal Background

2.      I am a physician licensed to practice medicine in the State of Idaho since 2002 and have been a practicing doctor in Idaho for over two decades.  I have been board-certified in obstetrics and gynecology ("OB/GYN") since 2005.

3.      My practice is based in Boise, Idaho, where I provide comprehensive women's healthcare to patients, including practicing primary care, obstetrics, and gynecology.

4.      I submit this declaration in support of Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief.  I have read the letter from Attorney General Labrador, including his statement that "Idaho law prohibits an Idaho medical provider from . . . referring a woman across state lines to access abortion services."  Compl. Ex. 1 at 2.

5.      I have also read Attorney General Labrador's statement that "Idaho law requires the suspension of a health care professional's license when he or she" refers a woman for out-of-state abortion services.  *Id.*

6.      Absent relief from this Court, the Attorney General's announced interpretation of Idaho's laws will bar me and other physicians from providing information to patients about the availability of safe, legal abortion care in other states, including referrals for such care. And that prohibition would silence me and other physicians on the topic of abortion alone—when I and other providers talk to patients about any other form of healthcare, be it colonoscopies or cancer

2

treatments or prenatal care (including by providing information and referrals for such healthcare out of state), we do so without fear of punishment.  This one-sided restriction on the topic of abortion harms me and my patients, preventing patients from getting information about necessary—and potentially life-saving—care from their chosen healthcare provider.

7.      The facts and opinions included here are based on my education, training, practical experience, information, and personal knowledge I have obtained as an OB/GYN; my attendance at professional conferences; review of relevant medical literature; and conversations with other medical professionals.

**Practices Before Attorney General Labrador's Letter**

8.      Until the Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), I provided both medication and surgical abortions in Idaho consistent with the state's laws.  After state laws banning abortion went into effect in Idaho, I stopped providing abortions to patients.

9.      Although I am no longer able to provide abortions in Idaho, I continue to have pregnant patients who would choose to have an abortion for economic, family, or personal reasons, to protect their health, or because of fetal anomalies.

10.     For example, some pregnant patients may require abortions because they have high-risk diabetes, are hypertensive, or have received a kidney transplant and therefore will face serious health risks or even death if they carry a pregnancy to term.  Pregnancy increases insulin resistance for those with diabetes, and those with hypertensive disorders are at a much higher risk of developing pre-eclampsia, which can be a life-threatening condition.

11.     I also have patients who have expressed to me that they would seek an abortion if their prenatal screening, provided at eight to nine weeks of pregnancy, shows abnormal results or

3

certain serious genetic conditions.  Since abortion became illegal in Idaho, patients who are considering undergoing such screening have asked whether I could refer them out of state for an abortion if the prenatal screening shows severe fetal anomalies.

12.     Before Attorney General Labrador's letter, I advised these patients that, if they needed me to do so, I could recommend providers who perform abortion services in states where abortion is legal.  In the months since abortion became illegal in Idaho, I have not had a patient who actually needed an out-of-state recommendation for an abortion provider, but my typical practice in that situation would be to discuss with patients seeking abortions their options for abortion care in other states and to recommend or refer them to abortion providers in other states.

13.     Should it be necessary, I would also assist patients by calling colleagues with whom I am familiar in other states, if appropriate to facilitate continuity of care.

**Current Practices**

14.     In light of Attorney General Labrador's letter, I understand that I could face serious penalties—namely the suspension and/or revocation of my professional license—if I were to recommend out-of-state abortion providers to patients or even to simply talk with them about the availability of abortion services outside of Idaho.  In light of the disruption to my livelihood that such adverse licensure action would entail, I am presently not able to discuss the availability of abortion services in other states or recommend abortion providers out of state, nor will I be able to do so absent a court order blocking the enforcement of this harmful interpretation of Idaho law.

15.     I fear that, due to the Attorney General's letter, I would be subject to disciplinary action by the State Board of Medicine if I were to make statements recommending that patients seek care with out-of-state providers. Even if I were to prevail in such a proceeding, it would take time, money, and emotional energy to mount a defense, and I cannot afford to jeopardize my

livelihood in such a manner in the face of these threats.  Consequently, I will not be able to provide necessary information to these patients because doing so could potentially cause me to permanently lose my livelihood and prevent me from ever practicing medicine again.

16.    Therefore, if I have patients who require abortions currently or in the future, I will be forced to tell those patients that I am unable to help them and that I cannot say anything about their abortion options in other states even though that care is lawful in those states.

17.    So much as explaining the availability of abortions in other states or telling my patients a phone number for an out-of-state abortion provider appears to qualify as illegal conduct under the Attorney General's letter, and I cannot risk breaking the law or losing my medical license if the law indeed applies to that conduct, as his interpretation of the statute suggests.

18.    This letter therefore has a very strong chilling effect on my ability to speak with, counsel, and care for my patients.

19.    This government-mandated silence is deeply troubling to me and contrary to my ethical obligation to care for my patients and provide them information about all appropriate medical options. All the more troubling is the fact that the government has singled out one component of healthcare—pregnancy-related information and referrals—and has censored speech about one facet of this care: abortion. I can provide patients with information about where to get prenatal care out-of-state and make referrals for such care. But when it comes to abortion, the government would penalize my speech. In effect, the government is distorting my conversations with patients, allowing me to speak on some topics and silencing me on others.

**Serious Harm to Patients**

20.    My inability to counsel my patients about obtaining abortions in other states will have devastating effects for my patients, who will likely suffer serious health consequences if they

5

cannot receive that care, and it will also negatively impact me as a provider because I cannot adequately care for my patients.

21.    If they cannot discuss with me the options for abortion care in other states, some of my patients will not know how to obtain an abortion in another state, or they will choose not to do so because they are not being referred to a doctor that is trusted by their primary treating physician.

22.    Neither the patient nor I can be confident of the quality of care when I am not able to provide my professional opinion or draw on my professional experience about the right provider for a certain patient.

23.    Pregnant patients, like any other medical patient, have an inherent right to make decisions about their bodies and medical treatment in coordination with their doctors.

24.    These patients have a right to know all options for care in order to make an informed choice about their preferred course of treatment.  By limiting my ability to counsel patients, the Attorney General's letter limits patients' abilities to understand medical risks and options for addressing those risks to best protect their health and well-being.

25.    There are also medical circumstances when a person's life will be placed at risk if they are unable to terminate their pregnancies.

26.    A patient may also face serious health consequences if they require emergency care for a non-viable pregnancy and that care is delayed because they are not able to connect with out-of-state providers as quickly, absent my referral or guidance.

27.    For example, for a patient with an 18-week pregnancy whose membranes are ruptured, there is no chance of survival for the fetus and a great risk of potentially deadly infection for the pregnant patient.  In these circumstances, if there is still fetal cardiac activity, I would have to wait for the pregnant patient to get so sick that the patient is at risk of imminent death before

6

acting.  Previously, before the letter from Attorney General Labrador, I could work with local hospitals and physicians to arrange for transporting that person out of state to receive appropriate healthcare; however, I do not believe that would be possible in light of the Attorney General's letter indicating that providing "aid or support" for an abortion—including an out-of-state abortion—is a violation of Idaho's abortion ban.  I am aware of colleagues who have experienced similar situations in their practices.

28.     Waiting until a pregnant person's death is imminent to provide any assistance is clearly a serious detriment to the health of the patient, and it would not be surprising if care by that point came too late to avoid serious health consequences or death.

29.     This law is contrary to my medical training, denies my patients access to safe care, and chills my right to speak to and counsel my patients.  It will greatly harm many Idahoans.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2023, in _____Boise_____, ___Idaho___.


_____

Darin L. Weyhrich, M.D.

7

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
   Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
  Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>       Plaintiffs,<br><br>  v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>       Defendants. | Case No.  1:23-cv-142<br><br>**COMPLAINT** |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* Pro hac vice applications forthcoming

## COMPLAINT

Plaintiffs Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky ("Planned Parenthood"), Caitlin Gustafson, M.D., and Darin L. Weyhrich, M.D., by and through their attorneys, bring this civil action for declaratory and injunctive relief and allege as follows:

## PRELIMINARY STATEMENT

1.       Shortly after the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022), Idaho's criminal ban on all abortions, Idaho Code § 18-622 (the "Total Abortion Ban"), went into effect, depriving Idahoans of the right to choose to terminate a pregnancy.  Since that time, Plaintiffs have not performed any abortions in Idaho.

2.       Having complied with Idaho's stringent abortion ban for months, Plaintiffs are now the targets of a new attack at the hands of Idaho Attorney General Raúl Labrador ("Labrador").  On March 27, 2023, Labrador publicly issued a letter asserting that Idaho law "prohibits an Idaho medical provider from . . . referring a woman across state lines to access abortion services" and claimed that Idaho law "requires the suspension of a health care professional's license" for doing so.  Ex 1, Labrador Letter.  Labrador's interpretation is unprecedented and amounts to a clear threat that Idaho will seek to punish individuals for speech and conduct related to abortions that take place in states where abortion is legal.

3.       Labrador's interpretation attempts to bring plainly First Amendment-protected activity within the ambit of the Total Abortion Ban. Moreover, his interpretation depends on the assertion that Idaho law punishes abortions performed outside of Idaho —a clear Due Process and Dormant Commerce Clause violation.

4.       Plaintiffs provide comprehensive reproductive healthcare consistent with Idaho state law, including consulting with patients and advising them regarding available medical treatments, consistent with their ethical and legal obligations.  As part of their practice, providers

counsel patients on their pregnancy options, including providing patients with information on

how to obtain lawful out-of-state abortion care when desired by the patient, including at times

referring patients to specific out-of-state providers.  Absent Attorney General Labrador's

overbroad and unsupported interpretation of Idaho's Total Abortion Ban, Plaintiffs would

provide pregnant patients with critical information to obtain necessary abortion care where it is

safe and legal—that is, outside of Idaho.  As a result of Attorney General Labrador's letter, Dr.

Gustafson, Dr. Weyhrich, and Planned Parenthood's Idaho health center providers and other staff

have ceased having comprehensive conversations with their patients about out-of-state abortion

options and no longer provide patients with information about out-of-state resources or

recommend to them out-of-state providers who can offer them abortion care.

5.      Plaintiffs wish to resume the comprehensive care that they are ethically obligated

to provide to their patients, which includes being able to discuss all available, legal options, and

refer patients to medically appropriate resources.  To that end, Plaintiffs seek declaratory and

injunctive relief protecting them from this unconstitutional and unprecedented application of

Idaho law.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

This is an action to enforce civil and constitutional rights pursuant to 42 U.S.C. § 1983 and the

United States Constitution.

7.      This Court has authority to award the requested declaratory and injunctive relief

under 28 U.S.C. §§ 2201, 2202, 1343, Federal Rules of Civil Procedure 57 and 65, and the

general legal and equitable powers of the court.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendants reside within this judicial district and because a substantial part of the acts or omissions giving rise to this action arose from events occurring within this judicial district.

9.      Pursuant to D. Idaho Civ. R. 3.1, venue is proper in the Southern Division because some Defendants legally reside in Ada County, Idaho, and because that is where the claim for relief arose.

## PARTIES

### I.      Plaintiffs

10.     Plaintiff Planned Parenthood is a not-for-profit corporation organized under the laws of the State of Washington and doing business in Idaho.  It is the largest provider of reproductive health services in Idaho, operating two health centers in the State, one in Ada County (Meridian) and one in Twin Falls County (Twin Falls).  Planned Parenthood provides a broad range of reproductive and sexual health services, including, but not limited to, well person examinations, birth control, testing and treatment for sexually transmitted infections, cancer screening, and pregnancy testing.  Planned Parenthood brings this lawsuit on behalf of itself, its providers and other staff, and its current and future patients.

11.     Plaintiff Dr. Caitlin Gustafson is a licensed physician based in Valley County, Idaho, and practices family medicine with fellowship training in obstetrics.  Dr. Gustafson brings this lawsuit on behalf of herself and her current and future patients.

12.     Plaintiff Dr. Darin L. Weyhrich is a licensed physician based in Ada County, Idaho, who practices obstetrics and gynecology.  Dr. Weyhrich brings this lawsuit on behalf of himself and his current and future patients.

13.     Plaintiffs have standing to sue to prevent enforcement of Idaho Code § 18-622(2)

as to speech about, and the provision of or "assist[ance]" in providing, lawful out-of-state

abortions based on the Attorney General's threatened enforcement.[1]

## II.     Defendants

14.     Defendant Raúl Labrador is the Attorney General of Idaho, named in his official

capacity.

15.     State attorneys general are proper defendants where they "intend[] either to

enforce a statute or to 'encourage local law enforcement agencies to do so.'" *Culinary Workers

Union*, 200 F.3d at 618–619 (quoting *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992)).

Through his March 27 letter, Attorney General Labrador has demonstrated a clear intent to

enforce the statute against Idaho health care providers who give comprehensive information to

patients seeking an out of state abortion, or who otherwise "assist" patients in obtaining such an

abortion, or to encourage and/or direct state licensing boards and prosecuting attorneys to do so,

or both.

16.     The Attorney General has also demonstrated that he interprets Idaho Code § 18-

622(2) to apply to at least some abortions obtained outside of Idaho. When criminal enforcement

---

[1] *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) ("[A] plaintiff
satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of
conduct arguably affected with a constitutional interest, but proscribed by a statute, and there
exists a credible threat of prosecution thereunder.") (quoting *Babbitt v. Farm Workers*, 442 U. S.
289, 298 (1979));  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007) ("[W]here
threatened action by government is concerned, we do not require a plaintiff to expose himself to
liability before bringing suit to challenge the basis for the threat—--for example, the
constitutionality of a law threatened to be enforced."); *Culinary Workers Union*, *Loc. 226 v. Del
Papa*, 200 F.3d 614, 618–619 (9th Cir. 1999) ("[Courts] do not require, especially in the context
of First Amendment cases, that the plaintiff risk prosecution by failing to comply with state
law.").

is possible, the Idaho Attorney General is a proper defendant. *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919–920 (9th Cir. 2004).

17.     Defendants County Prosecuting Attorneys (the "County Prosecuting Attorneys") are the Prosecuting Attorneys in the following Idaho counties: Ada, Adams, Bannock, Bear Lake, Benewah, Bingham, Blaine, Boise, Bonner, Bonneville, Boundary, Butte, Camas, Canyon, Caribou, Cassia, Clark, Clearwater, Custer, Elmore, Franklin, Fremont, Gem, Gooding, Idaho, Jefferson, Jerome, Kootenai, Latah, Lemhi, Lewis, Lincoln, Madison, Minidoka, Nez Perce, Oneida, Owyhee, Payette, Power, Shoshone, Teton, Twin Falls, Valley, and Washington, named in their official capacities.  The County Prosecuting Attorneys are proper Defendants, as they bear primary responsibility for enforcing Idaho Code § 18-622(2) in their respective Idaho counties.  *See* Idaho Code § 31-2227.  They are designated by their official title pursuant Federal Rule of Civil Procedure 17(d).

18.     The individual members of the Idaho State Board of Medicine and Idaho State Board of Nursing are sued in their official capacities. These are members of professional licensing boards charged with the duty of suspending and revoking the licenses of doctors, and nurses in Idaho.  *See* Idaho Code §§ 54-1814(6), 54-1404(2).  They are designated by their official title pursuant to Federal Rule of Civil Procedure 17(d).

## FACTUAL ALLEGATIONS

### III.    State of Idaho Abortion Law

19.     Idaho law makes it a felony for "[e]very person" to "perform[] or attempt[] to perform an abortion."  Idaho Code § 18-622(2).  Anyone who violates the Ban's prohibition is subject to between two and five years' imprisonment.  *Id.*

20.     An "abortion" is defined as "the use of any means to intentionally terminate the clinically diagnosable pregnancy of a woman with knowledge that the termination by those

means will, with reasonable likelihood, cause the death of the unborn child . . . . "  Idaho Code
§ 18-604(1).

21.     Further, the statute states that "[t]he professional license of any health care
professional who performs or attempts to perform an abortion or who assists in performing or
attempting to perform an abortion in violation of this subsection shall be suspended by the
appropriate licensing board for a minimum of six (6) months upon a first offense and shall be
permanently revoked upon a subsequent offense."  Idaho Code § 18-622(2).

22.     In other words, the licensing provision applies only where the licensed
professional assists with an abortion that itself violates the Total Abortion Ban.  *Id.* (referencing
abortions performed "in violation of this subsection").

23.     On March 27, 2023, in response to an inquiry from Representative Brent Crane,
Idaho Attorney General Raúl Labrador issued publicly a letter interpreting Idaho's prohibitions
on abortion.

24.     In relevant part, Representative Crane asked "whether Idaho's abortion
prohibitions preclude . . . referring women across state lines to obtain abortion services."  Ex. 1.

25.     Labrador responded that, with respect to referring a patient "across state lines to
access abortion services," "Idaho law requires the suspension of a health care professional's
license when he or she '*assists* in performing or attempting to perform an abortion.'"  Ex. 1
(citing Idaho Code § 18-622(2)) (emphasis added by Labrador).  According to Labrador,

> The plain meaning of assist is to give support or aid.  An Idaho health care
> professional who refers a woman across state lines to an abortion provider . . . has
> given support or aid to the woman in performing or attempting to perform an
> abortion and has thus violated the statute.

Ex. 1

26.     Labrador's letter thus announces two premises with respect to the Total Abortion

Ban.  First, he concludes that Idaho law prohibits healthcare providers from providing assistance

to Idahoans in need of out-of-state abortion services by giving them information about and/or

making referrals to aid them in obtaining abortion services in states where such services are

legal.  And second, the necessary conclusion of his interpretation is that Idaho's Total Abortion

Ban applies not only to abortions performed within the state, but to at least some abortions

performed out-of-state, because he interprets an abortion performed out-of-state as an abortion

that triggers the license suspension, which applies *only* to an abortion performed "*in violation of

this subsection*." Idaho Code § 18-622(2) (emphasis added).  The only way that could be true is

if an out-of-state abortion violates Idaho's Total Abortion Ban.  As detailed below, both premises

are unconstitutional.

## IV.     The Effect of the Attorney General's Overreaching and Unconstitutional Interpretation of Section 18-622(2) on Idahoan's Health Care

27.     It is common for medical providers to counsel their patients about and

recommend them for individualized and specialized medical treatments out of state.  There are

cancer clinics, for example, that draw their patients from across the country because of clinical

trials or treatments only available in those locations.  Consultation with a medical provider in

Idaho regarding the availability of these options is often the first step in providing Idahoans

access to these critical treatments.  Similarly, with respect to pregnancy, patients have the right to

seek counsel and medical advice, or any other form of "assist[ance]," from their medical

provider about all options, including those options—such as abortion—that are banned in Idaho

but permitted elsewhere.

28.     Pregnancy and childbirth impact an individual's physical and mental health,

finances, and personal relationships.  Whether to take on the health risks of pregnancy and the

responsibilities of parenting is an extremely personal and consequential decision that must be left

to the individual to determine without governmental interference.  To make those decisions,

Idahoans have the right to ask their medical provider for information regarding all treatments—

including those options that are lawful and available outside of Idaho.  Providers likewise have a

right to provide information and recommendations about health care options.

29.     Guided by their individual health needs, values, and circumstances, Idahoans may

seek guidance from their health care providers about abortion for a variety of deeply personal

reasons, including medical, familial, and financial concerns.  Those reasons can include

preserving their health, protecting their ability to care and provide for their children, financial

concerns about the ability to work or go to school while pregnant or parenting, or complicated

family circumstances.  Without the ability to discuss with their health care provider information

related to their health, including the risks of continuing a pregnancy, Idahoans will lose the right

to make critical decisions about their health, bodies, lives, and futures.

30.     Health care providers are trusted with some of the most intimate information a

person has.  What a patient eats and drinks, what medications they take, with whom they engage

in sexual activity—all of this is provided to physicians to diagnose and treat conditions or

ailments.  Health care providers also aim to, and are trusted to, offer their honest opinions to

patients.

31.     A number of existing laws acknowledge and recognize the unique relationship

between physician and patient.  For example, to facilitate the open and honest exchange of

information between a patient and her doctor, communications between doctors and patients are

protected from compelled disclosure by state law.  *See* Idaho R. Evid. 503.  Erecting

governmental barriers to the free exchange of information between the patient and their health

care providers undermines the bedrock tenets of their relationship, and isolates patients from essential information about safe and legal healthcare provided in other states.

32.    If providers cannot provide information to  patients about safe abortion care out of state, including the provision of referrals to an out of state provider for such care, and if patients cannot otherwise make the trip out of state because of uncertainty of access to care, the Total Abortion Ban will force some patients to terminate their unwanted pregnancies outside a clinical setting, which could put them at medical or legal risk.

33.    The negative impacts of prohibiting abortions are often most severe for those who are already marginalized.  For example, victims of domestic violence are at an increased risk of harm during pregnancy.  For Idahoans experiencing intimate partner violence, forced pregnancy exacerbates the risk of new or increased violence, and further—often permanently—tethers the victim and the victim's family to their abuser.  Furthermore, while poor Idahoans already struggled to scrape together the resources necessary to pay for an abortion, they now face additional costs of traveling out of state.

34.    Even those patients whose dire situations may technically qualify for the life exception within Idaho may still be refused care within the state of Idaho because providers fear being held criminally liable under the Total Abortion Ban.  Removing the ability for providers to provide information, including referrals, to patients about safe abortion care out of state, will be devastating for those at risk for or experiencing complications that may seriously and permanently impair their health.  This is particularly true because the Total Abortion Ban contains only an affirmative defense—not an exception—for abortions "necessary to prevent the death of the pregnant woman."  Idaho Code § 18-622(3)(a)(ii).  In other words, an abortion provider could still be criminally charged for saving a patient's life.

35.     The inability to provide information to patients about safe abortion care out of state, including the provision of referrals for such care, will inhibit patients from accessing necessary care in any of a number of extraordinarily difficult circumstances, including where a patient has an underlying health condition that is exacerbated by pregnancy, or where she has received a diagnosis of a health condition in the fetus, including potentially lethal conditions. This compounds an already difficult scenario by making the patient feel abandoned and alone as they navigate the next steps for their family, negatively impacting the patient's health and wellbeing.

36.     In addition to the effect on patients, Labrador's interpretation of the Total Abortion Ban is likely to drive more health care providers, particularly those who provide obstetric and gynecological care, away from Idaho due to their credible fear of civil and criminal prosecution.[2]

37.     The fear of licensure penalties is particularly acute for health care providers who, like Dr. Gustafson and some Planned Parenthood providers, are licensed in Idaho and another state.

38.     Some of these providers, including Plaintiff Dr. Gustafson, had planned to begin providing abortions in states where doing so is lawful, including to patients from Idaho, but those plans have been put in jeopardy because of Labrador's interpretation of the Total Abortion Ban.

---

[2] *See* John Werdel, *Change is Needed in Idaho's Abortion Laws Before it is Too Late*, Idaho Capital Sun (Mar. 7, 2023), https://idahocapitalsun.com/2023/03/07/change-is-needed-in-idahos-abortion-laws-before-it-is-too-late/; https://www.idahostatesman.com/opinion/readers-opinion/article272519522.html;  Kelcie Moseley-Morris, *Citing Staffing Issues and Political Climate, North Idaho Hospital Will No Longer Deliver Babies*, Idaho Capital Sun (Mar. 17, 2023), Kylie Cooper, *I'm a Maternal-Health Doctor, and I'm Leaving Idaho Because of Restrictive Abortion Ban*, The Idaho Statesman (Feb. 16, 2023) https://idahocapitalsun.com/2023/03/17/citing-staffing-issues-and-political-climate-north-idaho-hospital-will-no-longer-deliver-babies/.

In other words, Labrador's interpretation is affecting the health care Idahoans are able to receive outside of Idaho, even in states where abortion is legal.

39.     Others of these cross-licensed health care providers primarily practice in other states but have, in the past, served Idaho communities. These providers may give up their Idaho licenses altogether due to their concerns about Labrador's overreaching interpretation of the Total Abortion Ban, reducing Idahoans access to needed health care within the State's borders.

40.     Similarly, before Labrador's letter, Planned Parenthood providers would counsel their patients about their pregnancy options and resources for medical care, including outside the state of Idaho, and from time to time, assist patients in scheduling care outside of Idaho. Providers would provide an information packet of resources including general information about different pregnancy options, including abortion; a list of "Abortion Providers Nearest to You" that lists health centers operated by both Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky and other providers in Washington, Montana, Nevada, Wyoming, Oregon, and Utah; an information sheet with information about funds that can help with travel and/or appointment costs; and a flier on "Abortion law in Idaho" that states that abortion is banned in Idaho. Following Labrador's letter, Planned Parenthood providers no longer do so.

41.     But for the Attorney General's interpretation, Dr. Gustafson and Dr. Weyhrich likewise would, where appropriate and consistent with their legal and ethical obligations, inform and counsel patients regarding abortion, including potentially referring patients to out-of-state providers.

42.     The Attorney General's interpretation also demonstrates that he is taking the position that at least some abortions in other states are banned by Idaho criminal law—a truly novel, shocking and blatantly unconstitutional interpretation of Idaho's Total Ban that risks

further isolating Idaho patients by cutting them off from critical health care in other states that is legal in those states.

43.    Plaintiffs have no adequate remedy at law.

**CLAIMS FOR RELIEF**

**COUNT I**
**(UNCONSTITUTIONAL RESTRICTIONS ON SPEECH IN VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION)**

44.    Plaintiffs bring this claim against all Defendants.  Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs 1 through 43.

45.    The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech."  The First Amendment applies to state and local governments under the Fourteenth Amendment to the United States Constitution, including applying to professional licensing regimes.

46.    Content-based restrictions on speech are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to further a compelling governmental interest.  *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015).  Viewpoint-based restrictions are "an egregious form of content discrimination" and are presumptively unconstitutional in any setting.  *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828-829 (1995).

47.    The Total Abortion Ban, Idaho Code § 18-622(2), as interpreted by the Idaho Attorney General, unconstitutionally restricts Plaintiffs' rights of free speech.

48.    The Total Abortion Ban, under the Attorney General's interpretation, is a content- and viewpoint-based restriction that prohibits physicians and other medical providers from providing any "support or aid" to a woman seeking abortion, including "refer[ing] a woman across state lines to an abortion provider." Ex. 1, Labrador Letter.

14

49.     The Total Abortion Ban, as interpreted by Labrador, does not further a compelling governmental interest.

50.     Idaho has no legitimate interest, much less a compelling interest, in preventing its physicians and other medical providers from counseling their patients about medical treatments that are legal and available in other states or referring them to providers who provide those treatments out of state. *See Bigelow v. Virginia*, 421 U.S. 809, 827-828 (1975) ("This asserted interest [in preventing citizens from learning information about activities outside of the state's borders], even if understandable, was entitled to little, if any, weight.").

51.     Labrador's interpretation of the Total Abortion Ban is not narrowly tailored, as there are many less-restrictive means that Idaho could have employed even if it had a compelling government purpose, which it does not.

52.     The Total Abortion Ban, and Labrador's interpretation of it, is unconstitutional as applied to the provision of information, referrals, or other "assist[ance]" to patients seeking abortions in states in which abortion is legal.

53.     The Total Abortion Ban and Labrador's interpretation of it unconstitutionally chill Plaintiffs' speech, and without declaratory and injunctive relief, will continue to do so.

54.     Accordingly, Plaintiffs are entitled to a declaratory judgment, judgment awarding them preliminary and permanent injunctive relief, attorneys' fees, costs, and any other relief the Court deems just and appropriate.

## COUNT II
## (UNCONSTITUTIONAL EXTRATERRITORIAL APPLICATION
## IN VIOLATION OF THE COMMERCE CLAUSE)

55.     Plaintiffs Planned Parenthood and Dr. Gustafson bring this claim against all Defendants.  Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs 1 through 43.

56.     The Commerce Clause of the United States Constitution prohibits a state from applying its laws extraterritorially to regulate out-of-state activity which is lawful where it occurs, and prohibits state laws which discriminate against interstate commerce or impose undue burdens on interstate commerce.  U.S. Const. Art. I, § 8, cl 3; *see also South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080 (2018); *Healy v. Beer Inst., Inc.*, 491 U.S. 324 (1989).

57.     The Attorney General's interpretation of the Total Abortion Ban seeks to criminalize otherwise lawful abortion care provided outside the state, and therefore constitutes a regulation of "commerce that takes place wholly outside of the State's borders," in violation of the dormant Commerce Clause.  *Healy*, 491 U.S. at 336.

58.     The medical services at issue in this case—the provision of abortion care to Idahoans outside of Idaho—unquestionably constitutes commerce under the dormant commerce clause.  *See, e.g.*, *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 329 (1991) ("provision of health care services" is "commerce").

59.     By restricting Idahoans' access to out-of-state abortion care, Idaho seeks to "directly control[] commerce occurring wholly outside [its] boundaries," thereby "exceed[ing] the inherent limits of the enacting State's authority."  *Healy*, 491 U.S. at 336.  Further, it is well-settled that the fact that a state's residents engage in commercial activity taking place elsewhere does not give the state license to regulate that out-of-state activity.  *See, e.g.*, *Sam Francis Found. v. Christies*, 784 F.3d 1320, 1323 (9th Cir. 2015) (en banc).

60.     Idaho's attempt to regulate the provision of out-of-state commercial activity, in the form of abortion care taking place beyond its borders in jurisdictions where the provision of abortion services is legal, is unconstitutional in violation of the Dormant Commerce Clause, and it must be enjoined and declared unlawful.

61.     Accordingly, Plaintiffs are entitled to a declaratory judgment, judgment awarding preliminary and permanent injunctive relief, declaratory relief, attorneys' fees, costs, and any other relief the Court deems just and appropriate.

**COUNT III**
**(UNCONSTITUTIONAL EXTRATERRITORIAL APPLICATION**
**IN VIOLATION OF THE DUE PROCESS CLAUSE)**

62.     Plaintiffs Planned Parenthood and Dr. Gustafson bring this claim against all Defendants.  Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs 1 through 42.

63.     The Fourteenth Amendment of the United States Constitution prohibits a state from applying its laws extraterritorially to criminalize out-of-state activity which is lawful where it occurs.  U.S. Const. amend. XIV; *see also Nielsen v. State of Oregon*, 212 U.S. 315, 321 (1909) ("[F]or an act done within the territorial limits of [one state], under authority and license from that state, one cannot be prosecuted and punished by . . . [a different] state.").

64.     Any attempt by Idaho officials to punish providers for providing Idaho residents with abortion services in other states, which are legal in the jurisdictions where they are performed, violates Plaintiffs' due process rights.  As the Supreme Court has made clear, "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."  *BMW of N.A. v. Gore*, 517 U.S. at 559 n.19 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)).

65.     The same is true for Labrador's threat of licensing sanctions against Idaho healthcare professionals who "assist" Idaho residents in obtaining such an out-of-state abortion by, for example, providing information or referrals.

66.     The Attorney General's interpretation of the Total Abortion Ban violates fundamental principles of due process and must be declared unlawful.

67.     Accordingly, Plaintiffs are entitled to a declaratory judgment, judgment awarding preliminary and permanent injunctive relief, attorneys' fees, costs, and any other relief the Court deems just and appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1) Declaratory judgment relief:

   a. That enforcement of Idaho Code § 18-622 against Plaintiffs or any of their agents, staff, or volunteers for abortions that take place outside of Idaho is unconstitutional;

   b. That enforcement of Idaho Code § 18-622 against Plaintiffs or any of their agents, staff, or volunteers for speech related to abortion services outside of Idaho is unconstitutional, including, but not limited to:

      i. Counseling about abortion services outside of Idaho;

      ii. Informing about abortion services outside of Idaho;

      iii. Recommending abortion services outside of Idaho;

      iv. Informing about particular abortion providers outside of Idaho;

      v. Informing about sources of funding for abortion services outside of Idaho and/or sources of funding for travel and other expenses related to those abortion services;

      vi. Referring a patient to an abortion provider outside of Idaho;

   c. That Idaho's abortion statutes do not apply to abortions obtained or performed outside of Idaho.

   d. That Attorney General Labrador's interpretation of Idaho Code § 18-622 is unconstitutional because it violates the U.S. Constitution's Commerce Clause, Due Process Clause, and the First Amendment.

2) Enter an Order temporarily, preliminarily, and permanently enjoining Attorney General Labrador from enforcing his unconstitutional interpretation of Idaho Code § 18-622.

3) Enter an Order temporarily, preliminarily, and permanently enjoying the County Prosecuting Attorneys from enforcing Attorney General Labrador's unconstitutional interpretation of Idaho Code § 18-622.

4)   Enter an Order temporarily, preliminarily, and permanently enjoining the Licensing Boards from enforcing Attorney General Labrador's unconstitutional interpretation of Idaho Code § 18-622.

5)   Reasonable attorneys' fees and costs.

6)   Any other relief that the Court deems just and proper.

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
T: 212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties
    Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

*Attorneys for Physician Plaintiffs*

Respectfully submitted,
/s/ Colleen R. Smith
Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 2006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
    Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*
*\* Pro hac vice applications forthcoming*

# EXHIBIT 1



**STATE OF IDAHO**

OFFICE OF THE ATTORNEY GENERAL

**RAÚL R. LABRADOR**


March 27, 2023


BY HAND DELIVERY

The Honorable Brent Crane
Idaho House of Representatives
Idaho State Capitol
700 W. Jefferson Street, Rm. EW46
Boise, Idaho 83702

      Re:    Request for AG Analysis

Dear Representative Crane:

      This letter is in response to your recent inquiry regarding Idaho's criminal prohibitions on abortion. Specifically, you asked whether Idaho's abortion prohibitions preclude 1) the provision of abortion pills, 2) the promotion of abortion pills, and 3) referring women across state lines to obtain abortion services or prescribing abortion pills that will be picked up across state lines. Idaho law prohibits each of these activities.

      1)    Idaho's criminal prohibition on performing an abortion includes providing abortion pills. Idaho's criminal law defines abortion to mean "the use of *any means* to intentionally terminate the clinically diagnosable pregnancy of a woman with knowledge that the termination by those means will, with reasonable likelihood, cause the death of the unborn child." Idaho Code § 18-604(1) (emphasis added). The criminal abortion statute, to which the statutory definition of "abortion" applies, does not distinguish between an abortion carried out as a medical procedure and an abortion carried out by pills or chemicals; the use of *any means* to carry out an abortion is prohibited. *See* Idaho Code § 18-622.

      2)    Two Idaho criminal statutes prohibit promoting abortion pills to the public. Idaho Code section 18-603 prohibits the promotion of abortion pills, unless the promoter is a licensed physician: "Every person, except licensed physicians . . ., who willfully publishes any notice or advertisement of any medicine or means for

producing or facilitating a miscarriage or abortion . . . is guilty of a felony." Idaho Code § 18-603. Similarly, under Idaho Code section 18-607, "[a] person who . . . offers to sell, . . . advertises, or displays for sale anything specially designed to terminate a pregnancy, or held out by the actor for that purpose, commits a misdemeanor." The statute has several exceptions, but none of them apply to the promotion of abortion pills to the public.

3)   Idaho law prohibits an Idaho medical provider from either referring a woman across state lines to access abortion services or prescribing abortion pills for the woman to pick up across state lines. Idaho law requires the suspension of a health care professional's license when he or she "*assists* in performing or attempting to perform an abortion." Idaho Code § 18-622(2) (emphasis added). The plain meaning of assist is to give support or aid. An Idaho health care professional who refers a woman across state lines to an abortion provider or who prescribes abortion pills for the woman across state lines has given support or aid to the woman in performing or attempting to perform an abortion and has thus violated the statute.

Please let me know if you have any additional questions.

Sincerely,

RAÚL R. LABRADOR
Attorney General

RRL:kw

RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**NOTICE OF APPEAL** |

Defendant Raúl Labrador, in his capacity as Attorney General for the State of Idaho, hereby appeals the district court's July 31, 2023 Memorandum Decision and Order [153] granting Plaintiffs' motion for preliminary injunction against him.

NOTICE OF APPEAL – 2

# FORM 1 INFORMATION

- Date case was first filed in U.S. District Court:  April 5, 2023

- Date of judgment or order being appealed: July 31, 2023

- Docket entry number of judgment or order appealed from: 153 (Memorandum Decision and Order)

- Docketing fee of $505 paid to the U.S. District Court for the District of Idaho.

- Appellant:  Defendant Raúl Labrador

- This is not a cross-appeal

- A representation statement follows on the next page.

DATED:  August 1, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   /s/ *Lincoln Davis Wilson*
        LINCOLN DAVIS WILSON
        Chief, Civil Litigation and
        Constitutional Defense
        BRIAN V. CHURCH
        TIMOTHY LONGFIELD
        Deputy Attorneys General

        *Attorneys for Defendant Attorney General*
        *Raúl Labrador*

NOTICE OF APPEAL – 3

REPRESENTATION STATEMENT

**I.     Counsel for Appellant**

LINCOLN DAVIS WILSON
Chief of Civil Litigation and Constitutional Defense
lincoln.wilson@ag.idaho.gov

BRIAN V. CHURCH
Deputy Attorney General
brian.church@ag.idaho.gov

TIMOTHY LONGFIELD
Deputy Attorney General
tim.longfield@ag.idaho.gov

Idaho Office of the Attorney General
PO Box 83720
Boise, ID 83720-0010
(208) 334-2400

**II.    Counsel for Appellees**

COLLEEN R. SMITH
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC  20006
csmith@stris.com
T: (202) 800-5749

KATHERINE V. MACKEY
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
katherine.mackey@wilmerhale.com
T: (617) 526-6993

PETER G. NEIMAN
peter.neiman@wilmerhale.com

ALAN E. SCHOENFELD
alan.schoenfeld@wilmerhale.com

MICHELLE NICOLE DIAMOND
michelle.diamond@wilmerhale.com

RACHEL E. CRAFT
rachel.craft@wilmerhale.com

Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: (212) 230-8800

JENNIFER R. SANDMAN
jennifer.sandman@ppfa.org

CATHERINE PAYTON HUMPHREVILLE
catherine.humphreville@ppfa.org

Planned Parenthood Federation of America
123 William Street
New York, NY  10038
T: (212) 965-7000

MICHAEL J. BARTLETT
Bartlett & French LLP
1002 W. Franklin Street
Boise, ID 83702
michael@bartlettfrench.com
T: (208) 629-2311

DINA FLORES-BREWER
American Civil Liberties Union of Idaho Foundation
P.O. Box 1897
Boise, ID 83701
dfloresbrewer@acluidaho.org
T: (208) 344-9750

ANDREW BECK
abeck@aclu.org

MEAGAN BURROWS
mburrows@aclu.org

RYAN MENDIAS
rmendias@aclu.org

SCARLET KIM
scarletk@aclu.org

American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2633

**III.    Counsel for Amici States**

PETER B. GONICK
peter.gonick@atg.wa.gov

CRISTINA SEPE
christina.sepe@atg.wa.gov

Washington Attorney General's Office
1125 Washington Street SE
P.O. Box 40100
Olympia, WA  98504-0100
T: (360) 753-6200

**IV.    Counsel for Amicus Curiae St. Luke's Health System, Ltd.**

WENDY J. OLSON
Stoel Rives LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
wendy.olson@stoel.com
T: (208) 389-9000

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Colleen R. Smith
csmith@stris.com

Peter G. Neiman
peter.neiman@wilmerhale.com

Jennifer R. Sandman
jennifer.sandman@ppfa.org

Alan E. Schoenfeld
alan.schoenfeld@wilmerhale.com

Catherine Peyton Humphreville
catherine.humphreville@ppfa.org

Michelle Nicole Diamond
michelle.diamond@wilmerhale.com

Michael J. Bartlett
michael@bartlettfrench.com

Rachel E. Craft
rachel.craft@wilmerhale.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Katherine V. Mackey
katherine.mackey@wilmerhale.com

Andrew Beck
abeck@aclu.org

Ryan Mendías
rmendias@aclu.org

Meagan Burrows
mburrows@aclu.org

Scarlet Kim
scarletk@aclu.org

Peter B. Gonick
peter.gonick@atg.wa.gov

Cristina Sepe
christina.sepe@atg.wa.gov

_/s/ Lincoln Davis Wilson_
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense

NOTICE OF APPEAL – 7

# U.S. District Court
## District of Idaho (LIVE) NextGen 1.7 (Boise - Southern)
## CIVIL DOCKET FOR CASE #: 1:23-cv-00142-BLW

Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana,
Kentucky et al v. Labrador et al
Assigned to: Judge B Lynn Winmill
Case in other court: USCA, 23-35518
Cause: 28:1331 Fed. Question: Other Civil Rights

Date Filed: 04/05/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Planned Parenthood Great Northwest,
Hawaii, Alaska, Indiana, Kentucky**
*On Behalf of Itself, It's Staff, Physicians and
Patients*

represented by    **Michael J Bartlett**
Nevin, Benjamin, McKay & Bartlett LLP
303 W. Bannock
P.O. Box 2772
Boise, ID 83701
(208) 343-1000
Fax: 1-208-345-8274
Email: michael@bartlettfrench.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Schoenfeld**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-230-8800
Email: alan.schoenfeld@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine Peyton Humphreville**
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
Email: catherine.humphreville@ppfa.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer R. Sandman**
Planned Parenthood Federation of America
123 William Street
New York
New York, NY 10038
212-965-7000

Email: jennifer.sandman@ppfa.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine V. Mackey**
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6993
Email: katherine.mackey@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle Nicole Diamond**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
212-230-8800
Email: michelle.diamond@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter G Neiman**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
202-295-6487
Email: peter.neiman@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel E. Craft**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
212-295-6411
Email: rachel.craft@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Colleen Rosannah Smith**
Stris & Maher LLP
1717 K Street NW
Suite 900
Washington, DC 20006
202-800-5749
Email: csmith@stris.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Caitlin Gustafson**                    represented by  **Colleen Rosannah Smith**
*On Behalf of Herself and Her Patients*                 (See above for address)
                                                        *LEAD ATTORNEY*

**4-ER-467**

*ATTORNEY TO BE NOTICED*

**Alan Schoenfeld**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew Beck**
American Civil Liberties Union
125 Broad St
18th Floor
New York, NY 10004
212-284-7318
Email: abeck@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dina M Flores-Brewer**
ACLU of Idaho
Legal Department
P.O. Box 1897
Boise, ID 83701
208-344-9750
Email: dfloresbrewer@acluidaho.org
*ATTORNEY TO BE NOTICED*

**Katherine V. Mackey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meagan Burrows**
American Civil Liberties Union Foundation
125 Broad St
Floor 18
New York
New York, NY 10004
212-549-2601
Email: mburrows@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle Nicole Diamond**
WilmerHale
7 World Trade Center
New York, NY 10007
212-230-8800
Email: michelle.diamond@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter G Neiman**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Rachel E. Craft**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Mendias**
American Civil Liberties Union Foundation
125 Broad St.
18th Fl.
New York, NY 10004
212-549-2500
Email: rmendias@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scarlet Kim**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-549-2633
Email: scarletk@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Darin Weyhrich**                    represented by  **Colleen Rosannah Smith**
*On Behalf of Himself and His Patients*              (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Alan Schoenfeld**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Andrew Beck**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Dina M Flores-Brewer**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Katherine V. Mackey**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Meagan Burrows**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Michelle Nicole Diamond**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter G Neiman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel E. Craft**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Mendias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scarlet Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Raul Labrador**                              represented by    **Brian V Church**
*In His Official Capacity as Attorney*                          Office of the Attorney General, Civil
*General of the State of Idaho*                                 Litigation Division
                                                                954 W. Jefferson St., 2nd Floor
                                                                P.O. Box 83720
                                                                Boise, ID 83702-0010
                                                                208-334-2400
                                                                Fax: 208-854-8073
                                                                Email: brian.church@ag.idaho.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Lincoln Davis Wilson**
                                                                Idaho Attorney General's Office
                                                                P.O. Box 83720
                                                                Boise, ID 83720-0010
                                                                208-334-2400
                                                                Email: lincoln.wilson@ag.idaho.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Timothy Longfield**
                                                                Idaho Attorney General's Office
                                                                P.O. Box 83720
                                                                Boise, ID 83720-0010
                                                                208-334-2400
                                                                Email: timothy.longfield@ag.idaho.gov

**Defendant**
**Members of the Idaho State Board of Medicine**

**Defendant**
**Idaho State Board of Nursing**
*In Their Official Capacities*

**Defendant**
**County Prosecuting Attorneys**          represented by     **Brian V Church**
*In Their Official Capacities*                                (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Lincoln Davis Wilson**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Timothy Longfield**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**
**Cody Brower**                           represented by     **Brian V Church**
*Oneida County Prosecutor*                                   (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Lincoln Davis Wilson**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Timothy Longfield**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**
**Steve Stephens**                        represented by     **Brian V Church**
*Butte County Prosecutor*                                    (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Lincoln Davis Wilson**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jan Bennetts**
*Ada County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chris Boyd**
*Adams County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alex Gross**
*Boise County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrakay Pluid**
*Boundary County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jim Thomas**
*Camas County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**McCord Larsen**
*Cassia County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**E. Clayne Tyler**
*Clearwater County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trevor Misseldine**                represented by    **Brian V Church**
*Gooding County Prosecutor*                             (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lincoln Davis Wilson**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Timothy Longfield**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Taylor**                      represented by    **Brian V Church**
*Jefferson County Prosecutor*                           (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lincoln Davis Wilson**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Timothy Longfield**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Rob Wood**                         represented by    **Brian V Church**
*Madison County Prosecutor*                             (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lincoln Davis Wilson**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

Timothy Longfield
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M Anthony Sasser**
Sasser Law Office
110 S. 8th Avenue
Pocatello, ID 83201
(208) 904-2727
Fax: 1-866-559-7606
Email: sasserlawoffice@gmail.com
*TERMINATED: 04/14/2023*

**Defendant**

**Lance Stevenson**                    represented by   **Brian V Church**
*Minidoka County Prosecutor*                            (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lincoln Davis Wilson**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Timothy Longfield**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Benjamin Allen**                     represented by   **Brian V Church**
*Shoshone County Prosecutor*                            (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lincoln Davis Wilson**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Timothy Longfield**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Grant Loebs**                        represented by   **Brian V Church**
*Twin Falls County Prosecutor*                          (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Naugle**                    represented by    **Brian V Church**
*Valley County Prosecutor*                            (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Timothy Longfield**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Louis E. Marshall**              represented by    **Brian V Church**
*Bonner County*                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Timothy Longfield**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Bonneville County PA Randy Neal**

**Defendant**

**Lincoln County PA Richard Roats**    represented by    **Richard T Roats**
                                                         Lincoln County Prosecuting Attorney
                                                         Post Office Box 860
                                                         Shoshone, ID 83352
                                                         208-886-0405
                                                         Email: rtr@roatslaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Adam Strong**

**Defendant**
**Bryan Taylor**                     represented by **Brian V Church**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Lincoln Davis Wilson**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Timothy Longfield**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**
**Adam McKenzie**                    represented by **Brian V Church**
*Bear Lake County Prosecutor*        (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Lincoln Davis Wilson**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Timothy Longfield**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**
**S. Doug Wood**                     represented by **Brian V Church**
*Caribou County Prosecutor*          (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Lincoln Davis Wilson**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Timothy Longfield**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Justin Coleman**
*Nez Perce County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lemhi County PA Paul Withers**

**Defendant**

**Jason Mackrill**
*Power County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Custer County PA Justin Oleson**

**Defendant**

**Mariah Dunham**
*Benewah County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paul Rogers**  represented by  **Brian V Church**
*Bingham County Prosecutor*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shondi Lott**  represented by  **Brian V Church**
*Elmore County Prosecutor*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lindsey Blake**  represented by  **Brian V Church**
*Fremont County Prosecutor*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brad Calbo**  represented by  **Brian V Church**
*Jerome County Prosecutor*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stanley Mortensen**
*Kootenai County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bill Thompson**
*Latah County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bruce Withers**
*Lemhi County Prosecutors*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Zachary Pall**                    represented by    **Brian V Church**
*Lewis County*                                        (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Timothy Longfield**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher Topmiller**           represented by    **Brian V Church**
*Owyhee County Prosecutor*                            (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Timothy Longfield**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Mike Duke**                       represented by    **Brian V Church**
*Payette County Prosecutor*                           (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Timothy Longfield**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Delton Walker**
*Washington County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen Herzog**
*Bannock County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Randy Neal**
*Bonneville County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kirk MacGregor**
*Idaho County Prosecutor*

represented by **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Janna Birch**                     represented by   **Brian V Church**
*Clark County Prosecuting Attorney*                   (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Timothy Longfield**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Matt Fredback**                   represented by   **Brian V Church**
*Blaine County Prosecutor*                            (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Timothy Longfield**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Vic Pearson**                     represented by   **Brian V Church**
*Franklin County Prosecutor*                          (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lincoln Davis Wilson**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

Timothy Longfield
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Erick Thomson**
*Gem County Prosecutor*

represented by   **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bailey Smith**
*Teton Valley Prosecutor*

represented by   **Brian V Church**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lincoln Davis Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Longfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**St. Luke's Health System Ltd.**

represented by   **Wendy Olson**
Stoel Rives, LLP
101 S. Capitol Blvd., Ste. 1900
Boise, ID 83702
208-389-9000
Fax: 208-389-9040
Email: wendy.olson@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**State of Arizona**

represented by   **Emily A Mac Master**
MacMaster Law, PLLC
1925 N. Locust Grove Road

Meridian, ID 83646
208-608-2235
Email: emily@macmasterlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
Washington Attorney General
Solicitor General's Office
PO BOX 40100
Olympia, WA 98504-0100
360-753-6245
Fax: 360-664-2963
Email: peterg@atg.wa.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**State of California**          represented by **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**State of Colorado**          represented by **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**State of Delaware**          represented by **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**State of Hawaii**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**State of Illinois**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**State of Maine**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**State of Minnesota**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**State of Nevada**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**State of New Jersey**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**State of New York**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**State of Oregon**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**State of Rhode Island**                    represented by    **Emily A Mac Master**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Gonick**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **District of Columbia** | represented by | **Emily A Mac Master** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Peter Gonick** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **State of Washington** | represented by | **Emily A Mac Master** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Peter Gonick** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2023 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number BIDDC-2548374.), filed by All Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Cover Sheet)(Smith, Colleen) |
| 04/05/2023 | 2 | MOTION for Temporary Restraining Order *and Preliminary Injunction filed by* Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 4/26/2023 (Attachments: # 1 Memorandum in Support, # 2 Declaration of Rebecca Gibron, # 3 Declaration of Caitlin Gustafson, M.D., # 4 Declaration of Darin L. Weyhrich, M.D.)(Smith, Colleen) |
| 04/05/2023 | 3 | MOTION FOR PRO HAC VICE APPEARANCE by Andrew Beck. ( Filing fee $ 250 receipt number AIDDC-2548436.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 4 | MOTION FOR PRO HAC VICE APPEARANCE by Meagan Burrows. ( Filing fee $ 250 receipt number AIDDC-2548447.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 5 | MOTION FOR PRO HAC VICE APPEARANCE by Ryan Mendias. ( Filing fee $ 250 receipt number AIDDC-2548453.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 6 | MOTION FOR PRO HAC VICE APPEARANCE by Scarlet Kim. ( Filing fee $ 250 receipt number AIDDC-2548465.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |

| | | |
|---|---|---|
| 04/05/2023 | 7 | MOTION FOR PRO HAC VICE APPEARANCE by Jennifer R. Sandman. ( Filing fee $ 250 receipt number AIDDC-2548470.)Colleen Rosannah Smith appearing for Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 8 | MOTION FOR PRO HAC VICE APPEARANCE by Catherine P. Humphreville. ( Filing fee $ 250 receipt number AIDDC-2548481.)Colleen Rosannah Smith appearing for Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 9 | MOTION FOR PRO HAC VICE APPEARANCE by Peter Neiman. ( Filing fee $ 250 receipt number AIDDC-2548563.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 10 | MOTION FOR PRO HAC VICE APPEARANCE by Alan Shoenfeld. ( Filing fee $ 250 receipt number AIDDC-2548566.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 11 | MOTION FOR PRO HAC VICE APPEARANCE by Rachel Craft. ( Filing fee $ 250 receipt number AIDDC-2548568.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 12 | MOTION FOR PRO HAC VICE APPEARANCE by Michelle Diamond. ( Filing fee $ 250 receipt number AIDDC-2548569.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 13 | MOTION FOR PRO HAC VICE APPEARANCE by Katherine Mackey. ( Filing fee $ 250 receipt number AIDDC-2548571.)Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 4/26/2023 (Smith, Colleen) |
| 04/05/2023 | 14 | Corporate Disclosure Statement by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky. (Smith, Colleen) |
| 04/06/2023 | 15 | DOCKET ENTRY ORDER APPROVING (DKTs. 3 , 4 , 5 , 6 , 7 , 8 , 9 , 10 , 11 , 12 & 13 ) Motion for Pro Hac Vice Appearance of attorney Scarlet Kim, Andrew Beck,Meagan Burrows,Ryan Mendias,Peter G Neiman,Alan Schoenfeld,Rachel E. Craft,Michelle Nicole Diamond,Katherine V. Mackey, Jennifer R. Sandman,Catherine P. Humphreville,,Per Local Rule 83.4(e), out-of-state counsel shall immediately register for ECF. (Notice sent to CM/ECF Registration Clerk) (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lm) |
| 04/06/2023 | 16 | Summons Issued as to All Defendants. (Print attached Summons for service.) (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons, # 18 Summons, # 19 Summons, # 20 Summons, # 21 Summons, # 22 Summons, # 23 Summons, # 24 Summons, # 25 Summons, # 26 Summons, # 27 Summons, # 28 Summons, # 29 Summons, # 30 Summons, # 31 Summons, # 32 Summons, # 33 Summons, # 34 Summons, # 35 Summons, # 36 Summons, # 37 Summons, # 38 Summons, # 39 Summons, # 40 Summons, # 41 Summons, # 42 Summons, # 43 Summons, # 44 Summons, # 45 Summons, # 46 Summons)(lm) |

| 04/06/2023 | 17 | REQUEST FOR REASSIGNMENT TO DISTRICT JUDGE AND REASSIGNMENT OF CASE. Case reassigned to Judge B Lynn Winmill for all further proceedings. US Magistrate Judge Debora K Grasham no longer assigned to case. Please use this case number on all future pleadings, 1:23-cv-142-BLW (km) |
|---|---|---|
| 04/06/2023 | 18 | DOCKET ENTRY NOTICE of Hearing: A Status Conference set for April 7, 2023 at 1:00 PM in before Judge B Lynn Winmill. A Zoom link will be sent to counsel by separate notice. (hgp) |
| 04/07/2023 | 19 | NOTICE of Appearance by Lincoln Davis Wilson on behalf of Raul Labrador (Wilson, Lincoln) |
| 04/07/2023 | 20 | NOTICE of Appearance by Brian V Church on behalf of Raul Labrador (Church, Brian) |
| 04/07/2023 | 21 | NOTICE of Appearance by Timothy Longfield on behalf of Raul Labrador (Longfield, Timothy) |
| 04/07/2023 | 22 | DOCKET ENTRY NOTICE OF HEARING: A Video Status Conference is set for 4/7/2023 at 1:00 PM mountain time before Judge B Lynn Winmill. Counsel received a video link via separate notification. Members of the public may use the following to attend this matter via Audio ONLY: 1-669-254-5252, Meeting ID: 161 909 6869, Meeting Passcode: 405590. Persons granted remote access to proceedings are reminded of the general prohibition under federal law and Local Rule 83.1 against photographing, recording, and rebroadcasting of court proceedings.(jlg) |
| 04/07/2023 | 23 | NOTICE of Appearance by M Anthony Sasser on behalf of Rob Wood (Sasser, M) |
| 04/07/2023 | 99 | Minute Entry for proceedings held before Judge B Lynn Winmill: A Status Conference was held via Zoom on 4/7/2023. (Court Reporter Tammy Hohenleitner.) (jlg) (Entered: 04/25/2023) |
| 04/11/2023 | 24 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Raul Labrador served on 4/6/2023, answer due 4/27/2023. (Smith, Colleen) |
| 04/11/2023 | 25 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Members of the Idaho State Board of Medicine served on 4/6/2023, answer due 4/27/2023. (Smith, Colleen) |
| 04/11/2023 | 26 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Idaho State Board of Nursing served on 4/6/2023, answer due 4/27/2023. (Smith, Colleen) |
| 04/11/2023 | 27 | WAIVER OF SERVICE Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Andrakay Pluid waiver sent on 4/6/2023, answer due 6/5/2023. (Smith, Colleen) |
| 04/11/2023 | 28 | WAIVER OF SERVICE Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. McCord Larsen waiver sent on 4/6/2023, answer due 6/5/2023. (Smith, Colleen) |
| 04/11/2023 | 29 | WAIVER OF SERVICE Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Jimmy Thomas waiver sent on 4/6/2023, answer due 6/5/2023. (Smith, Colleen) |
| 04/11/2023 | 30 | ORDER SETTING EXPEDITED BRIEFING SCHEDULE: Defendants shall respond to the motion for a preliminary injunction (Dkt. 2 ) by April 14, 2023 at 12:00 PM. Plaintiffs shall reply by April 18, 2023 at 12:00 PM. IT IS FURTHER ORDERED that if Defendants wish to pursue an expedited motion to dismiss, they must file the motion by |

| | | |
|---|---|---|
| | | April 14, 2023 at 12:00 PM. Plaintiffs must respond by April 18, 2023 at 12:00 PM. Defendants must reply by April 20, 2023 at 5:00 PM. Signed by Judge B Lynn Winmill. (hgp) |
| 04/11/2023 | | Set/Reset Deadlines as to MOTION for Preliminary Injunction (Dkt. 2 ). Responses due by 4/14/2023 at 12:00 PM. Replies due by 4/18/2023 at 12:00 PM.(hgp) |
| 04/11/2023 | 31 | WAIVER OF SERVICE Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Rob Wood waiver sent on 4/6/2023, answer due 6/5/2023. (Smith, Colleen) |
| 04/12/2023 | 32 | DOCKET ENTRY NOTICE OF HEARING regarding 2 MOTION for Preliminary Injunction: A Video Motion Hearing is set for 4/24/2023 at 2:00 PM (Mountain Time) via Zoom before Judge B Lynn Winmill. A Zoom link will be provided prior to the date of the hearing. (jlg) |
| 04/13/2023 | 33 | WAIVER OF SERVICE Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Cody Brower waiver sent on 4/6/2023, answer due 6/5/2023. (Smith, Colleen) |
| 04/13/2023 | 34 | WAIVER OF SERVICE Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Steve Stephens waiver sent on 4/6/2023, answer due 6/5/2023. (Smith, Colleen) |
| 04/13/2023 | 35 | MOTION for Leave to File *Supplemental Declarations in Support of Motion for Preliminary Injunction* Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 5/4/2023 (Attachments: # 1 Exhibit 1 - Declaration of Rachel Craft, # 2 Exhibit 2 - Declaration of Rebecca Gibron, # 3 Exhibit 3 - Declaration of Caitlin Gustafson, # 4 Exhibit 4 - Declaration of Darin Weyhrich)(Smith, Colleen) |
| 04/13/2023 | 36 | AMENDED DOCUMENT by County Prosecuting Attorneys, Raul Labrador. *Amended Notice of Appearance for certain county prosecutors and Raul Labrador*. (Wilson, Lincoln) |
| 04/13/2023 | 37 | AMENDED DOCUMENT by County Prosecuting Attorneys, Raul Labrador. *Amended Notice of Appearance for certain county prosecutors and Raul Labrador*. (Church, Brian) |
| 04/13/2023 | 38 | AMENDED DOCUMENT by County Prosecuting Attorneys, Raul Labrador. *Amended Notice of Appearance for certain county prosecutors and Raul Labrador*. (Longfield, Timothy) |
| 04/14/2023 | 39 | DOCKET ENTRY ORDER: finding good cause exists, the Court will grant Plaintiffs' Motion for Leave to File (Dkt. 35). The Court will further reset the expedited briefing schedule as follow: Defendants' deadline to file a response to Plaintiffs' Motion for Preliminary Injunction and any potential motions to dismiss will be April 14, 2023 at 11:59 PM; Plaintiffs' deadline to file a reply in support of their motion and response to any potential motion to dismiss will be April 18, 2023 at 12:00 PM; Defendants' deadline to file a reply, if applicable, will be April 20, 2023 at 5:00 PM. Signed by Judge B. Lynn Winmill. (eap). (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jap) |
| 04/14/2023 | 40 | NOTICE of Substitution - Attorney Lincoln Davis Wilson for Rob Wood added. Attorney M Anthony Sasser terminated. Request to Leave Noticing ON for this case by Attorney (Wilson, Lincoln) |
| 04/14/2023 | 41 | MOTION to Dismiss Lincoln Davis Wilson appearing for Defendants Benjamin Allen, Jan Bennetts, Chris Boyd, Cody Brower, Alex Gross, Raul Labrador, McCord Larsen, Grant Loebs, Trevor Misseldine, Brian Naugle, Andrakay Pluid, Lance Stevenson, Mark |

| | | |
|---|---|---|
| | | Taylor, Jim Thomas, Rob Wood. Responses due by 5/5/2023 (Attachments: # 1 Memorandum in Support)(Wilson, Lincoln) |
| 04/14/2023 | 42 | RESPONSE to Motion re 2 MOTION for Temporary Restraining Order *and Preliminary Injunction filed by* filed by Benjamin Allen, Jan Bennetts, Chris Boyd, Cody Brower, Alex Gross, Raul Labrador, McCord Larsen, Grant Loebs, Trevor Misseldine, Brian Naugle, Andrakay Pluid, Lance Stevenson, Mark Taylor, Jim Thomas, Rob Wood. Replies due by 4/28/2023. (Attachments: # 1 Declaration of Lincoln Davis Wilson, # 2 Exhibit 1 to Wilson Declaration, # 3 Exhibit 2 to Wilson Declaration, # 4 Exhibit 3 to Wilson Declaration)(Wilson, Lincoln) |
| 04/14/2023 | 43 | MOTION Motion for Leave to File Overlength Brief re 41 MOTION to Dismiss , 42 Response to Motion,, Lincoln Davis Wilson appearing for Defendants Benjamin Allen, Jan Bennetts, Chris Boyd, Cody Brower, Alex Gross, Raul Labrador, McCord Larsen, Grant Loebs, Trevor Misseldine, Brian Naugle, Andrakay Pluid, Lance Stevenson, Mark Taylor, Jim Thomas, Rob Wood. Responses due by 5/5/2023 (Wilson, Lincoln) |
| 04/16/2023 | 44 | DOCKET ENTRY ORDER: good cause appearing, the Defendants' Motion for Leave to File Overlength Brief (Dkt. 43) is hereby GRANTED. Signed by Judge B. Lynn Winmill. (eap). (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (jap) |
| 04/17/2023 | 45 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Brad Calbo served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 46 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Brian Naugle served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 47 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Bailey Smith served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
| 04/17/2023 | 48 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Janna Birch served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 49 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Grant Loebs served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 50 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Lindsey Blake served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 51 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Louis E. Marshall served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
| 04/17/2023 | 52 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Lance Stevenson served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 53 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Mark Taylor served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |

| 04/17/2023 | 54 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Paul Rogers served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
|---|---|---|
| 04/17/2023 | | <span style="color:red">NOTICE TO COURT that counsel M. Anthony Sasser wishes to no longer be noticed electronically on this case as of the date of this notice. (Sasser, M)</span> |
| 04/17/2023 | 55 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Randy Neal served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 56 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky. Richard Roats served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 57 | SUMMONS Returned Executed by Darin Weyhrich, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson. Stephen Herzog served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
| 04/17/2023 | 58 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Stanley Mortensen served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 59 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Trevor Misseldine served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 60 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Jan Bennetts served on 4/11/2023, answer due 5/2/2023. (Smith, Colleen) |
| 04/17/2023 | 61 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Christopher Topmiller served on 4/11/2023, answer due 5/2/2023. (Smith, Colleen) |
| 04/17/2023 | 62 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Chris Boyd served on 4/11/2023, answer due 5/2/2023. (Smith, Colleen) |
| 04/17/2023 | 63 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Delton Walker served on 4/11/2023, answer due 5/2/2023. (Smith, Colleen) |
| 04/17/2023 | 64 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Adam Strong served on 4/11/2023, answer due 5/2/2023. (Smith, Colleen) |
| 04/17/2023 | 65 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Erick Thomson served on 4/11/2023, answer due 5/2/2023. (Smith, Colleen) |
| 04/17/2023 | 66 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Bryan Taylor served on 4/11/2023, answer due 5/2/2023. (Smith, Colleen) |
| 04/17/2023 | 67 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Benjamin Allen served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |

| 04/17/2023 | 68 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. E. Clayne Tyler served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
|---|---|---|
| 04/17/2023 | 69 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Kirk MacGregor served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
| 04/17/2023 | 70 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Bill Thompson served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 71 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Shondi Lott served on 4/12/2023, answer due 5/3/2023. (Smith, Colleen) |
| 04/17/2023 | 72 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Matt Fredback served on 4/14/2023, answer due 5/5/2023. (Smith, Colleen) |
| 04/17/2023 | 73 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Mariah Dunham served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
| 04/17/2023 | 74 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Zachary Pall served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
| 04/18/2023 | 75 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Vic Pearson served on 4/17/2023, answer due 5/8/2023. (Smith, Colleen) |
| 04/18/2023 | 76 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Adam McKenzie served on 4/17/2023, answer due 5/8/2023. (Smith, Colleen) |
| 04/18/2023 | 77 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. S. Doug Wood served on 4/17/2023, answer due 5/8/2023. (Smith, Colleen) |
| 04/18/2023 | 78 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Justin Coleman served on 4/13/2023, answer due 5/4/2023. (Smith, Colleen) |
| 04/18/2023 | 79 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Paul Withers served on 4/14/2023, answer due 5/5/2023. (Smith, Colleen) |
| 04/18/2023 | 80 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Jason Mackrill served on 4/18/2023, answer due 5/9/2023. (Smith, Colleen) |
| 04/18/2023 | 81 | MEMORANDUM in Support re 2 MOTION for Temporary Restraining Order *and Preliminary Injunction filed by and in Opposition to 41 Motion to Dismiss* filed by Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. (Attachments: # 1 Exhibit A - Declaration of Rachel E. Craft)(Smith, Colleen) |

| 04/18/2023 | 82 | SUMMONS Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Mike Duke served on 4/17/2023, answer due 5/8/2023. (Smith, Colleen) |
|---|---|---|
| 04/19/2023 | 83 | WAIVER OF SERVICE Returned Executed by Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Caitlin Gustafson, Darin Weyhrich. Justin Oleson waiver sent on 4/19/2023, answer due 6/19/2023. (Smith, Colleen) |
| 04/19/2023 | 84 | NOTICE by Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich re 81 Memorandum in Support of Motion, *of Errata* (Attachments: # 1 Attachment 1 - Corrected Combined Memorandum in Opposition to Certain Defendants' Motion to Dismiss and Reply in Support of Plaintiffs' Motion for Preliminary Injunction)(Smith, Colleen) |
| 04/20/2023 | 85 | REPLY to Response to Motion re 41 MOTION to Dismiss filed by Benjamin Allen, Jan Bennetts, Chris Boyd, Cody Brower, Alex Gross, Raul Labrador, McCord Larsen, Grant Loebs, Trevor Misseldine, Brian Naugle, Andrakay Pluid, Lance Stevenson, Mark Taylor, Jim Thomas, Rob Wood.Motion Ripe Deadline set for 4/21/2023. (Attachments: # 1 Affidavit Second Declaration of Lincoln Wilson, # 2 Exhibit Exhibit 4)(Wilson, Lincoln) |
| 04/21/2023 | 86 | MOTION to File Amicus Brief *in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Opposition to Defendants' Motion to Dismiss* Wendy Olson appearing for Amicus St. Luke's Health System Ltd.. Responses due by 5/12/2023 (Attachments: # 1 Exhibit A - Proposed Amicus Curiae Brief)(Olson, Wendy) |
| 04/21/2023 | 87 | DOCKET ENTRY NOTICE OF HEARING regarding 2 Motion for Preliminary Injunction: A Video Motion Hearing is set for 4/24/2023 at 2:00 PM (Mountain Time) via Zoom before Judge B Lynn Winmill. Counsel received a video link via separate notification. Members of the public may use the following to attend this matter via Audio ONLY: 1-669-254-5252, Meeting ID: 161 127 3561, Meeting Passcode: 709338. Persons granted remote access to proceedings are reminded of the general prohibition under federal law and Local Rule 83.1 against photographing, recording, and rebroadcasting of court proceedings.(jlg) |
| 04/21/2023 | 88 | RESPONSE to Motion re 86 MOTION to File Amicus Brief *in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Opposition to Defendants' Motion to Dismiss* filed by Benjamin Allen, Jan Bennetts, Chris Boyd, Cody Brower, Alex Gross, Raul Labrador, McCord Larsen, Grant Loebs, Trevor Misseldine, Brian Naugle, Andrakay Pluid, Lance Stevenson, Mark Taylor, Jim Thomas, Rob Wood. Replies due by 5/5/2023.(Wilson, Lincoln) |
| 04/21/2023 | 89 | NOTICE of Appearance by Lincoln Davis Wilson on behalf of County Prosecuting Attorneys (Wilson, Lincoln) |
| 04/21/2023 | 90 | NOTICE of Appearance by Brian V Church on behalf of County Prosecuting Attorneys (Church, Brian) |
| 04/21/2023 | 91 | NOTICE of Appearance by Timothy Longfield on behalf of County Prosecuting Attorneys (Longfield, Timothy) |
| 04/21/2023 | 92 | ERRATA by Amicus St. Luke's Health System Ltd. re 86 MOTION to File Amicus Brief *in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Opposition to Defendants' Motion to Dismiss* . (Attachments: # 1 Exhibit A - Proposed Amicus Curiae Brief)(Olson, Wendy) |
| 04/21/2023 | 93 | MOTION FOR PRO HAC VICE APPEARANCE by Peter B. Gonick. ( Filing fee $ 250 receipt number AIDDC-2556592.)Peter Gonick appearing for Amicus Peter B Gonick. |

| | | |
|---|---|---|
| | | Responses due by 5/12/2023 (Gonick, Peter) |
| 04/21/2023 | 94 | MOTION for Leave to File *Amici Curiae Brief on behalf of the States of Washington, Arizona, California, Colorado, Delaware, Hawaii, Illinois, Maine, Minnesota, Nevada, New Jersey, New York, Oregon, Rhode Island, and the District of Columbia* Peter Gonick appearing for Amicus Peter B Gonick. Responses due by 5/12/2023 (Gonick, Peter) |
| 04/21/2023 | 95 | MOTION to File Amicus Brief *on behalf of the States of Washington, Arizona, California, Colorado, Delaware, Hawaii, Illinois, Maine, Minnesota, Nevada, New York, Oregon, Rhode Island, and the District of Columbia* Peter Gonick appearing for Amicus Peter B Gonick. Responses due by 5/12/2023 (Gonick, Peter) |
| 04/24/2023 | 96 | RESPONSE re 93 MOTION FOR PRO HAC VICE APPEARANCE by Peter B. Gonick. ( Filing fee $ 250 receipt number AIDDC-2556592.) filed by Benjamin Allen, Jan Bennetts, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Shondi Lott, Louis E. Marshall, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood . (Wilson, Lincoln) |
| 04/24/2023 | 97 | RESPONSE to Motion re 95 MOTION to File Amicus Brief *on behalf of the States of Washington, Arizona, California, Colorado, Delaware, Hawaii, Illinois, Maine, Minnesota, Nevada, New Jersey, New York, Oregon, Rhode Island, and the District of Columbia* filed by Benjamin Allen, Jan Bennetts, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Shondi Lott, Louis E. Marshall, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood. Replies due by 5/8/2023.(Wilson, Lincoln) |
| 04/24/2023 | 98 | LITIGATION ORDER AND NOTICE OF TELEPHONIC SCHEDULING CONFERENCE - The Court will conduct a telephonic scheduling conference on June 28, 2023, at 3:00 p.m. On or before June 21, 2023, the parties must file with the Court the joint Litigation Plan and Discovery Plan. Signed by Judge B Lynn Winmill. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lm) |
| 04/24/2023 | 100 | Minute Entry for proceedings held before Judge B Lynn Winmill: A Motion Hearing was held via Zoom on 4/24/2023 re 2 Plaintiffs' Motion for Preliminary Injunction. The Court GRANTED 86 MOTION to File Amicus Brief filed by St. Luke's Health System Ltd. and GRANTED 94 MOTION for Leave to File Amici Curiae Brief on behalf of the States of Washington, Arizona, California, Colorado, Delaware, Hawaii, Illinois, Maine, Minnesota, Nevada, New Jersey, New York, Oregon, Rhode Island, and the District of Columbia. Responses to Amicus Briefs are due by 5:00 PM on April 27, 2023. The Court took Plaintiffs' Motion for Preliminary Injunction under advisement. A written decision is forthcoming. (Court Reporter Tammy Hohenleitner.) (jlg) (Entered: 04/25/2023) |
| 04/26/2023 | 101 | First MOTION to Amend/Correct 93 MOTION FOR PRO HAC VICE APPEARANCE by Peter B. Gonick. ( Filing fee $ 250 receipt number AIDDC-2556592.) Emily A Mac Master appearing for Amicus Parties District of Columbia, State of Arizona, State of California, State of Colorado, State of Delaware, State of Hawaii, State of Illinois, State of Maine, State of Minnesota, State of Nevada, State of New Jersey, State of New York, State of Oregon, State of Rhode Island, State of Washington. Responses due by 5/17/2023 (Mac Master, Emily) |

| 04/27/2023 | 102 | DOCKET ENTRY ORDER approving 101 Amended Motion for Pro Hac Vice Appearance of attorney Peter Gonick for District of Columbia, State of Arizona, State of California, State of Colorado, State of Delaware, State of Hawaii, State of Illinois, State of Maine, State of Minnesota, State of Nevada, State of New Jersey, State of New York, State of Oregon, State of Rhode Island, and State of Washington. Per Local Rule 83.4(e), out-of-state counsel shall immediately register for ECF. (Notice sent to CM/ECF Registration Clerk). (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (km) |
|---|---|---|
| 04/27/2023 | 103 | NOTICE of Appearance by Lincoln Davis Wilson on behalf of County Prosecuting Attorneys (Wilson, Lincoln) |
| 04/27/2023 | 104 | NOTICE of Appearance by Brian V Church on behalf of County Prosecuting Attorneys (Church, Brian) |
| 04/27/2023 | 105 | NOTICE of Appearance by Timothy Longfield on behalf of County Prosecuting Attorneys (Longfield, Timothy) |
| 04/27/2023 | 106 | MOTION for Supplemental Briefing Lincoln Davis Wilson appearing for Defendants Benjamin Allen, Jan Bennetts, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Shondi Lott, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal, Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood. Responses due by 5/18/2023 (Attachments: # 1 Attachment)(Wilson, Lincoln) |
| 04/27/2023 | 107 | RESPONSE re 95 MOTION to File Amicus Brief *on behalf of the States of Washington, Arizona, California, Colorado, Delaware, Hawaii, Illinois, Maine, Minnesota, Nevada, New York, Oregon, Rhode Island, and the District of Columbia*, 94 MOTION for Leave to File *Amici Curiae Brief on behalf of the States of Washington, Arizona, California, Colorado, Delaware, Hawaii, Illinois, Maine, Minnesota, Nevada, New Jersey, New York, Oregon, Rhode Island, and the District of Columbia* filed by Benjamin Allen, Jan Bennetts, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood . (Wilson, Lincoln) |
| 04/27/2023 | 108 | NOTICE by Benjamin Allen, Jan Bennetts, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Shondi Lott, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood re 41 MOTION to Dismiss *Certain County Prosecutor Defendants' Joinder in Motion to Dismiss* (Wilson, Lincoln) |
| 04/28/2023 | 109 | MEMORANDUM in Opposition re 106 MOTION for Supplemental Briefing filed by Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Replies due by 5/12/2023.(Smith, Colleen) |
| 05/02/2023 | 110 | NOTICE of Appearance by Lincoln Davis Wilson on behalf of County Prosecuting |

| | | Attorneys (Wilson, Lincoln) |
|---|---|---|
| 05/02/2023 | 111 | NOTICE of Appearance by Brian V Church on behalf of County Prosecuting Attorneys (Church, Brian) |
| 05/02/2023 | 112 | NOTICE of Appearance by Timothy Longfield on behalf of County Prosecuting Attorneys (Longfield, Timothy) |
| 05/02/2023 | 113 | JOINDER by Defendant County Prosecuting Attorneys joining 41 MOTION to Dismiss *Joinder by Clark County Prosecuting Attorney, Janna Birch*. (Wilson, Lincoln) |
| 05/02/2023 | 114 | MEMORANDUM DECISION AND ORDER - Defendants Motion for Supplemental Briefing (Dkt. 106 ) is DENIED. Signed by Judge B Lynn Winmill. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lm) |
| 05/03/2023 | 115 | NOTICE of Appearance by Richard T Roats on behalf of Richard Roats (Roats, Richard) |
| 05/03/2023 | 116 | NOTICE by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood (Attachments: # 1 Declaration of Louis Marshall, # 2 Declaration of Mariah R. Dunham, # 3 Declaration of Benjamin Allen, # 4 Declaration of Cody Brower)(Wilson, Lincoln) |
| 05/04/2023 | 117 | NOTICE by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood (Attachments: # 1 Declaration of Andrakay Pluid, # 2 Declaration of Christopher Boyd, # 3 Declaration of Erick Thomson, # 4 Declaration of Jana Birch, # 5 Declaration of Kirk MacGregor, # 6 Declaration of Lance Stevenson, # 7 Declaration of Mark Taylor, # 8 Declaration of Randy Neal) (Wilson, Lincoln) |
| 05/04/2023 | 118 | NOTICE of Appearance by Lincoln Davis Wilson on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Mike Duke, Mariah Dunham, Alex Gross, Stephen Herzog, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood (Wilson, Lincoln) |
| 05/04/2023 | 119 | NOTICE of Appearance by Brian V Church on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Alex Gross, Stephen Herzog, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood (Church, Brian) |

| 05/04/2023 | [120](#) | NOTICE of Appearance by Timothy Longfield on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Alex Gross, Stephen Herzog, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Andrakay Pluid, Paul Rogers, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood (Longfield, Timothy) |
|---|---|---|
| 05/04/2023 | [121](#) | NOTICE by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood (Attachments: # [1](#) Affidavit Declaration of William W. Thompson, # [2](#) Affidavit Declaration of Bruce Withers, # [3](#) Affidavit Declaration of Stephen Herzog) (Wilson, Lincoln) |
| 05/04/2023 | [122](#) | MOTION to Strike [121](#) Notice (Other),,, [116](#) Notice (Other),, [117](#) Notice (Other),,, *Defendants' Notices of Supplemental Declarations* Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 5/25/2023 (Smith, Colleen) |
| 05/05/2023 | [123](#) | NOTICE of Appearance by Lincoln Davis Wilson on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Wilson, Lincoln) |
| 05/05/2023 | [124](#) | NOTICE of Appearance by Brian V Church on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Church, Brian) |
| 05/05/2023 | [125](#) | NOTICE of Appearance by Timothy Longfield on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Longfield, Timothy) |

| 05/05/2023 | 126 | MEMORANDUM in Opposition re 122 MOTION to Strike 121 Notice (Other),,, 116 Notice (Other),, 117 Notice (Other),,, *Defendants' Notices of Supplemental Declarations* filed by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood. Replies due by 5/19/2023.(Wilson, Lincoln) |
|---|---|---|
| 05/05/2023 | 127 | Motion to Dismiss for Failure to State a Claim *and Lack of Subject Matter Jurisdiction* Lincoln Davis Wilson appearing for Defendants Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal, Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood. Responses due by 5/26/2023 (Attachments: # 1 Memorandum in Support, # 2 Declaration of Lincoln Davis Wilson, # 3 Ex A, # 4 Ex B, # 5 Ex C, # 6 Ex D, # 7 Ex E, # 8 Ex F)(Wilson, Lincoln) |
| 05/05/2023 | 128 | RESPONSE to Motion re 2 MOTION for Temporary Restraining Order *and Preliminary Injunction filed by* filed by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Paul Withers, Rob Wood, S. Doug Wood. Replies due by 5/19/2023.(Wilson, Lincoln) |
| 05/08/2023 | 129 | NOTICE by Richard Roats re 127 Motion to Dismiss for Failure to State a Claim *and Lack of Subject Matter Jurisdiction* (Roats, Richard) |
| 05/08/2023 | 130 | JOINDER by Defendants Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal, Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood joining 85 Reply to Response to Motion, 107 Response(generic),,,, 42 Response to Motion,, . (Wilson, Lincoln) |
| 05/08/2023 | 131 | JOINDER by Defendants Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal, Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, |

| | | |
|---|---|---|
| | | Bruce Withers, Rob Wood, S. Doug Wood joining 127 Motion to Dismiss for Failure to State a Claim *and Lack of Subject Matter Jurisdiction* . (Wilson, Lincoln) |
| 05/08/2023 | 132 | NOTICE by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Attachments: # 1 Declaration of E. Clayne Tyler, # 2 Declaration of Robert Wood)(Wilson, Lincoln) |
| 05/09/2023 | 133 | NOTICE by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Attachments: # 1 Declaration of Chris Topmiller, # 2 Declaration of Mike Duke, # 3 Declaration of Lindsey Blake, # 4 Declaration of Paul Rogers, # 5 Declaration of Trevor Misseldine, # 6 Declaration of Jim Thomas)(Wilson, Lincoln) |
| 05/09/2023 | 134 | NOTICE of Appearance by Lincoln Davis Wilson on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Wilson, Lincoln) |
| 05/09/2023 | 135 | MOTION to Dismiss Lincoln Davis Wilson appearing for Defendants Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Jason Mackrill, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal, Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood. Responses due by 5/30/2023 (Attachments: # 1 Declaration of Jason Mackrill)(Wilson, Lincoln) |
| 05/09/2023 | 136 | NOTICE of Appearance by Brian V Church on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Jason Mackrill, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Church, Brian) |

| 05/09/2023 | [137](#) | NOTICE of Appearance by Timothy Longfield on behalf of Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, County Prosecuting Attorneys, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Jason Mackrill, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood (Longfield, Timothy) |
|---|---|---|
| 05/11/2023 | [138](#) | ERRATA by Defendants Justin Coleman, Matt Fredback, Jason Mackrill, Adam McKenzie, Vic Pearson, Bailey Smith, Bryan Taylor, Erick Thomson, S. Doug Wood re [127](#) Motion to Dismiss for Failure to State a Claim *and Lack of Subject Matter Jurisdiction* . (Wilson, Lincoln) |
| 05/12/2023 | [139](#) | NOTICE by Zachary Pall, Delton Walker, S. Doug Wood (Attachments: # [1](#) Declaration of Zachary Pall, # [2](#) Declaration of S. Douglas Wood, # [3](#) Declaration of Delton Walker) (Wilson, Lincoln) |
| 05/16/2023 | [140](#) | MOTION for Leave to File *Notice of Supplemental Authority* Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 6/6/2023 (Attachments: # [1](#) Notice of Supplemental Authority, # [2](#) Exhibit 1)(Smith, Colleen) |
| 05/19/2023 | [141](#) | MEMORANDUM in Opposition re [127](#) Motion to Dismiss for Failure to State a Claim *and Lack of Subject Matter Jurisdiction*, [135](#) MOTION to Dismiss *and Reply to Opposition to Motion for Preliminary Injunction* filed by Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Replies due by 6/2/2023.(Smith, Colleen) |
| 05/25/2023 | [142](#) | NOTICE of Appearance by Lincoln Davis Wilson on behalf of Raul Labrador, Steve Stephens (Wilson, Lincoln) |
| 05/25/2023 | [143](#) | NOTICE of Appearance by Timothy Longfield on behalf of Raul Labrador, Steve Stephens (Longfield, Timothy) |
| 05/25/2023 | [144](#) | NOTICE of Appearance by Brian V Church on behalf of Raul Labrador, Steve Stephens (Church, Brian) |
| 05/25/2023 | [145](#) | MOTION for Joinder Lincoln Davis Wilson appearing for Defendants Raul Labrador, Steve Stephens. Responses due by 6/15/2023 (Wilson, Lincoln) |
| 06/02/2023 | [146](#) | NOTICE by Raul Labrador, Stanley Mortensen (Attachments: # [1](#) Declaration of Stan Mortensen)(Wilson, Lincoln) |
| 06/02/2023 | [147](#) | REPLY to Response to Motion re [127](#) Motion to Dismiss for Failure to State a Claim *and Lack of Subject Matter Jurisdiction* filed by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Jason Mackrill, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Steve Stephens, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood.Motion Ripe Deadline set for 6/5/2023. (Wilson, Lincoln) |

| 06/09/2023 | [148](#) | Notice of Filing of Official Transcript of Proceedings held on 4/24/23 before Judge B. Lynn Winmill. Court Reporter Tamara Hohenleitner, Email tammy_hohenleitner@id.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. This transcript is not available to the general public and as such is sealed until release of transcript restriction re [100](#) Motion Hearing, Terminate Motions. Redaction Request due 6/30/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/7/2023. (th) |
|---|---|---|
| 06/20/2023 | [149](#) | Joint MOTION to Continue *Deadline for Submission of Litigation and Discovery Plans* Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 7/11/2023 (Smith, Colleen) |
| 06/22/2023 | 150 | DOCKET ENTRY ORDER: finding good cause exists, the Court will grant the parties' Joint Motion to Continue (Dkt. [149](#) ). The Court will further vacate the telephonic scheduling conference scheduled for June 29, 2023, and all corresponding deadlines (Dkt. [98](#) ). Signed by Judge B Lynn Winmill. (eap) |
| 07/07/2023 | [151](#) | MOTION for Leave to File *Notice of Supplemental Authority* Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 7/28/2023 (Attachments: # [1](#) Notice of Supplemental Authority, # [2](#) Exhibit A, # [3](#) Exhibit B)(Smith, Colleen) |
| 07/28/2023 | [152](#) | RESPONSE to Motion re [151](#) MOTION for Leave to File *Notice of Supplemental Authority Notice of Non-Opposition to Motion for Leave to File Notice of Supplemental Authority* filed by Benjamin Allen, Jan Bennetts, Janna Birch, Lindsey Blake, Chris Boyd, Cody Brower, Brad Calbo, Justin Coleman, Mike Duke, Mariah Dunham, Matt Fredback, Alex Gross, Stephen Herzog, Raul Labrador, McCord Larsen, Grant Loebs, Kirk MacGregor, Jason Mackrill, Louis E. Marshall, Adam McKenzie, Trevor Misseldine, Stanley Mortensen, Brian Naugle, Randy Neal(Bonneville County Prosecutor ), Zachary Pall, Vic Pearson, Andrakay Pluid, Paul Rogers, Bailey Smith, Steve Stephens, Lance Stevenson, Bryan Taylor, Mark Taylor, Jim Thomas, Bill Thompson, Erick Thomson, Christopher Topmiller, E. Clayne Tyler, Delton Walker, Bruce Withers, Rob Wood, S. Doug Wood. Replies due by 8/11/2023.(Wilson, Lincoln) |
| 07/31/2023 | [153](#) | MEMORANDUM DECISION AND ORDER - The Medical Providers Motion for Preliminary Injunction (Dkt. [2](#) ) is GRANTED as it pertains to Attorney General Labrador. Plaintiffs Motion for Preliminary Injunction (Dkt. [2](#) ) is DENIED as it pertains to the Idaho State Board of Medicine and the Idaho State Board of Nursing. The Court will DEFER issuing a ruling on any of the individual county prosecuting attorneys. The Medical Providers Motion to Strike (Dkt. [122](#) ) is DENIED. The States Motion to Dismiss (Dkt. [41](#) ) is DENIED as it relates to Attorney General Labrador. The parties shall submit a Litigation Plan and Discovery Plan within14 days of the filing of this Order. Signed by Judge B Lynn Winmill. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lm) |
| 08/01/2023 | [154](#) | NOTICE OF APPEAL 23-35518 as to [153](#) Order by Raul Labrador. Filing Fee Due. $ 505, receipt number AIDDC-2606698. (Notice sent to Court Reporter & 9th Cir) (Wilson, Lincoln) Modified on 8/2/2023, to add USCA case number (jd). |
| 08/02/2023 | [155](#) | Emergency MOTION to Stay re [153](#) Order on Motion to Dismiss,,,, Order on Motion for TRO,,,, Order on Motion to Strike,,, Lincoln Davis Wilson appearing for Defendant Raul Labrador. Responses due by 8/10/2023 (Attachments: # [1](#) Memorandum in Support) |

| | | |
|---|---|---|
| | | (Wilson, Lincoln) Modified on 8/4/2023 (lm) to change the response deadline. Per deo 159. |
| 08/02/2023 | 156 | MOTION to Expedite Lincoln Davis Wilson appearing for Defendant Raul Labrador. Responses due by 8/23/2023 (Wilson, Lincoln) |
| 08/02/2023 | 157 | USCA Case Number 23-35518 for 154 Notice of Appeal, filed by Raul Labrador. (jd) |
| 08/03/2023 | 158 | DOCKET ENTRY ORDER: finding good cause, the Court will grant Defendant's motion to expedite (Dkt. 156 ). Plaintiffs shall file a response to the motion to expedite on or before 8/10/2023. Signed by Judge B Lynn Winmill. (eap). |
| 08/03/2023 | 159 | DOCKET ENTRY ORDER: correcting the Court's previous Order (Dkt. 158 ). Due to the Court granting Defendant's motion to expedite (Dkt. 156 ), Plaintiffs shall file a response to Defendant's emergency motion to stay (Dkt. 155 ) on or before 8/10/2023. Signed by Judge B Lynn Winmill. (eap) |
| 08/04/2023 | | Set/Reset Deadlines as to (Dkt. 155 ) Plaintiff's Response to Defendant's Emergency Motion to Stay is Due by 8/10/2023. Per DEO 159(lm) |
| 08/04/2023 | 160 | ORDER of USCA 23-35518 - The appeal filed August 1, 2023 is a preliminary injunction appeal. Accordingly, Ninth Circuit Rule 3-3 shall apply, as to 154 Notice of Appeal filed by Raul Labrador (lm) |
| 08/09/2023 | 161 | DOCKET ENTRY ORDER: finding good cause exists, Plaintiffs' unopposed Motion for Leave to File (Dkt. 140 ) is GRANTED. Signed by Judge B Lynn Winmill. (eap). |
| 08/09/2023 | 162 | DOCKET ENTRY ORDER: finding good cause exists, Plaintiffs' unopposed Motion for Leave to File (Dkt. 151 ) is GRANTED. Signed by Judge B Lynn Winmill. (eap). |
| 08/10/2023 | 163 | RESPONSE to Motion re 155 Emergency MOTION to Stay re 153 Order on Motion to Dismiss,,,, Order on Motion for TRO,,,, Order on Motion to Strike,,, filed by Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Replies due by 8/24/2023.(Smith, Colleen) |
| 08/10/2023 | 164 | REPLY to Response to Motion re 155 Emergency MOTION to Stay re 153 Order on Motion to Dismiss,,,, Order on Motion for TRO,,,, Order on Motion to Strike,,, *Reply in Support of Motion to Stay in Pending Appeal* filed by Raul Labrador.Motion Ripe Deadline set for 8/11/2023.(Wilson, Lincoln) |
| 08/11/2023 | 165 | TRANSCRIPT REQUEST *Already Completed* by Raul Labrador for proceedings held on 04/24/2023 before Judge B. Lynn Winmill.. (Wilson, Lincoln) |
| 08/11/2023 | 166 | MOTION for Leave to File *Sur-Reply to 155 Emergency MOTION to Stay* Colleen Rosannah Smith appearing for Plaintiffs Caitlin Gustafson, Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky, Darin Weyhrich. Responses due by 9/1/2023 (Attachments: # 1 Sur-Reply)(Smith, Colleen) |
| 08/15/2023 | 167 | MEMORANDUM DECISION AND ORDER - Defendants Emergency Motion for Stay Pending Appeal (Dkt. 155 ) is DENIED as it relates to a request to stay the Courts preliminary injunction against Attorney General Labrador issued July 31, 2023 (Dkt. 153 ).Defendants Emergency Motion for Stay Pending Appeal (Dkt. 155 ) is GRANTED as it pertains to all proceedings, including discovery and all other motions in this case, pending appeal. Signed by Judge B Lynn Winmill. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lm) |

| Transaction Receipt | | | |
|---|---|---|---|
| 08/29/2023 07:34:29 | | | |
| **PACER Login:** | ColleenFunk | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-00142-BLW |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |