# WILMERHALE

March 4, 2024

**Peter G. Neiman**

+1 212 295 6487 (t)
+1 212 230 8888 (f)
peter.neiman@wilmerhale.com

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re:  *Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky, et al., v. Raul R. Labrador, et al.*, No. 23-35518 (Oral Argument March 27, 2024)

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky *et al.* write to inform the Court of the decision in *Peace Ranch, LLC v. Bonta*, --- F.4th ---, 2024 WL 562782 (9th Cir. Feb. 13, 2024), regarding pre-enforcement standing.

In *Peace Ranch*, the Court analyzed whether a mobilehome park had standing in a pre-enforcement challenge to the California Attorney General's interpretation of a rent control statute. The Court held that the test articulated in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), rather than the test established in *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134 (9th Cir. 2000) (en banc), governed. *Peace Ranch*, 2024 WL 562782 at *4; *see* Appellee Br. 27 (ECF No. 34 at 35) (discussing *Thomas*). Under *Driehaus*, pre-enforcement standing requires "an intention to engage in a course of conduct arguably affected with a constitutional interest," that the intended conduct be "arguably … proscribed by [the challenged] statute," and a "substantial" threat of future enforcement. *Peace Ranch*, 2024 WL 562782 at *4 (quoting *Driehaus*, 573 U.S. at 161-164). The Court concluded that the A.G.'s interpretation of the statute and subsequent refusal to disavow enforcement satisfied this framework. *Id.* at *5-6. The plaintiff's merits argument that the statute did not apply to its conduct did not impact pre-enforcement standing because "the substantial threat of enforcement, and not the likelihood that any such enforcement action would ultimately lead to sanctions, drives [the] analysis." *Id.* at *1.

As in *Peace Ranch*, Plaintiffs-Appellees challenge an attorney general's statutory interpretation, which caused them to refrain from engaging in protected conduct. Appellee Br. 26-34. *Peace Ranch* further states that *Driehaus*'s third prong often "rises or falls" on the attorney general's "willingness to disavow." 2024 WL 562782 at *6. Here, AG Labrador has refused to disavow his interpretation of the statute, Appellee Br. 30, and his argument that disavowal is irrelevant because Plaintiffs-Appellees "do not contend that the law itself prohibits their conduct," Appellant Br. 36 (ECF No. 23-1 at 44), contravenes *Peace Ranch*.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

Molly C. Dwyer, Clerk of Court
March 4, 2024
Page 2

Respectfully submitted,

/s/ Peter G. Neiman
Peter G. Neiman

cc: Counsel of record