**STATE OF IDAHO**

OFFICE OF THE ATTORNEY GENERAL

RAÚL R. LABRADOR

March 25, 2024

**Via Electronic Filing**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:  *Planned Parenthood Great Northwest, Hawaii, Alaska, et al. v. Raúl Labrador, et al.*,
Case No. 23-35518
    Scheduled for oral argument on March 27, 2024

Dear Ms. Dwyer,

*FBI v. Fikre* is a voluntary cessation case. The FBI put the petitioner on the No Fly List and took then him off after it was sued. No. 22-1178, slip op. at 1 (U.S. Mar. 19, 2024). The FBI argued the case was moot, but its argument was rejected because, under the facts of the case, its enforcement action could "reasonably be expected to recur." *Id.* at 5–7.

*Planned Parenthood v. Labrador* is not a voluntary cessation case: The Attorney General cannot stop enforcing the Defense of Life Act because he never started. Unlike the FBI in *Fikre*, he never took any action against Appellees—he sent a private opinion to a legislator, the opinion was published without his knowledge, and then he was sued.

Instead, as the Attorney General's previous 28(j) letter discussed, *Planned Parenthood v. Labrador* is a disavowal case. 3-ER-134 ("he has not enforced the interpretation [], is not enforcing it, and will not enforce it"). And because the Attorney General has never enforced the statutory interpretation in question, the Court has no reason to doubt his disavowal. *See* Dkt. #44 at 22 (distinguishing this Court's *Fikre* opinion on this basis).

OFFICE OF THE SOLICITOR GENERAL
P.O. BOX 83720, BOISE, IDAHO 83720-0010
TELEPHONE: (208) 334-2400, FAX: (208) 854-8073
LOCATED AT 514 W. JEFFERSON STREET, 3RD FLOOR

Appellees continue to insist that the Attorney General must disavow not only enforcement of the law but also his previous interpretation of the law. On this point, *Fikre* does shed some light:

> [O]ften a case will become moot even when a defendant vehemently insists on the propriety of the conduct that precipitated the lawsuit. What matters is not whether a defendant repudiates its past actions, but what repudiation can prove about its future conduct.

Slip op. at 8–9 (cleaned up).

Aside from that reminder, *FBI v. Fikre* has no effect on this case. *Fikre* affirmed a Ninth Circuit decision using essentially the Ninth Circuit's reasoning. *See* slip op. at 4–6. The governing law in the Ninth Circuit remains the same as it did before *Fikre* was decided.

*The body of this letter contains 324 words.*

Respectfully submitting,

Alan M. Hurst
Solicitor General
(208) 332-3548
*Counsel for Raúl Labrador, et al.*